IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| BRAC GROUP, INC. (f/k/a Budget Group, Inc.), et al., | Case No. 02-12152 (CGC) |
| Debtors. | (Jointly Administered) |
| BRAC GROUP, INC. (f/k/a Budget Group, Inc.), et al., | |
| Plaintiffs, | 03-A-54271 |
| v. | |
| JAEBAN (U.K.) LIMITED, et al., | **Hearing Date: N/A** |
| Defendants. | **Responses Due: N/A** |

**BRACII'S MOTION TO FILE A SHORT FURTHER SUBMISSION IN SUPPORT OF
ITS MOTION FOR PARTIAL RECONSIDERATION
IN LIGHT OF A NEWLY-PRODUCED DOCUMENT**

Plaintiff Budget Rent-A-Car International, Inc ("BRACII"), by its undersigned counsel, respectfully submits this motion to file the four-page submission, annexed hereto as Exhibit 1, in further support of its Motion for Partial Reconsideration. In support of this Motion, BRACII states as follows:

1.    On August 25, 2004, the Receivers of Jaeban (U.K.) Ltd. ("Jaeban UK") delivered to BRACII's counsel copies of belatedly-produced documents that BRACII had demanded from Mr. Jaeban.

2.    The production includes an October 15, 2003 letter from Jaeban UK's counsel, Ian Weatherall, Esq. of Wragge & Co., to Michael O'Connor of RSM Robson Rhodes

LLP that bears on the anti-assignment clauses at issue in BRACII's Motion for Partial Reconsideration. A copy of the Weatherall letter is attached as Exhibit A to BRACII's further submission.

3. In his October 15, 2003 letter, written after Jaeban UK had alleged material breaches by BRACII in, *inter alia*, its Counterclaims, Mr. Weatherall concluded that Jaeban UK remained bound by the parties' Umbrella Agreement and IPLA, specifically including the parties' "restrictive covenants." The three anti-assignment clauses at issue in the Motion for Partial Reconsideration are examples of such restrictive covenants.

4. Mr. Weatherall's analysis, as counsel for Jaeban UK, of the parties' agreements under English law will assist the Court in its consideration of BRACII's Motion for Partial Reconsideration.

WHEREFORE, BRACII respectfully requests that the Court grant BRACII leave to file the attached further submission.

Dated: August 25, 2004

Respectfully submitted,

**SIDLEY AUSTIN BROWN & WOOD** LLP

Kenneth E. Wile
Bank One Plaza
10 South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000

Counsel for Plaintiff Budget Rent A Car International, Inc.

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

Robert S. Brady (Bar No. 2847)
Edmon L. Morton (No. 3856)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware 19899
(302) 571-6600

**Exhibit 1**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re

BRAC GROUP, INC. (f/k/a Budget Group, Inc.),
et al.,

      Debtors.

BRAC GROUP, INC. (f/k/a Budget Group, Inc.),
et al.,

      Plaintiffs,

v.

JAEBAN (U.K.) LIMITED, et al.,

      Defendants.

Chapter 11

Case No. 02-12152 (CGC)

(Jointly Administered)

03-A-54271

## BRACII'S FURTHER SUBMISSION IN SUPPORT OF ITS MOTION FOR PARTIAL RECONSIDERATION IN LIGHT OF A NEWLY-DISCLOSED DOCUMENT

    Plaintiff Budget Rent-A-Car International, Inc ("BRACII"), by its undersigned counsel, respectfully submits this further submission in support of its Motion for Partial Reconsideration:

    1. On August 25, 2004, the Receivers of Jaeban (U.K.) Ltd. ("Jaeban UK") delivered to BRACII's counsel copies of belatedly-produced documents that BRACII had demanded from Mr. Jaeban.

    2. The production includes an October 15, 2003 letter from Jaeban UK's counsel, Ian Weatherall, Esq. of Wragge & Co., to Michael O'Connor of RSM Robson Rhodes LLP ("Robson Rhodes") that bears on the anti-assignment clauses at issue in BRACII's Motion

for Partial Reconsideration. A copy of Mr. Weatherall's letter is attached as Exhibit A. An

affidavit of BRACII's counsel affirming receipt of the letter is attached as Exhibit B.

       3.    On October 15, 2003, Robson Rhodes partners John Whitfield and Gerald

Smith were apparently under consideration for appointment as joint Administrative Receivers of

Jaeban UK. Their appointment did not occur until October 20, 2003, however.

       4.    By October 15, 2003, Mr. Weatherall and Wragge & Co. were fully aware

that (a) BRACII was insolvent; (b) most of its assets had been sold to Zodiac Europe Ltd.; and

(c) Jaeban UK was claiming material breaches by BRACII in the Counterclaims. Mr. Weatherall

represented Jaeban UK during the negotiations over BRACII's and Jaeban UK's competing

claims in the first half of 2003 and was English counsel to Jaeban UK when it filed its

Counterclaims on August 22, 2003.

       5.    In the letter, Mr. Weatherall responds to Mr. Jaeban's contention that

"neither he or the Company [Jaeban UK]" are "bound by the franchise agreements that he

originally entered into with Budget Rent-A-Car International, Inc."[1]

       6.    Mr. Weatherall rejects this contention. First, he concludes that the

"Umbrella Franchise Agreement and the International Prime License Agreements" did not

terminate "on the insolvency of BRACI or the UK business of BRACI."

       7.    Second, of importance to both to the Reconsideration Motion and the

merits, he concludes that, because "the Company has continued to conduct business as if it is a

franchisee of Budget . . . it [the parties' agreements] has effectively been held over and

---

[1] The sentence reads in full: "Ibraheim Jaeban argues that neither he or the Company are _not_ bound by
the franchise agreements that he originally entered into with Budget Rent-A-Car International Inc.
(BRACI) and is therefore free to operate in his own capacity." (Emphasis added.) The emphasized "not"
is clearly a typographical error.

continued by the parties." Based on this analysis, Mr. Weatherall further concludes that, "As a consequence, the restrictive covenants within the agreements are in my view effective."

8.      The parties' three anti-assignment clauses, Clauses 2.3 and 4.6 of the Umbrella Agreement and Paragraph 12.2(a) of the IPLA, are examples of restrictive covenants that are "effective."

9.      Although Mr. Weatherall does not cite these provisions in analyzing Mr. Jaeban's willingness to breach these Agreements,[2] he does list Paragraph 1.3 of the IPLA as still "effective". Paragraph 1.3 is another provision that required Jaeban UK to obtain BRACII's permission to perform an act. It required Jaeban UK to obtain "Budget's prior written consent" before sublicensing to any person "to perform any part of the Licensee's rights or obligations." Indeed, nothing in Mr. Weatherall's analysis suggests that any provision of the Umbrella Agreement and IPLA has terminated.

10.     By concluding that the parties' restrictive covenants remain in force, this letter partially explains why the Jaeban UK Receivers (advised by Wragge & Co., Mr. Weatherall's firm) were willing to assign Jaeban UK's purported claim to the US$4.5 million escrow to Mr. Jaeban for only £5,000 in upfront money. His conclusion that Jaeban UK had "held over and continued" the Umbrella Agreement and IPLA, establishing BRACII's ratification defense to the Counterclaims, is a further reason. In the letter, Mr. Weatherall accurately describes Mr. Jaeban's position, on behalf of Jaeban UK as "seeking to argue that they can have all the benefit of the franchise agreement without any liabilities."

---

[2] Mr. Weatherall had no reason to discuss the three anti-assignment clauses in October 2003 as the assignment did not occur until February 20, 2004.

11.    In short, Jaeban UK's own counsel advised Jaeban UK and its prospective administrative receivers in writing that Jaeban UK remained bound by the terms of the Umbrella Agreement and IPLA, including restrictive covenants like the three anti-assignment clauses. Mr. Weatherall's analysis is fully consistent with the readiness of English courts to enforce anti-assignment clauses. *See, e.g., Linden Gardens Trust Ltd. v. Lenesta Sludge Disposals Ltd.*, [1994] 1 A.C. 85 (H.L. 1993), and *Bawejem Ltd. v. MC Fabrications Ltd.*, [1999] BCLC 174, [1999] All E.R. (Comm.) 377 (C.A. 1998) (cited in BRACII's Motion for Partial Reconsideration).

12.    Mr. Weatherall's analysis is admissible as evidence of English law and the application of that law to the facts of this case under Rule 9017 of the Federal Rules of Bankruptcy Procedure (incorporating Fed. R. Civ. P. 44.1).

WHEREFORE, BRACII respectfully requests that the Court consider this further submission and hold, consistent with Mr. Weatherall's analysis, that the restrictive covenants prohibiting assignment of Jaeban UK's Counterclaims render the assignment of the Counterclaims to Mr. Jaeban null and void.

Dated: August 25, 2004

**SIDLEY AUSTIN BROWN & WOOD** LLP

Kenneth E. Wile
Bank One Plaza
10 South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000


Counsel for Plaintiff Budget Rent A Car International, Inc.

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

Robert S. Brady (Bar No. 2847)
Edmon L. Morton (No. 3856)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware 19899
(302) 571-6600

**Exhibit A**

Your reference

Our reference    ICW

*Copy to be passed to I.S.*

15 October 2003

M O'Connor
Senior Manager
RSM Robson Rhodes LLP
Chartered Accountants
Centre City Tower
7 Hill Street
Birmingham
B5 4UU

Dear Mick

**Reply to:**
55 Colmore Row
Birmingham B3 2AS
DX 13036 Birmingham 1

3 Waterhouse Square
142 Holborn
London EC1N 2SW
DX 282 LDE

## Jaeban (UK) Limited (the "Company")

It is apparent that following our discussions with Zodiac on 13 and 14 October that Zodiac are not willing to continue to support the Budget franchise in favour of the Company and also do not appear willing to enter into any new franchise agreements with any other corporate entity where Ibraheim Jaeban is involved.

Without the support of Zodiac it is not possible for you as potential receiver to trade the Company as a going concern.

Ibraheim Jaeban has however mentioned to you that he might want to trade through Newco or in his own name from various sites currently operated by the Company. Whilst some of these sites might ultimately be owned by Jaeban, in each instance the Company does at present have a lease or tenancy rights in relation to the business sites.

Ibraheim Jaeban argues that neither he or the Company are not bound by the franchise agreements that he originally entered into with Budget Rent-A-Car International Inc (BRACI) and is therefore free to operate in his own capacity.

Having looked at the Umbrella Franchise Agreement and the International Prime Licence Agreements, I disagree with Ibraheim Jaeban's conclusions.

There is nothing within the structure of either of the above agreements which has caused them to automatically determine on the insolvency of BRACI or the UK business of BRACI. All of the

Rond Point Schuman 9. bte 4
B-1040 Brussels
Belgium

T +44 (0) 870 903 1000
F +44 (0) 870 904 1099
mail@wragge.com
www.wragge.com

Wragge & Co LLP
is registered in
England and Wales as a
Limited Liability Partnership
Registered no. OC304378

Registered office:
55 Colmore Row
Birmingham B3 2AS

Wragge & Co LLP
is regulated by
the Law Society
of England and Wales

A list of members of
Wragge & Co LLP
is open to inspection at
the registered office



In association with
Graf von Westphalen Bappert & Modest    www.westphalen-law.com
Berlin  Brussels  Dresden  Freiburg  Hamburg  Cologne  Leipzig  Munich  Vienna

WRAGGE2 #4151661 v1 [ICW]/[DCR]

LETTER TO
M O'Connor

SHEET NO
2

DATE
15 October 2003

automatic termination provisions relate to franchisees. Therefore, the agreement is arguably still in place.

In any event, even if my above analysis is incorrect, in my view the Company has continued to conduct business as if it is a franchisee of Budget. For example, its vans and office accommodation still carry the Budget logo. It could be said that the Company are seeking to argue that they can have all the benefit of the franchise agreement without any liabilities. I do not think that a Court would interpret matters in this way and are likely to conclude that even if the agreement was capable of termination on the insolvency of BRACI, it has effectively been held over and continued by the parties.

As a consequence, the restrictive covenants contained within the agreements are in my view effective.

As a consequence, the following clauses would need to be taken into account by Ibraheim Jaeban if he is to commence trading as a Newco.

Clause 1.3 prevents any sublicense without the consent of Budget.

Clause 2.3 limits the use of the Budget trademarks to acting in compliance with the franchise agreements. As a consequence there is potential for an intellectual property claim for infringement of this provision.

Clause 2.43 contains a covenant against directly or indirectly soliciting people who are customers of Budget for 2 years following termination.

Coupled to this clause, the Company cannot disclose any part of the operating manual to any person other than its employees.

Clause 11.9 prevents the Company and the Company's beneficial owners (i.e. Ibraheim Jaeban) for a period of 12 months after termination to be engaged or interested in any other vehicle rental business where it would compete with Budget.

Additionally, clause 12.6 imposes a nondisclosure and non-competition clause against all beneficial owners, directors and principal owners of the Company for the 2 years referred to within clause 11.9.

As a consequence of the above terms, if Ibraheim Jaeban or any other directors or beneficial owners of the Company commenced a business in competition to that of Budget, Budget would be entitled to bring proceedings against the relevant individuals for breach of covenant contained within the Franchise Agreements.

As a consequence in my view, you are not able to assist in your capacity as Receiver, Ibraheim Jaeban or any other director or beneficial owner in setting up any competing business. You would not be able to sell any assets or pass any information held by the Company to any Newco involving Ibraheim Jaeban. Clearly you cannot prevent Ibraheim Jaeban undertaking this task but if it could be demonstrated by Budget that you assisted then as Receiver there is a possibility that you could be personally liable as you have assisted in a breach of contract. You cannot rely upon ignorance as you have been informed about the terms of the franchise and agreements.

WRAGGE2 #4151661 v1 [ICWY]/[DCR]

It does appear however that the non-competition clauses do not extend to employees of the Company provided they are not beneficial owners and therefore employees of the Company are not prevented from setting up in competition to Budget.

Should you require any further advice in relation to the content of the Franchise Agreements, please do not hesitate to contact me.

Yours sincerely

**Ian Weatherall**
**Direct dial : 0121 685 2787**
**e-mail: ian-weatherall@wragge.com**

**Exhibit B**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| BRAC GROUP, INC. (f/k/a Budget Group, Inc.), et al., | Case No. 02-12152 (CGC) |
| Debtors. | (Jointly Administered) |
| BRAC GROUP, INC. (f/k/a Budget Group, Inc.), et al., | |
| Plaintiffs, v. | 03-A-54271 |
| Jaeban (U.K.) Limited, *et al.*, | |
| Defendants. | |

### AFFIDAVIT OF KENNETH E. WILE

KENNETH E WILE, being duly sworn, deposes and says:

1.      I am a member of the Illinois and New York bars and a counsel in the Chicago office of Sidley Austin Brown & Wood LLP. I am one of the attorneys representing the Budget Rent A Car International, Inc. ("BRACII") and the other Debtors in the above-captioned adversary proceeding against Jaeban (UK) Limited ("Jaeban UK") and Mr. Ibrahiem Jaeban.

2.      On August 25, 2004, Wragge & Co., English solicitors for the Jaeban UK Receivers and Jaeban UK, delivered two lever arch files to Sidley Austin's London office that included a copy of Mr. Weatherall's October 15, 2003 letter to Michael O'Connor that is Exhibit

A to BRACII's Further Submission in Support of Partial Reconsideration.  A copy of Exhibit A

was sent to me as a .pdf file this morning.

        3.     I initially reviewed the Jaeban UK Receivers' files, including this letter,

on August 13, 2004 at the offices of RSM Robson Rhodes LLP in Birmingham, England.

Although Robson Rhodes personnel indicated that these documents would be delivered to Sidley

Austin's London office by August 18, 2004, they were not delivered until August 25, 2004.

_____
                Kenneth E. Wile

Sworn to before me this
25th day of August 2004

_____
      Notary Public

"OFFICIAL SEAL"
CYNTHIA A. DVORAK
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 1/22/2007

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| BRAC GROUP, INC. (f/k/a Budget Group, Inc.), et al., | Case No. 02-12152 (CGC) |
| Debtors. | (Jointly Administered) |
| BRAC GROUP, INC. (f/k/a Budget Group, Inc.), et al., | |
| Plaintiffs, | 03-A-54271 |
| v. | |
| JAEBAN (U.K.) LIMITED, et al., | |
| Defendants. | |

### ORDER APPROVING BRACII'S MOTION TO FILE A SHORT FURTHER SUBMISSION IN SUPPORT OF ITS MOTION FOR PARTIAL RECONSIDERATION IN LIGHT OF A NEWLY-PRODUCED DOCUMENT

Upon consideration of the motion (the "Motion") of Plaintiff Budget Rent-A-Car International, Inc ("BRACII") to file a four-page submission in further support of its Motion for Partial Reconsideration; and due and sufficient cause appearing therefore, it is hereby

ORDERED, that the Motion is granted.

Dated: _____, 2004    _____
                                                             Honorable Charles G. Case
                                                             United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BRAC GROUP, INC., <u>et al.</u>,[1] | ) | Case No. 02-12152 (CGC) |
| (f/k/a Budget Group, Inc.) | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

## <u>AFFIDAVIT OF SERVICE</u>

| | |
|---|---|
| STATE OF DELAWARE | ) |
| | ) SS |
| NEW CASTLE COUNTY | ) |

      Thomas J. Hartzell, being duly sworn according to law, deposes and says that he is employed by the law firm of Young Conaway Stargatt & Taylor, LLP, attorneys for BRACII, and that on the 25th day of August 2004, he caused a copy of the attached pleading to be served, as indicated, to those parties on the attached service list.

Thomas J. Hartzell

SWORN TO AND SUBSCRIBED before me this _25th_ day of August 2004.

Notary Public

KIMBERLY A. BECK
NOTARY PUBLIC
STATE OF DELAWARE
My commission expires Oct. 1, 2006

---

[1]  The Debtors are the following entities: BRAC Group, Inc., Auto Rental Systems, Inc., BGI Airport Parking, Inc., BGI Shared Services, LLC, BRAC Credit Corporation, BRAC Car Sales, Inc., BRAC Fleet Finance Corporation, BRAC Rent A Car Asia-Pacific, Inc., BRAC Rent A Car Caribe Corporation, BRAC Rent A Car Corporation, BRAC Rent-A-Car International, Inc., BRAC Rent A Car of Japan, Inc., BRAC Rent-A-Car of St. Louis, Inc., BRAC Rent-A-Car of the Midwest, Inc., BRAC Rent-A-Car Systems, Inc., BRAC Sales Corporation, BRAC Storage Corporation, BRAT Move Management, Inc., BRAT Relocation Services, Inc., BRAT TRS, Inc., BVM, Inc., Carson Chrysler Plymouth Dodge Jeep Eagle, Inc., Control Risk Corporation, Dayton Auto Lease Company, Inc., Directors Row Management Company, LLC, IN Motors VI, LLC, Mastering The Move Realty, Inc., Mosiant Car Sales, Inc., NYRAC Inc., Paul West Ford, Inc., Philips Jacobs Insurance Agency, Inc., Premier Car Rental LLC, Reservation Services, Inc., TCS Properties, LLC, Team Car Sales of Charlotte, Inc., Team Car Sales of Dayton, Inc., Team Car Sales of Philadelphia, Inc., Team Car Sales of Richmond, Inc., Team Car Sales of San Diego, Inc., Team Car Sales of Southern California, Inc., Team Fleet Services Corporation, Team Holdings Corp., Team Realty Services, Inc., The Move Shop, Inc., Transportation and Storage Associates, ValCar Rental Car Sales, Inc., Vehicle Rental Access Company, LLC, and Warren Wooten Ford, Inc.

59519 1001

**SERVICE LIST**
**BRACII**
**8/25/2004**

Messrs. John Whitfield & Gerald Clifford Smith
Administrative Receivers of Jaeban (UK) Limited
c/o RSM Robson Rhodes LLP
7 Hill Street, Centre City Tower
Birmingham, B5 4UU UK
***Federal Express (International)***

Larry J. Nyhan, Esq.
Kenneth Wile, Esq.
Sidley Austin Brown & Wood
10 South Dearborn Street, BankOne Plaza
Chicago, IL 60603
(Co-counsel for BRACII)
***First Class Mail***

Ian Weatherall, Esq.
Wragge & Co. LLP
55 Colmore Row
Birmingham B3 2AS, England
(Counsel for Ibrahien Jaeban)
***Federal Express (International)***

Mark D. Collins, Esq.
Rebecca Booth, Esq.
Richards Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
Counsel for Joint Administrators of BRAC
Rent-A-Car International, Inc.
***Hand Delivery***

Brian A. Sullivan, Esq.
Robert D. Wilcox, Esq.
Werb & Sullivan
300 Delaware Avenue, 10th Floor
P.O. Box 25046
Wilmington, DE 19899
(Counsel for Ibrahiem Jaeban)
***Hand Delivery***