IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| BRAC GROUP, INC. (f/k/a Budget Group, Inc.), et al., | ) ) | Case No. 02-12152 (CJC) (Jointly Administered) |
| Debtors. | ) ) | |
| | ) | |
| BRAC GROUP, INC. (f/k/a Budget Group, Inc.), et al., | ) ) | |
| Plaintiffs and Counterclaim Defendants, | ) | Adv. No. 03--54271 |
| v. | ) | |
| JAEBAN (U.K.) LIMITED, And IBRAHIEM JAEBAN | ) ) ) | |
| Defendants and Counterclaim Plaintiffs. | ) ) | |

### IBRAHIEM JAEBAN'S RESPONSE TO BRACII'S MOTION TO COMPEL AND FOR LEAVE TO FILE A TWO-ITEM SUBPOENA ON HSBC BANK PLC

COMES NOW Defendant and Counterclaim Plaintiff Ibrahiem Jaeban ("Mr. Jaeban") and objects to BRACII's Motion To Compel And For Leave To File a Two-Item Subpoena On HSBC Bank PLC (the "Motion"), as follows:

### THE MOTION AT BAR

BRACII seeks two forms of relief in its Motion. First, it seeks the entry of an order compelling the production of all documents withheld under an assertion of attorney-client privilege, on the basis that the Receiver for Jaeban (U.K.) Limited waived the privilege.

1

Secondly, BRACII seeks permission to serve a document request on a third party to this action, HSBC Bank plc. Mr. Jaeban opposes the granting of the first relief, and does not oppose the granting of the second relief, so long as he is entitled to equivalent discovery.

## I. THE ATTORNEY-CLIENT PRIVILEGE BETWEEN THE RECEIVER AND HIS ATTORNEYS HAS NOT BEEN WAIVED

Once again, Mr. Jaeban is being placed at a disadvantage with regard to proceeding fairly with the merits of his counterclaims against BRACII and the other Plaintiffs because of the inaction, or in this case, the action of the Receiver for Jaeban (U.K.) Limited (the "Receiver"). Because the Receiver showed a letter from his attorney at English counsel Wragge & Co., Ian Weatherall, to Mr. Jaeban (the "Weatherall letter"), BRACII argues that the attorney client privilege between the Receiver and his attorneys is waived with regard to this case.

Mr. Jaeban respectfully and vehemently disagrees with BRACII's argument for waiver.[1] First, a waiver did not take place because the Receiver was only showing the Weatherall letter to Mr. Jaeban in Mr. Jaeban's role as president of Jaeban (U.K.) Limited (hereinafter "Jaeban U.K.") It is important to note that Jaeban U.K. continued its corporate existence even after the Receiver was appointed. Indeed, BRACII has consistently argued in this case that the Receiver stands in the shoes of Jaeban U.K. and is merely Jaeban U.K.'s agent.[2] As such, Mr. Jaeban was still an officer of Jaeban U.K., at the time of the receivership, although one without effective control. The letter was

---

[1] It is unfortunate that Mr. Jaeban must argue for the Receiver, since the Receiver is no longer actively participating in this action. There are actually two persons appointed as Receivers for Jaeban (U.K.) Limited. Because they act concurrently and for the sake of clarity, they are referred to collectively as the Receiver.

[2] See, BRACII's Reply Memorandum in Further Support of BRACII's Motion for Further Sanctions and Other Relief (Docket Item No. 66).

2

shown by the Receiver to the president of Jaeban U.K., the very company for which the Receiver was appointed. Accordingly, the Weatherall letter was not disclosed to a third party, and no waiver has taken place.

Second, there has been no waiver by disclosure to a third party because at the time, Wragge & Company represented not only the Receiver, but also Jaeban U.K. The alleged disclosure occurred *prior* to the assignment of the claim from the Receiver to Mr. Jaeban. Since Mr. Jaeban was an officer of Jaeban U.K., the action of the Receiver in showing the Weatherall letter to Mr. Jaeban was not disclosure to a third party and therefore, no waiver occurred.

Furthermore, BRACII is incorrect in arguing that a waiver occurred due to the alleged failure on the part of the Receiver, Jaeban U.K., or Mr. Jaeban to object to the discovery request on the basis of privilege. "It should be noted, however that discovery does have its boundaries and limitations. As the Rule implies, any information that is privileged can be withheld from discovery." *In Re RDM Sports Group, Inc.*, 277 BR 415, at 422 (Bankr. N.D. GA 2002). "Rule 34, unlike Rule 33, which deals with Interrogatories, does not specify that a failure to respond within the time provided will result in a waiver of any objections." Id. at 424.

A finding that there was a waiver of privilege is not appropriate under the facts of this case. The *RDM Sports Group* court noted that a "(w)aiver of privilege is the most extreme sanction that a court can impose for failure to follow the required procedure, and courts should reserve it for cases of unjustifiable delay, inexcusable conduct, and bad faith in responding to discovery requests." Id. at 424, citing Moore's Federal Practice and Procedure, § 26.90 [1]; and *In re Andover Togs, Inc.*, 231 BR 521 (Bankr. S.D. NY

3

1999). The Court further ruled that the defendants were on notice that the plaintiff was objecting to the disclosure of the documents on the basis of the asserted privileges. Id. at 425.

In this case, there is no question that BRACII was aware that *all* of the opposing Parties (Mr. Jaeban, Jaeban U.K. and the Receiver) objected to disclosure of any privileged documents. Further, the Receiver clearly objected to the privileged documents by removing the Weatherall letter from the documents produced to BRACII and informing BRACII that he objected to the production of such privileged documents.[3] As such, BRACII has not been prejudiced. Similarly, the *RDM Sports Group* court ruled that the failure of the plaintiff in that case to more formally assert these types of privileges or to respond timely to a Motion to Compel did not seriously prejudice the defendants. Id. at 425. "A finding of a waiver in this situation appears to the Court to be too severe a sanction for the Plaintiffs' late responses, and the Court prefers to address the issue of the asserted privileges on the merits." Id.

There is no question in this case, that the Weatherall letter, as a communication between Wragge & Co. and the Receiver, is a privileged communication under both English and U. S. law. Accordingly, the merit of the asserted privilege is unquestionable, and one of the strongest and most respected tenants of American jurisprudence. This

---

[3] Mr. Jaeban again respectfully points out to the Court that the issue of obtaining documents from the Receiver has a somewhat tortured history in this case. As has been noted in many of the pleadings in this case, the Receiver did not cooperate with Mr. Jaeban in his efforts to obtain documents in response to the Plaintiffs' discovery requests It is the Receiver that has had control over these documents, although the Receiver has not participated in these proceedings. Once the Receiver finally and reluctantly agreed to make documents non-privileged documents available to Mr. Jaeban and BRACII (at the urging of Mr. Jaeban), the Receiver ultimately objected to the production of the Weatherall letter and other privileged documents by intentionally withholding them and keeping them confidential.

4

Court should not abrogate that privilege in the absence of evidence of the Receiver's clear intention to do so by disclosing the substance of the communication to a third party. No such evidence has been presented to this Court.[4]

The merits of this case do not warrant the extreme sanction sought by BRACII. The court in *RDM Sports Group* citing. *Smith v. MCI Telecommunications,* 124 F.R.D. 665 (D.Kan.1989) and *First Sav. Bank v. First Bank System,* 902 F.Supp. 1356, 1361 (D. Kan.1995). held that "a magistrate judge should have considered the merits of a party's objection to a document request, despite the party's failure to timely respond, because 'the interests embodied in the work product doctrine and the attorney-client privilege are paramount.'" Id. at 424 citing 124 F.R.D. 665, 686-87 (D.Kan.1989). "Similarly, in *First Sav. Bank v. First Bank System, Inc.,* the Court explained that the rule on waiver of a privilege is generally that, while the 'failure to object to a discovery request in a timely fashion may constitute a waiver of the objection….it is within the Court's discretion not to compel discovery which is patently improper.'" Id. at 424 citing , *First Sav. Bank v. First Bank System,* 902 F.Supp. 1356, 1361 (D. Kan.1995). Further, "while a waiver is often imposed as an appropriate sanction for those objections that 'relate solely to the relevance or burdensomeness of the discovery requests ….

---

[4] Additionally, BRACII's argument that the production by the Receiver of Mr. Weatherall's October 15, 2003 letter to the Receiver constituted a waiver of the privilege is fundamentally flawed. The October 15, 2003 Weatherall Letter concerned whether Mr. Jaeban or his new entities could compete with Zodiac, the purchaser of BRACII's European franchises. It has nothing to do with the issues in this case. See Jaeban's Opposition to BRACII"s Motion for Leave to File a Short Further Submission in Support of Its Motion for Partial Reconsideration in Light of a Newly-Produced Document (Docket No. 48). In fact, this Court has already denied BRACII's Motion to have this Court consider this letter (Memorandum Opinion dated May 25, 2004 (Docket No. 55). Furthermore, any argument that Mr. Jaeban's January 30, 2004 letter to the Receiver which apparently refers to the "Weatherall Letter" constitutes a waiver of the privilege also falls flat. First, Mr. Jaeban cannot waive the Receiver's privilege with his attorneys. Secondly, the disclosure by the Receiver to BRACII of the Jaeban letter does not waive the privilege between the Receiver and his attorneys. Finally, the disclosure of the Jaeban letter by the Receiver to BRACII which contained references to Mr. Weatherall was purely inadvertent.

5

[courts] have been more circumspect in finding a waiver of a privilege objection.'" *See also* Godsey v. United States, 133 F.R.D. 111, 113 (S.D.Miss.1990) Id. at 424-425.[5]

Mr. Jaeban respectfully submits that this Honorable Court should follow the careful reasoning in *RDM Sports Group* and rule that the attorney-client privilege has not been waived in any fashion in this case.

## II. THE RECEIVER'S ACTION HAS NOT WAIVED THE ATTORNEY CLIENT PRIVILEGE UNDER APPLICABLE ENGLISH LAW

BRACII alleges in its Motion that "disclosure of advice to an adversary waived any privilege". Motion, page 3. Quite to the contrary, under English law, The Civil Procedure Rules (CPR Rules), which govern litigation in England and Wales, are firm on this point. The Rules state at 31.20:

> "Where a party inadvertently allows a privileged document to be inspected, the party who has inspected the document may use it or its contents **only** with the permission of the court."

A copy of the Rule is attached hereto as Exhibit "A"

Relevant case law clarifies this point further. In *Derby and Co Ltd and others v. Weldon and others* (No. 8) [1990] 3 All ER 762 it was held as follows:

> "Where privileged documents belonging to one party to an action were inadvertently disclosed to, and inspected by, the other side in circumstances such that the inspecting party must have realized that a mistake had occurred but sought to take advantage of the inadvertent disclosure, the court had power under its equitable jurisdiction to intervene and order the inspecting party to return all copies of the privileged documents and to grant an injunction restraining him from using information contained in or derived from the documents, even if it was not immediately obvious that the documents were privileged."

---

[5] Mr. Jaeban explains to the Court in Argument III below that, in fact, Jaeban U.K. did object to the documents sought from the Receiver.

6

A copy of the *Derby* case is attached as Exhibit "B".

In filing its Motion and alleging how the privilege is waived concerning the letters which have <u>inadvertently</u> come to its attention, BRACII is attempting to take unfair advantage under English Law.  Furthermore, BRACII would, in all probability, be compelled to return the letters and any copies it may have under English law.

BRACII's reliance upon the judgment in *Earle v. Medhurst* is flawed for the following reasons:

1. That case specifically addresses the production of a medical report made in a prior unconnected claim for a similar injury.   The defendants in that case commissioned the report in the second claim and would have been seriously disadvantaged without the first medical records report.

2. Specifically in such medical cases it is now established that the Court has the power to order disclosure, unless there are compelling reasons to the contrary.  This, obviously, is not a medical records case.

3. The Earle case is not a reported case and is not cited in any other privilege cases.  *Derby & Co.*, supra, on the other hand, is a frequently cited case decided by the higher authority of the Court of Appeal and is much more persuasive.

There is no question that under English law, the privilege has not been waived, especially under the circumstances of inadvertent disclosure of the Company for which the Receiver was appointed.  Therefore, under English law, the attorney–client privilege in this case between Wragge & Co. and the Receiver is preserved inviolate.

### III.   OBJECTIONS WERE FILED TO THE DISCOVERY DIRECTED TO THE RECEIVER

7

BRACII incorrectly argues and attempts to convince this Court that no objections were filed to the discovery directed at the Receiver. BRACII is dead wrong. The Receiver was not appointed in England for Jaeban U.K. until October 20, 2003. The first Joint Request for Production of Documents was served before that date, on September 29, 2003. After the appointment of the Receiver on October 20, 2003, BRACII filed its Second Joint Request for Production of Documents (the "Second Request"), which was served on November 25, 2003. The Second Request sought to attempt to obtain the documents relevant to the administration of the Receivership. The Receiver, on behalf of Jaeban U.K. filed his Response to the Second Request and pointedly and unequivocally objected to it on December 30, 2003. General Objection #1 states as follows:

> Jaeban objects to the Requests to the extent that they seek to obtain information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable protections or privileges. Jaeban's inadvertent production of any privileged document or information shall not be construed as a general waiver of the privilege. (A Copy of the Receiver's response is attached as Exhibit "C")

Therefore, BRACII's arguments that Jaeban U.K. failed to object to the Request for Production of Documents concerning the Receiver's documents are incorrect. As such, no waiver of the privilege has occurred.

### IV. THE FACT THAT BRACII IS SEEKING LEAVE TO SERVE A SUBPOENA ON A THIRD PARTY SUPPORTS MR. JAEBAN'S REQUEST FOR LEAVE TO SERVE HIS OWN DISCOVERY REQUESTS

Mr. Jaeban does not directly contest the application by BRACII to serve a limited

subpoena on HSBC Bank plc ("HSBC").  In fact, Mr. Jaeban has asked the Court to recognize the necessity of additional discovery, in part because the Plaintiffs' claim against him on an alleged personal guaranty was filed for the first time **after** the expiration of the discovery period.[6]  Mr. Jaeban submits that BRACII's requests are prima facie evidence that the parties were overly ambitious previously in agreeing to such a time-limited discovery schedule, given the increasingly complex nature of this proceeding.  As noted in Mr. Jaeban's Motion for Order Reopening Limited Discovery Period (Docket Item No. 61) and his Motion to Extend Time Deadlines in Revised Pre-Trial Scheduling Order (Docket Item No. 47), there are compelling reasons why the Court should extend the discovery period as to both sides in this case.

It should not be forgotten that it is the Debtors who filed this adversary action against Jaeban U.K.  Having filed the action, BRACII should not be heard to complain that this Court should rush to judgment in this case, on an almost unbearably expedited schedule, in order to accommodate BRACII.  It is important to note that it was BRACII that called off the depositions in England, not Mr. Jaeban and it was BRACII that agreed to the establishment of the escrow in order to proceed with its sale.[7]  The long and short of it is that Mr. Jaeban submits that the Court should allow both BRACII and Mr. Jaeban to complete discovery in an expeditious but complete fashion. The additional relevant facts that may be developed should enable the Court to have the complete record before it so that it can render a full and fair decision on the merits.

---

[6] Mr. Jaeban's position on additional discovery is set forth more completely in his Motion for Order Reopening Limited Discovery (Docket Item No. 51) and, in particular, his related Reply memorandum (Docket Item No.65).

[7] Nothing in Judge Walrath's Sale Order which established the escrow ordered that the matter be resolved on an expedited basis in a schedule more favorable to the Debtors.

9

WHEREFORE, Mr. Jaeban requests that the Court enter an order

(a) Denying BRACII's Motion to Compel in its entirety,

(b) Granting BRACII's Motion to File a Two-Item Subpoena on HSBC Bank plc under the conditions set forth above, and

(c) Providing such other and further relief as is just and equitable.

Dated: October 7, 2004

                                              Respectfully submitted

                                              WERB & SULLIVAN

                                              /s/ Brian A. Sullivan
                                              Brian A. Sullivan (#2098)
                                              Robert D. Wilcox (#4321)
                                              Amy D. Brown (#4077)
                                              300 Delaware Ave., 13th Floor
                                              Wilmington, Delaware 19899
                                              Telephone: (302) 652-1100
                                              Facsimile: (302) 652-1111

                                              Attorneys for Ibrahiem Jaeban