## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | |
| BRAC GROUP, INC., *et al.*, | Case No. 02-12152 (RB) |
| Debtors. | Bk. Adv. Proc. 03-54271 (RB) |

| | |
|---|---|
| BRAC GROUP, INC., *et al.*, | |
| Plaintiffs-Appellees, | |
| v. | Civil Action No. 05-259-KAJ |
| IBRAHIEM JAEBAN, | |
| Defendant-Appellant. | |

### JOINT MOTION TO EXPEDITE APPEAL

Plaintiff-Appellee Budget Rent-A-Car International, Inc ("BRACII") and

Defendant-Appellant Ibrahiem Jaeban, by their undersigned counsel, respectfully move the Court

for an Order granting expedited treatment of Mr. Jaeban's appeal from the Bankruptcy Court's

December 14, 2004 Memorandum Opinion (Exhibit A, *infra*) and January 13, 2005 Order

(Exhibit B, *infra*) striking his counterclaims in this adversary proceeding and its March 9, 2005

Memorandum Opinion and Order denying reconsideration (Exhibit C, *infra*) (collectively, the

"Appealed Rulings"). For purposes of this Motion only, the parties stipulate as follows:

### INTRODUCTION

1.      Expedited treatment is in the interests of comity and justice. Since

January 2003, BRACII's affairs have been managed by Administrators appointed by the High

Court of Justice in England.[1] If the Bankruptcy Court's decision to strike the counterclaims is

---

[1] BRACII is a Delaware corporation and a debtor in the Budget Rent-A-Car ("Budget") bankruptcy, *In re BRAC Group, Inc.*, Case No. 02-12152 (JLP). Because BRACII managed Budget overseas operations from England, the High Court of Justice exercised its jurisdiction to appoint Gurpal Singh Johal and Simon V. Freakley as Administrators. BRACII is the sole Budget Debtor with an interest in this appeal.

affirmed, the Administrators will be able to distribute US$4.5 million that has been set aside in a restricted bank account in Chicago since March 2003 as a "cure amount" pursuant to Court order in response to Mr. Jaeban's claims. BRACII's administrators urgently seek the authority to make that distribution. In return for BRACII's agreement to a stay of the Bankruptcy Court's Order, Mr. Jaeban agreed to join BRACII in seeking an expedited decision on appeal, and he also desires a speedy resolution of his appeal. A copy of the agreed April 21, 2005 Stay Order is attached as Exhibit D.

2.    Expedited consideration should impose a very limited burden on the Court. The parties seek only to shorten the time for briefing and to obtain an early argument date. Moreover, the merits of the appeal are consistent with expedited treatment. The record is not extensive, and the appeal is limited to the Bankruptcy Court's decisions to strike Mr. Jaeban's counterclaims and deny his motion for reconsideration. *See* Exs. A-C.

**RELIEF REQUESTED**

3.    The parties respectfully request that the Court:

    a.    direct that the parties adhere to the following briefing schedule:

        i.    Mr. Jaeban's opening brief shall be served and filed by May 26, 2005;

        ii.    Appellees' brief shall be filed by June 15, 2005;

        iii.    Mr. Jaeban's reply brief shall be filed by June 27, 2005; and

    b.    schedule oral argument of the appeal as soon after the completion of briefing as the District Court's schedule permits.

**STATEMENT OF FACTS**

**The $4,500,000 Cure Amount**

4.    The facts and the argument set forth below are for purposes of this Motion only and are submitted without prejudice to either party.

5.    Until the first quarter of 2003, BRACII managed the Budget business

2

enterprise in Europe, Africa, and the Middle East from its headquarters in England. *See* Affidavit of Gurpal Singh Johal, ¶ 3 (attached *infra* as Exhibit E).

6.     Until October 2003, Defendant Jaeban (U.K.) Limited ("Jaeban UK") was the largest U.K. franchisee of Budget.

7.     In the first quarter of 2003, BRACII's Administrators sold part of the assets and business of BRACII as a going concern to Avis Europe p.l.c. ("Avis Europe"). In the sale agreement, BRACII provided Avis Europe the option of assuming BRACII's licensee agreements with Jaeban UK.

8.     In reconciling its accounts with licensees, BRACII asserted that Jaeban UK owed BRACII £3 million. Jaeban UK disagreed and asserted that BRACII owed Jaeban UK US$4.5 million for breaches of the parties' agreements. Because BRACII and Jaeban UK were unable to settle their claims, BRACII was ordered to set aside $4.5 million in a restricted account as a "cure amount" under Section 365(b)(1) of the Bankruptcy Code, 11 U.S.C. § 365(b)(1), to permit Avis Europe to assume the Jaeban UK contracts.

9.     On March 12, 2003, BRACII deposited the $4,500,000 cure amount at Harris Bank in Chicago, where it remains pursuant to the Bankruptcy Court's Order pending the disposition of Mr. Jaeban's counterclaims. Johal Aff., ¶¶ 6-8.

**Proceedings in the Bankruptcy Court**

10.     In their initial pleadings, BRACII and Jaeban UK set forth their respective breach of contract claims. BRACII claimed that Jaeban UK owed BRACII £3,006,090.10; Jaeban UK counterclaimed against BRACII for $4,500,000. Jaeban UK later assigned its counterclaims to its former principal, Mr. Jaeban.

11.     On December 14, 2004, the Bankruptcy Court granted BRACII's motion to strike Mr. Jaeban's counterclaims. *See* Ex. A, *infra*. On January 13, 2005, the Court entered the parties' agreed form of Order (Ex. B, *infra*) striking Mr. Jaeban's counterclaims and

3

permitting BRACII to withdraw the $4,500,000 cure amount from the restricted account.

12.    On January 24, 2005, Mr. Jaeban filed a motion for reconsideration. In a Memorandum Opinion and Order dated March 3, 2005, the Bankruptcy Court denied Mr. Jaeban's motion. *See* Ex. C, *infra*. Thereafter, on March 17, 2005, Mr. Jaeban filed a timely Notice of Appeal from the Appealed Rulings.

13.    On May 9, 2005, the parties received notification letters from the Court-appointed Mediator, Kevin Gross, Esq. and have agreed to seek a mediation date in early June.

## ARGUMENT

14.    BRACII's Administrators urgently request expedited treatment of this appeal. If the Bankruptcy Court's decision is affirmed, BRACII's Administrators will be able to distribute the $4.5 million in restricted funds as soon as it is logistically possible to do so. *See* Johal Aff., ¶ 12. This distribution will also greatly assist the Administrators in winding up the administration of the BRACII estate under English law; this proceeding is one of only two substantial matters that have prevented BRACII's Administrator's from terminating the administration. *See id.*, ¶¶ 9-11.

15.    Mr. Jaeban also desires the speediest possible resolution of his appeal. Mr. Jaeban has recurring health issues and would also benefit from an expedited decision.

16.    In seeking expedited treatment, the parties have sought to minimize the burden on the Court. Because the parties have already agreed to obtain a prompt mediation schedule, they are seeking only an expedited briefing schedule and an early argument date.

WHEREFORE, the parties respectfully request that the Court enter an Order:

a.    directing that the parties adhere to the briefing schedule set forth above and in the attached Order; and

b.    scheduling oral argument of the appeal as soon after the completion of briefing as the District Court's schedule permits.

4

Dated:  May 19, 2005

**SIDLEY AUSTIN BROWN & WOOD** LLP

Larry J. Nyhan
Kenneth E. Wile
Bank One Plaza
10 South Dearborn Street
Chicago, Illinois  60603
(312) 853-7000

Respectfully submitted,

**YOUNG CONAWAY STARGATT &
TAYLOR, LLP**

Robert S. Brady (Bar No. 2847)
Edmon L. Morton (No. 3856)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware  19899
(302) 571-6600

Counsel for Plaintiffs-Appellees BRAC
Group, Inc., *et al.*

**WERB & SULLIVAN**

Brian A. Sullivan (Bar No. 2098)
Robert D. Wilcox (No. 4321)
Amy D. Brown (No. 4077)
300 Delaware Avenue, 13th Floor
P.O. Box 25046
Wilmington, Delaware  19899
(302) 652-1100

Counsel for Defendant-Appellant Ibrahiem
Jaeban, as Assignee of Jaeban (U.K.), Ltd.

WP3:1113937.1                    59519.1021

**Exhibit A**



**UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE**

DEC 1 4 2004

UNITED STATES
BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| BRAC GROUP, INC. (f/k/a BUDGET | ) | |
| GROUP, INC., *et al.*, | ) | Case No. 02-12152 (CGC) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |
| BRAC GROUP, INC. (f/k/a BUDGET | ) | |
| GROUP, INC., *et al.*, | ) | |
| | ) | |
| Plaintiffs and Counterclaim Defendants, | ) | |
| | ) | Adversary No. 03-54271 (CGC) |
| v. | ) | |
| | ) | |
| JAEBAN (U.K.) LIMITED, | ) | |
| | ) | |
| Defendant and Counterclaim Plaintiff. | ) | |

**MEMORANDUM OPINION**

Robert S. Brady
Edmon L. Morton
Joseph A. Malfitano
Matthew B. Lunn
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899

- and -

Larry J. Nyhan
Kenneth E. Wile
Sidley Austin Brown & Wood LLP
Bank One Plaza
10 South Dearborn Street
Chicago, IL 60603

Attorneys for Debtors and Debtors-in-Possession

December 14, 2004

Brian A. Sullivan
Amy D. Brown
Werb & Sullivan
300 Delaware Ave., 10th Floor
Wilmington, DE 19801

Attorneys for Ibrahiem Jaeban, Assignee
of Defendant Jaeban (U.K.) Limited

CASE, J.

## I.    INTRODUCTION

Before the Court are several discovery related motions brought by both Debtor, BRAC

Rent-A-Car International, Inc. ("BRACII") and Defendant Ibrahiem Jaeban ("Defendant" and/or

"Mr. Jaeban"):[1]

    1.    Defendant/Counterclaim Plaintiff Ibrahiem Jaeban's Motion to Extend Deadlines
           in Revised Pre-Trial Scheduling Order and Memorandum in Support;

    2.    BRACII's Motion for Further Sanctions and Other Relief Due to Mr. Jaeban's
           Multiple Failures to Comply with the Court's May 25, 2004 Order; and

    3.    Defendant/Counterplaintiff Ibrahiem Jaeban's Motion for Order Reopening
           Limited Discovery.

The Court took these matters under advisement after the presentation of oral argument on

September 21, 2004.

## II.    ANALYSIS

In its May 25, 2004, Memorandum Decision, this Court extended the discovery cutoff

date from January 30, 2004, to June 18, 2004, and ordered Mr. Jaeban to respond to Plaintiff

BRACII's Second Request for Production of Documents (served on November 26, 2003) and to

respond to concerns raised by Plaintiffs in a letter dated December 12, 2003, regarding gaps in

Mr. Jaeban's November production of documents.  Further, the Decision stated that "[f]ailure to

meet this deadline will result in an order prohibiting Mr. Jaeban from introducing into evidence

(or using in any other way) any documents not so produced and prohibiting testimony from any

---

[1]In the interests of brevity, the Court refers to its May 25, 2004, Memorandum Decision for a
somewhat detailed summary of the dispute between the parties and the prior proceedings in this
case.

2

witnesses not produced for deposition. This is without prejudice to BRACII seeking other sanctions that may be appropriate under the circumstances after the discovery period has lapsed." Subsequently, the parties agreed to a revised pretrial scheduling order extending, *inter alia*, the date to complete depositions to August 23, 2004. To date, the depositions have not been completed and discovery remains outstanding.

For his part, Mr. Jaeban now seeks an extension of August 23, 2004, deposition deadline and the dispositive motion deadlines, stating summarily that a variety of "unanticipated discovery and logistical issues" have arisen preventing compliance with the pretrial scheduling order. BRACII does not object to a sixty day continuance to complete the depositions and to brief any dispositive motions. However, BRACII requests the Court not adopt paragraph 2 of Mr. Jaeban's form of order directing the parties to confer within twenty days of the order for the purpose of submitting a proposed revised scheduling order. Instead, BRACII believes the Court should first consider BRACII's motion for sanctions against Mr. Jaeban and Mr. Jaeban's motion to reopen limited discovery, as resolution of those motions may have a bearing on any potential revised scheduling order.

BRACII's renewed motion for sanctions stems from Mr. Jaeban's failure to comply with the Court's May 25, 2004, Memorandum Opinion ("May 25th Order"), quoted *supra*, requiring Mr. Jaeban to respond by June 18, 2004, to BRACII's second document request and explain various gaps in his November responses to BRACII's document request. According to BRACII, after the June 18 deadline and the August depositions in England, Mr. Jaeban disclosed "two large document collections – one at the offices of the Receivers of Jaeban (U.K.) Limited ('Jaeban UK') and the other at his former business headquarters, 'Welcome House' in Oldbury,

3

England." These documents were not then actually produced until late August to BRACII. BRACII represents that some of the documents received are highly relevant to the issues in this case and now necessitate further "third-party discovery that should have occurred months ago." BRACII complains that additional documents produced belatedly the night before Mr. Jaeban's deposition contain important information that should have been produced in November, 2003, pursuant to BRACII's first request for production.

Mr. Jaeban contends he did comply with the May 25th Order, producing what he had and could get by the June 18th deadline. In nearly the same breath, however, he acknowledges turning over previously undisclosed documents well past the deadline, explaining simply that he did not believe the documents were in fact responsive to the requests but that he felt compelled to do so to avoid further discovery disputes.[2] He further argues that with respect to some of the documents, the receiver was in control and refused to turn over the documents despite Mr. Jaeban's requests.

It is important to put this matter in context. The Defendant here faced the guillotine once previously for failing to follow Court orders on a number of issues. At that time, the Court considered whether the drastic sanction of dismissal requested by BRACII was appropriate under the Third Circuit's standards in *Poulis v. State Farm Fire & Cas. Co,* 747 F.2d 863 (3d Cir. 1984). Concluding in the negative, the Court then set out sanctions in the form of new deadlines

---

[2] This argument then raises the question, if Mr. Jaeban was truly acting with an abundance of caution by turning these materials over, why did he not also turn them over within the Court-ordered time line to avoid *any* potential discovery related dispute with respect to them? His argument seems hollow at best. The fact that some of the documents were in fact deemed relevant by BRACII, a contention not disputed by Mr. Jaeban, further undermines Mr. Jaeban's argument that they were not responsive or relevant.

4

and requirements and specifically advised Mr. Jaeban that failure to comply would lead to certain explicit sanctions with the possibility of other sanctions in the appropriate circumstances.

The essence of BRACII's sanction's motion is enough is enough. The Court finds merit in this position, especially in light of the prior sanction proceedings leading up the May 25th Order. The June 18th deadline was established, for lack of a better term, as a "second chance" for Mr. Jaeban to comply with BRACII's discovery requests, actively participate in the case and respond to BRACII's motion for sanctions against Mr. Jaeban for "failing to obtain Delaware counsel, comply with the Court's scheduling order, or advance" the proceeding. The sanction BRACII sought in its original motion was dismissal of Mr. Jaeban's answer, affirmative defenses, and counterclaims. The Court declined to impose such a drastic sanction in light of its conclusion that Mr. Jaeban's failure to participate in the case up to that point, respond to discovery and comply with the Court's orders was a result of the Administrative Receiver in England, over which Mr. Jaeban and Jaeban UK had no control.

The failure to comply with the June 18th deadline, however, cannot now be similarly shrugged off on the receiver. Mr. Jaeban must take responsibility for his own actions, or lack of action as the case may be, to comply with the May 25th Order or, at minimum, properly inform BRACII and this Court of what he was doing in an attempt to comply with the Order. This is especially true in light of the fact that Mr. Jaeban was, post-May 25th Order, warned that his failure to comply with the deadline would result in sanctions and that he was therefore, so to speak, under the microscope. The Court also finds lacking Mr. Jaeban's record of what actions he took with respect to the Receiver and when. It appears, from the record Mr. Jaeban has provided, that he and his counsel did not contact the Receiver until after the June 18th deadline

5

had already passed. Paragraph 4 of Mr. Wilcox's affidavit indicates that he and Mr. Jaeban did not contact the receiver until August 4. And, once this contact was made, Mr. Jaeban had the documents produced nearly a week later to BRACII on August 12.

Further, the fact that the subsequently stipulated revised pre-trial scheduling order did not alter the June 18th discovery response deadline highlights Mr. Jaeban's failure to keep everyone, including the Court and BRACII, abreast of the alleged problems he was having. If Mr. Jaeban were having trouble getting responses to BRACII's discovery by the June 18th deadline, why was an extension of that deadline not included in the revised pre-trial scheduling order or, at a minimum, at least discussed while agreeing to the new schedule?

For sanctions, BRACII requests either the dismissal of Mr. Jaeban's counterclaims or termination of the escrow, either of which spell the death knell for Mr. Jaeban's case. BRACII also seeks a full, written explanation by Mr. Jaeban as to whether Price Waterhouse Coopers attempted to comply with BRACII's document requests and whether Mr. Jaeban can account for all of the documents that were available to, but not produced by, Price Waterhouse Coopers or Wragge & Co. to BRACII in November, 2003. Further, it seeks an order from this Court finding Mr. Jaeban's recent documents requests untimely. Last, BRACII seeks its fees in sending U.S. counsel to England in August to pursue the deposition schedule and for filing this motion.

To determine if dismissal is appropriate, the *Poulis* factors need to be re-examined in light of current facts..

      1.     "Extent of a party's personal responsibility." Mr. Jaeban argues that the delays are the fault of the receiver. That does not wash; in particular, the failure to take

6

any action prior to the deadline lies directly at Mr. Jaeban's feet. This factor is now clearly in BRACII's favor.

2.    "Prejudice to BRACII."   BRACII is a post-confirmation debtor seeking to wind up its affairs. Delay is necessarily undesirable. This issue has now been pending a year. While it is true that the sanctions awarded in the last Order were intended to ameliorate any prejudice to BRACII and that, perhaps, a new set of sanctions could be tailored to do the same in the current context, there is no basis to believe that Mr. Jaeban will abide by those rules any more than he has abided by the previous ones. Thus, this issue tilts in BRACII's favor.

3.    "History of dilatoriness." While there previously was no such history, now there clearly is. This factor is in BRACII's favor.

4.    "Whether the conduct of the party or the attorney was willful or in bad faith." The Court cannot conclude on this record that Mr. Jaeban's conduct was in bad faith but it is fair to conclude that it was wilful. No reasonable explanation has been given why the Court-ordered deadlines were ignored, particularly in light of the prior motion. Mr. Jaeban clearly had knowledge of the consequences and failed to act. This factor is in BRACII's favor.

5.    "The effectiveness of sanctions other than dismissal." Alternative sanctions have already been assessed, apparently without effect. There is little basis to conclude that the result would be different this time around. This factor is in BRACII's favor.

7

6.  "The meritoriousness of the claim or defense." There was no record prior to entry

of the previous Order on this issue.  Now, the record contains letters from English

counsel questioning the underpinnings of Mr. Jaeban's claims.  However, the

Court has not looked in detail at the merits of either's side contentions.

Therefore, this factor is at best neutral for Mr. Jaeban and at worst slightly in

favor of BRACII.

In sum, the record now supports dismissal of the counterclaim and release of the escrow

as appropriate sanctions for non-compliance.  First Jaeban UK and now Mr. Jaeban, as assignee

of this claim, have been given a more than adequate opportunity to pursue it vigorously and

consistent with the Court's directive and failed to do so.  Therefore, sanctions of dismissal of the

counterclaim and release of the escrow shall be imposed.

As a result of this ruling, the other pending motions are moot.  A form of order is to be

submitted under certification of counsel.

Charles G. Case II
United States Bankruptcy Judge

8

**Exhibit B**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| BRAC GROUP, INC. (f/k/a Budget Group, Inc.), *et. al.*, | Case No. 02-12152 (JLP) |
| Debtors. | (Jointly Administered) |
| BRAC GROUP, INC. (f/k/a Budget Group, Inc.), *et al*, | |
| Plaintiffs, | 03-A-54271 (CGC) |
| v. | |
| Jaeban (U.K.) Limited, *et al*, | |
| Defendants. | |

## ORDER

Upon consideration of (a) Defendant/Counterclaim Plaintiff Ibrahiem Jaeban's

Motion to Extend Deadlines in Revised Pre-Trial Scheduling Order (Docket No. 47); (b) Motion

for Further Sanctions and Other Relief Due to Mr. Jaeban's Multiple Failures to Comply with the

Court's May 25, 2004 Order of Plaintiff-Counterclaim Defendant Budget Rent-A-Car

International, Inc. ("BRACII") (Docket No. 50); and (c) Defendant/Counterclaim Plaintiff

Ibrahiem Jaeban's Motion for Order Reopening Limited Discovery (Docket No. 51); (d) all

memoranda and exhibits filed in connection with the foregoing motions; and (e) oral argument

made by the parties' counsel on September 21, 2004; it is hereby ORDERED:

1.    For the reasons set forth in its December 14, 2004 Memorandum Opinion (Docket No. 73), the Court hereby grants BRACII's Motion for Further Sanctions and Other Relief. As sanctions, the Court:

    (a)    Dismisses with prejudice all counterclaims asserted by Jaeban UK or Mr. Jaeban against BRACII in this adversary proceeding;

    (b)    Pursuant to Paragraph 13 of the Court's February 24, 2003 Order in Case No. 02-12152 (JLP) (Docket No. 2633) approving the sale of assets of BRAC Rent-A-Car Corporation and BRACII to Avis Europe plc, overrules Jaeban UK's Unresolved Cure Objection;[1]

    (c)    Directs that all funds held in Cure Account No. 194-461-0 at Harris Trust and Savings Bank in Chicago, Illinois or otherwise segregated at any financial institution on account of Jaeban UK's Unresolved Cure Objection against Debtors or of any other claims asserted by Jaeban UK or Mr. Jaeban against any or all of the Debtors in Case No. 02-12152, be transferred or otherwise made available to BRACII forthwith;

    (d)    Authorizes BRACII to take all steps necessary to obtain use of such funds in accordance with the terms of this Order.

2.    For the reasons set forth in its December 14, 2004 Memorandum Opinion, the Court hereby denies as moot (i) Defendant/Counterclaim Plaintiff Ibrahiem Jaeban's Motion to Extend Deadlines in Revised Pre-Trial Scheduling Order and (ii) Defendant/Counterclaim Plaintiff Ibrahiem Jaeban's Motion for Order Reopening Limited Discovery.

---

[1] Jaeban UK's Unresolved Cure Objection (as defined in the Court's February 24, 2003 Order) is set forth in a faxed Objection dated February 13, 2003 and restated in Jaeban UK's Counterclaims and Mr. Jaeban's Amended Counterclaims.

2

3.    The Court hereby stays the effective date of this Order until the expiration of ten days after this Order is entered on the Docket or such further time, if any, as may be agreed by Mr. Jaeban and BRACII or granted by further Order of this Court. In the event that Mr. Jaeban files a motion to reconsider, alter, or amend this Order before the expiration of the stay granted in the preceding sentence, the effective date of this Order shall be further stayed until 4:00 p.m. Eastern Time on the second business day after the date on which the Court enters an Order on the Docket resolving such motion.

Dated: January 12, 2005

CHARLES G. CASE, II
UNITED STATES BANKRUPTCY JUDGE

3

**Exhibit C**

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | )    Chapter 11 |
| BRAC GROUP, INC. (f/k/a BUDGET | ) |
| GROUP, INC., *et al.*, | )    Case No. 02-12152 (CGC) |
| | )    Jointly Administered |
| Debtors. | ) |
| | ) |
| BRAC GROUP, INC. (f/k/a BUDGET | ) |
| GROUP, INC., *et al.*, | ) |
| | ) |
| Plaintiffs and Counterclaim Defendants, | )    Adversary No. 03-54271 (CGC) |
| | ) |
| v. | )    rdahd #78 |
| | ) |
| JAEBAN (U.K.) LIMITED, *et al.*, | ) |
| | ) |
| Defendant and Counterclaim Plaintiff. | ) |
| | ) |

## MEMORANDUM DECISION AND ORDER

Robert S. Brady
Edmon L. Morton
Joseph A. Malfitano
Matthew B. Lunn
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899

- and -

Larry J. Nyhan
Kenneth E. Wile
Sidley Austin Brown & Wood LLP
Bank One Plaza
10 South Dearborn Street
Chicago, IL 60603

Attorneys for Debtors and Debtors-in-Possession

March 4, 2005

Brian A. Sullivan
Amy D. Brown
Werb & Sullivan
300 Delaware Ave., 10th Floor
Wilmington, DE 19801

Attorneys for Ibrahiem Jaeban, Assignee
   of Defendant Jaeban (U.K.) Limited

**CASE, J.**

Before the Court is Defendant Ibrahiem Jaeban's motion to reconsider, and related pleadings, this Court's January 13, 2005, Order, which was entered in accordance with the Court's December 14, 2004, Memorandum Opinion addressing several discovery related motions brought by both Debtor, BRAC Rent-A-Car International, Inc. ("BRACII") and Defendant Ibrahiem Jaeban ("Defendant" and/or "Mr. Jaeban"):

1. Defendant/Counterclaim Plaintiff Ibrahiem Jaeban's Motion to Extend Deadlines in Revised Pre-Trial Scheduling Order and Memorandum in Support;

2. BRACII's Motion for Further Sanctions and Other Relief Due to Mr. Jaeban's Multiple Failures to Comply with the Court's May 25, 2004 Order; and

3. Defendant/Counterplaintiff Ibrahiem Jaeban's Motion for Order Reopening Limited Discovery.

Pursuant to the January, 2005, Order, the Court sanctioned Mr. Jaeban by dismissing with prejudice all counterclaims asserted by Jaeban UK and Mr. Jaeban against BRACII in adversary 03-54271, approving the sale of assets of BRAC Rent-A-Car Corporation and BRACII to Avis Europe plc, transferring all funds formerly segregated and held pending resolution of various objections to the sale by Jaeban UK and Mr. Jaeban to BRACII, and authorizing BRACII to take all necessary steps to obtain use of the funds in accordance with the Order. The Order further ruled moot Mr. Jaeban's motion to extend and motion to reopen discovery. These sanctions stemmed from Mr. Jaeban's failure to comply with an earlier Memorandum Decision issued in May of 2004.

According to Mr. Jaeban, this Court "misinterpreted the facts on which it based the order" and the evidence did not support such extreme sanctions. Reconsideration may be justified

2

where movant can show "1. an intervening change in controlling law; 2. the availability of new evidence; or 3. the need to correct clear error [of law] or prevent manifest injustice." *See North River Ins. Co. v. Cigna Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir. 1995). Mr. Jaeban satisfies none of these points.

In its May 25, 2004, Memorandum Decision, this Court extended the discovery cutoff date from January 30, 2004, to June 18, 2004, and ordered Mr. Jaeban to respond to Plaintiff BRACII's Second Request for Production of Documents (served on November 26, 2003) and to respond to concerns raised by Plaintiffs in a letter dated December 12, 2003, regarding gaps in Mr. Jaeban's November production of documents. Further, the Decision stated that "[f]ailure to meet this deadline will result in an order prohibiting Mr. Jaeban from introducing into evidence (or using in any other way) any documents not so produced and prohibiting testimony from any witnesses not produced for deposition. This is without prejudice to BRACII seeking other sanctions that may be appropriate under the circumstances after the discovery period has lapsed." Subsequently, the parties agreed to a revised pretrial scheduling order extending, *inter alia*, the date to complete depositions to August 23, 2004. As of the date the Court issued its December, 2004, Memorandum Decision, the depositions had not been completed and discovery remained outstanding.

As a result, BRACII sought sanctions for Mr. Jaeban's failure to respond by the June 18, 2004, deadline and to explain various gaps in his November responses to BRACII's document request. Further, according to BRACII, after the June 18 deadline and the August depositions in England, Mr. Jaeban disclosed two large document collections that BRACII considered highly relevant to the issues in this case and that now necessitated further "third-party discovery that

3

should have occurred months ago." BRACII complained that these belatedly produced documents contain important information that should have been produced back in November, 2003, pursuant to BRACII's first request for production.

After consideration of all the pleadings before the Court and the arguments at hearing, the Court agreed with BRACII and issued further sanctions in its December, 2004, Memorandum Opinion and January, 2005, Order from which Mr. Jaeban now seeks reconsideration.

Several arguments Mr. Jaeban raises are simply a regurgitation of what he already presented to the Court in his response to BRACII's motion for sanctions. For example, this Court already considered and rejected Mr. Jaeban's argument that BRACII's Second Joint Request for Production of Documents related solely to documents within the possession of the Receiver and, therefore, beyond his reach. The Court expressly found Mr. Jaeban's cooperation lacking, as well as his "record of what actions he took with respect to the Receiver and when." Similarly, the fact that Jaeban UK had in fact filed an objection to the Second Joint Request for Production of Documents was raised by Mr. Jaeban and known to this Court at the time of its December, 2004, Memorandum Decision. Further, any confusion or uncertainty on Mr. Jaeban's part as to whether the Court's Order was overruling the objections or not was something Mr. Jaeban should have sought clarification on if needed. When under the microscope as he was, there is no explanation for why he chose to rely on the pending objections of Jaeban UK and not either respond to the discovery as ordered by the Court or seek clarification from the Court.

Mr. Jaeban also complains throughout his motion to reconsider that he could not control the Receiver or Jaeban UK at various points in time and, as such, should essentially be excused for not only failing to comply with this Court's Order, but also in not keeping this Court or

4

BRACII advised of what he was doing in attempting to comply. A fair reading of this Court's December, 2004, Memorandum Decision clearly indicates that the sanctions against Mr. Jaeban were not simply for one or two failures to comply or produce certain information, which he characterizes as events beyond his control. The sanctions were imposed for Mr. Jaeban's overall carelessness in not only complying with this Court's instructions but also in failing to keep BRACII and this Court apprised of what he was in fact doing in a good faith attempt to comply. The record reflects that Mr. Jaeban failed to take seriously this Court's earlier warnings and elected, instead, to perhaps do as little as possible and blame his lack of diligence on Jaeban UK or the Receiver's representatives.

Further, the fact remains that Mr. Jaeban and Mr. Wilcox did not seem to seriously attempt contact with the Receiver until after the Court's June 18th discovery response deadline. Serious effort should have been done before the deadline. And, once it was done, documents were in fact turned over, a fact that significantly diminishes Mr. Jaeban's argument that he had no control over getting some of these documents. Apparently, all it took was an email. Moreover, the documents ultimately disclosed, according to BRACII, were highly relevant and necessitated additional discovery that should have occurred months earlier. Whether this conclusion by BRACII is ultimately true is irrelevant where Mr. Jaeban has not challenged the relevancy or responsiveness of the documents to BRACII's request for production.

As to Mr. Jaeban's argument that this Court's Order "deprives him of all rights to discovery on [BRACII's] personal guaranty claim against him," the Court clarifies that this is not the case. All of the proceedings to date in this matter have related to Mr. Jaeban's position as assignee of Jaeban UK's counterclaims against BRACII, and not to BRACII's personal guaranty

5

claims against Mr. Jaeban. Therefore, the sanctions imposed in the January 13 Order, and reaffirmed herein, are against Mr. Jaeban only to the extent he is the assignee of Jaeban UK. The Court's sanction Order was only directed at the counterclaims. It was not directed at the liability of Jaeban UK under its primary liability, except to the extent of the Court's other prior Order granting BRACII partial summary judgment against Jaeban UK and requiring turnover of the £327,944.09. Further, the Order did not, and the Court did not intend the Order to, deal with BRACII's claims against Mr. Jaeban on the personal guaranty. Mr. Jaeban has whatever defenses he believes he has to the guaranty claim and those are unaffected by the Court's January 13, 2005, Order or this Order. If BRACII elects to continue pursuing the personal guaranty claim, the parties are ordered to meet and confer regarding a discovery schedule on the claim and request the Court set a Rule 16(b) Scheduling Conference.[1]

Last, the Court agrees with BRACII that Mr. Jaeban's attempt to bolster his earlier arguments with new affidavits is not permitted on reconsideration. Motions for reconsideration are not meant to allow the disappointed party a second bite at the apple.

For the foregoing reasons, Mr. Jaeban's motion for reconsideration is denied and the Court finds a hearing unnecessary.

Charles G. Case II
United States Bankruptcy Judge

---

[1]Such scheduling conference shall not take place before this Judge, as this Judge's tenure as a visiting judge with the Delaware Court has expired.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re | Chapter 11 |
| BRAC GROUP, INC. (f/k/a Budget Group, Inc.), *et al.*, | Case No. 02-12152 (JLP) |
| Debtors. | (Jointly Administered) |
| BRAC GROUP, INC. (f/k/a Budget Group, Inc.), *et al.*, | |
| Plaintiffs, | Adv. No. 03 –54271 (CGC) |
| v. | |
| JAEBAN (U.K.) LIMITED, *et al.*, | |
| Defendants | |

**STIPULATED ORDER STAYING PROVISIONS**
**OF JANUARY 13, 2005 ORDER PENDING APPEAL**

WHEREAS, on March 17, 2005, Defendant, Ibrahiem Jaeban ("Mr. Jaeban"), as

Assignee of Jaeban (U.K.) Limited filed a Notice of Appeal from this Court's Memorandum

Decision dated December 16, 2004 (Docket No. 73) and Orders dated January 13, 2005 (Docket

No. 76), and March 9, 2005 (Docket No. 83) (the "Appealed Orders");

WHEREAS, Mr. Jaeban has agreed to the provisions of Paragraph 2 of this Order

as consideration for the agreement of Plaintiff Budget Rent-A-Car International, Inc. ("BRACII")

to a stay of Paragraphs 1(c) and 1(d) of the Court's January 13, 2005 Order; it is hereby

ORDERED AND DECREED AS FOLLOWS:

1.     Paragraphs 1(c) and 1(d) of the Court's January 13, 2005 Order shall be stayed on the following terms:

      a.     The stay shall continue in effect until the time for Mr. Jaeban to appeal from the opinion, decision or other order of the United States District Court for the District of Delaware resolving his appeal has expired.

      b.     In the event that Mr. Jaeban files a timely notice of appeal from the disposition of the matter by the District Court, Paragraphs 1(c) and 1(d) shall continue to be stayed until the United States Court of Appeals for the Third Circuit issues an opinion, judgment order, or other decision or order resolving Mr. Jaeban's appeal.

      c.     In the event that the Court of Appeals affirms any of the relief granted in Paragraphs 1(c) and 1(d) of the Court's January 13, 2005 Order or resolves the appeal other than by vacating the relief set forth in those paragraphs, the stay set forth in this Paragraph shall expire ten business days after such action by the Court of Appeals without regard to the date of the issuance of the mandate by the Court of Appeals.

      d.     For purposes of this Paragraph, disposition or resolution of an appeal by Mr. Jaeban includes a decision by the District Court or the Court of Appeals that appellate jurisdiction is lacking over Mr. Jaeban's claims, in which case the remaining provisions of this Paragraph 1 shall still apply.

2.     This Court takes notice of Mr. Jaeban's agreement to join with BRACII in filing a Motion to Expedite the appeal of the Appealed Orders by requesting that the District Court:

a.    expedite the mandatory mediation of appeals from this Court required by the District Court's July 23, 2004 Standing Order;

b.    not suspend the briefing schedule set forth in Fed. R. Bankr. P. 8009 pending the conclusion of mediation;

c.    schedule any oral argument of the appeal as soon after the completion of briefing as the District Court's schedule permits.

3.    This Court takes further notice of Mr. Jaeban's agreement that, in the event of an appeal by Mr. Jaeban to the Court of Appeals, Mr. Jaeban shall join BRACII in requesting by motion or otherwise similar relief reasonably necessary to expedite consideration and a decision of his appeal.

IT IS SO ORDERED this 21st day of April, 2005.

_____
United States Bankruptcy Judge

Agreed as to form:

WERB & SULLIVAN
Brian A. Sullivan (#2098)
Robert D. Wilcox (#4321)
Amy D. Brown (#4077)
300 Delaware Avenue, 13th Avenue
Wilmington, DE 19899
Telephone: (302) 652-1100
Facsimile: (302) 652-1111

Attorneys for Ibrahiem Jaeban, as
Assignee of Jaeban (U.K.), Ltd.

YOUNG CONAWAY STARGATT
& TAYLOR, LLP
Robert S. Brady    (#2847)
Edmon L. Morton    (#3856)
Matthew B. Lunn    (#4119)
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware  19899
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

SIDLEY AUSTIN BROWN &
WOOD LLP
Kenneth E. Wile
Bank One Plaza
10 South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-2081
Facsimile: (312) 853-7036

Attorneys for Budget Rent-A-Car
International, Inc.

**Exhibit E**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

In re

BRAC GROUP, INC., _et al.,_

           Debtors.

Case No. 02-12152 (RB)

Bk. Adv. Proc. 03-53271 (RB)

---

BRAC GROUP, INC., _et al.,_

           Plaintiffs-Appellees,

v.

IBRAHIEM JAEBAN,

           Defendant-Appellant.

Civil Action No. 05-259-KAJ

### AFFIDAVIT OF GURPAL SINGH JOHAL

I, Gurpal Singh Johal, of 10 Fleet Place, London EC4M 7RB England, Make Oath and Say as follows:

1.     I am a Partner in the Corporate Advisory & Restructuring Group of Kroll, resident in England. My areas of professional expertise include acting as administrator and liquidator of insolvent companies under the statutes applicable to each process in England and Wales.

2.     The facts and matters deposed to herein are either within my own knowledge and are true or are derived from the documents, books and records of plaintiff-appellant Budget Rent-A-Car International, Inc. ("BRACII") and the same are true to the best of my knowledge information and belief.

3.     BRACII is a Delaware corporation that formerly had its principal place of business in Hemel Hempstead, England. Until the first quarter of 2003, BRACII was responsible

for managing the Budget Rent-A-Car ("Budget") franchise network and other aspects of the Budget business enterprise in Europe (including the United Kingdom), Africa and the Middle East.

4. On 14 January, 2003, Simon Vincent Freakley and I were appointed joint administrators of BRACII by an order of the High Court of Justice.

## The US$4,500,000 Cure Amount

5. On 26 February 2003, the United States Bankruptcy Court for the District of Delaware granted BRACII's motion and entered an Order (the "February 2003 Sale Order") to approve *inter alia* the sale of most of BRACII's assets and business as a going concern to Avis Europe plc. and Zodiac Europe Limited, an entity controlled by Avis Europe plc. I refer to these entities collectively as "Avis Europe" below.

6. In accordance with Paragraph 13 and Schedule B of the February 2003 Sale Order, we deposited US$4,500,000 of the Avis Europe sale proceeds in a restricted "cure" account at Harris Bank in Chicago on March 12, 2003 on account of claims asserted by BRACII's licensee, Jaeban (U.K.) Limited ("Jaeban U.K.").

7. I understand that Jaeban UK filed its $4,500,000 bankruptcy claim as counterclaims against BRACII in this adversary proceeding.

8. The $4,500,000 cure amount, plus interest, remains in the Harris Bank account in Chicago.

**Status of the Administration of BRACII**

9.      Apart from minor, essentially ministerial matters, the termination of the administration of BRACII is dependent on the resolution of two pending lawsuits: a trademark case in Germany and the Jaeban UK adversary proceeding.

10.     The German lawsuit, *Budget Rent-A-Car International Inc. v. Sixt AG and Sixt GmbH & Co. Autovermietung KG* – Nos. 4HK08409/97 & 6UI893/98, is pending in the Regional Court in Munich. The Court has found that the defendants are liable to BRACII for misuse of the Budget trademark. BRACII's German counsel has informed me that a final decision as to the quantum of damages to be awarded to BRACII may be rendered within the next five months.

11.     Once the Sixt AG lawsuit and the Jaeban UK adversary proceeding are resolved, it will be possible for the Administrators to take steps to terminate the administration of BRACII (and its attendant expense).

12.     If BRACII is able to withdraw the $4,500,000 from the Harris Bank account prior to resolution of the *Sixt AG* lawsuit, we intend to make an interim distribution to BRACII's U.S. and overseas creditors from those funds as soon as it is logistically possible to do so.

s/ Gurpal Singh Johal

SWORN at London                              }
this _____ day of _____, 2005          }
Before me                                    }
Solicitor                                    }

3

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

In re

BRAC GROUP, INC., *et al.*,

         Debtors.

Case No. 02-12152 (RB)

Bk. Adv. Proc. 03-53271

---

BRAC GROUP, INC., *et al.*,

         Plaintiffs-Appellees,

v.

IBRAHIEM JAEBAN,

         Defendant-Appellant.

Civil Action No. 05-259-RB

## ORDER

This matter having come before the Court on the parties' Joint Motion to Expedite Appeal, and the Court having been advised of the premises,

IT IS HEREBY ORDERED as follows;

1.      Pursuant to Paragraph 3 of the Court's July 23, 2004 Standing Order, the briefing of this appeal shall not be stayed pending the conclusion of the mediation. The parties shall adhere to the following briefing schedule:

        a.      Mr. Jaeban's opening brief shall be served and filed on or before May 26, 2005;

        b.      Appellees' brief shall be filed on or before June 15, 2005;

        c.      Mr. Jaeban's reply brief shall be filed on or before June 27, 2005.

1

                                     

    2.    Oral argument of this appeal shall be heard at _____ on

_____, 2005.

Dated:  May ___, 2005

                                            _____

                                            United States District Judge

## CERTIFICATE OF SERVICE

I hereby certify that on **May 19, 2005,** I electronically filed a true and correct copy of the **Joint Motion to Expedite Appeal** with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Brian A. Sullivan, Esq.
Robert D. Wilcox, Esq.
Werb & Sullivan
300 Delaware Avenue, 10th Floor
Wilmington, DE 19801
(Counsel for Jaeban (U.K.) Limited, et al.)

I further certify that on **May 19, 2005,** I caused a copy of **Joint Motion to Expedite Appeal** to be served by as indicated, on the counsel on the attached service list.

Margaret B. Whiteman (No. 4652)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6753
mwhiteman@ycst.com
bankruptcy@ycst.com

*Attorneys for BRAC II*

CORE GROUP SERVICE LIST
BRACII
10/14/2004

Messrs. John Whitfield & Gerald Clifford Smith
Administrative Receivers of Jaeban (UK) Limited
c/o RSM Robson Rhodes LLP
7 Hill Street, Centre City Tower
Birmingham, B5 4UU UK
*Federal Express (International)*

Steve Allen, Esq.
Mills & Reeve
54 Hagley Road
Edgbaston
Birmingham B16 8PE, England
Counsel for Jaeban UK Limited
*Federal Express (International)*
*& Electronic Mail*

Mark D. Collins, Esq.
Rebecca Booth, Esq.
Richards Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(Counsel for Joint Administrators of BRAC)
(Rent-A-Car International, Inc.)
*Hand Delivery*

Brian A. Sullivan, Esq.
Robert D. Wilcox, Esq.
Werb & Sullivan
300 Delaware Avenue, 10th Floor
P.O. Box 25046
Wilmington, DE 19899
(Counsel for Ibrahiem Jaeban)
*Hand Delivery*
*& Electronic Mail*

Ian Weatherall, Esq.
Wragge & Co. LLP
55 Colmore Row
Birmingham B3 2AS, England
(Counsel for Receivers of Jaeban)
*Federal Express (International)*
*& Electronic Mail*

Kenneth E. Wile, Esq.
Sidley Austin Brown & Wood
10 South Dearborn Street, BankOne Plaza
Chicago, IL 60603
(Co-counsel for BRACII)
*First Class Mail*
*& Electronic Mail*