# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re | Case No. 02-12152 (RB) |
| BRAC GROUP, INC., *et al.*, | Bk. Adv. Proc. 03-54271 (RB) |
| Debtors. |  |

|  |  |
|---|---|
| BRAC GROUP, INC., *et al.*, |  |
| Plaintiffs-Appellees, |  |
| v. | Civil Action No. 05-259-KAJ |
| IBRAHIEM JAEBAN, |  |
| Defendant-Appellant. |  |

## COMPENDIUM OF UNREPORTED DECISIONS CITED IN
## BRIEF OF APPELLEE BUDGET RENT-A-CAR INTERNATIONAL, INC.

**SIDLEY AUSTIN BROWN & WOOD**

Larry J. Nyhan
Melville W. Washburn
Kenneth E. Wile
Bank One Plaza
10 S. Dearborn
Chicago, IL 60603

Counsel for Debtors and Debtors-in-Possession
BRAC Group, Inc., et al.

**YOUNG CONAWAY STARGATT &
TAYLOR, LLP**

Robert S. Brady (Bar No. 2847)
Edmon L. Morton (No. 3856)
Joseph A. Malfitano (No. 4020)
Matthew B. Lunn (No. 4119)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware  19899-0391
(302) 571-6600

# **EXHIBIT 1**

LEXSEE 1999 U.S. DIST. LEXIS 15977

## AGENOR V. MONDESIR v. TRANS UNION

### CIVIL ACTION NO. 98-5989

### UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

*1999 U.S. Dist. LEXIS 15977*

**October 15, 1999, Decided**
**October 18, 1999, Filed**

**DISPOSITION:** [*1] Defendants' Motion For Sanctions GRANTED and action DISMISSED.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Defendant moved for sanctions seeking dismissal for plaintiff's failure to engage in discovery and to allow the case fairly to proceed to resolution, after plaintiff commenced the action in the Philadelphia Municipal Court, alleging that defendant issued a bad credit report which prevented him from obtaining a loan.

**OVERVIEW:** Defendant moved for sanctions seeking dismissal for plaintiff's failure to engage in discovery and allow the case to proceed to resolution, after plaintiff commenced suit, alleging that defendant issued a bad credit report, which prevented him from obtaining a loan. After plaintiff failed to provide discovery or offer any justification for 48 days, filing no response to the motion seeking dismissal, the court held there was evidence that plaintiff, proceeding pro se when the discovery requests were served and defendant's first motion to compel was filed, had been aware of the discovery requests and his obligation to provide responses. Plaintiff bore responsibility for the failure properly to litigate the action and his violation of the federal rules and court orders was persistent and flagrant. It resulted in a significant delay and diversion of resources, without justification, making impossible the proper and efficient litigation of the action, meriting dismissal.

**OUTCOME:** Defendant's motion granted and plaintiff's action dismissed, because plaintiff's violation of the federal rules and court orders was persistent and flagrant, and he bore responsibility for the failure properly to litigate the action, meriting sanction.

**LexisNexis(R) Headnotes**

*Civil Procedure > Sanctions > Discovery Misconduct*
[HN1] A court may dismiss an action as a sanction against a party who fails to obey an order to provide discovery. Fed. R. Civ. P. 37(b)(2)(C).

*Civil Procedure > Sanctions > Discovery Misconduct*
[HN2] A court may dismiss an action as a sanction against a party who fails to comply with the Federal Rules of Civil Procedure, including discovery rules, or any order of the court. See Fed. R. Civ. P. 41(b).

*Civil Procedure > Sanctions > Discovery Misconduct*
*Civil Procedure > Dismissal of Actions > Involuntary Dismissal*
[HN3] A court has the inherent power to dismiss a case that cannot be disposed of expeditiously because of the willful inaction or dilatoriousness of a party.

*Civil Procedure > Sanctions > Discovery Misconduct*
*Civil Procedure > Dismissal of Actions > Involuntary Dismissal*
[HN4] In assessing a motion to dismiss as a sanction, a court generally considers the so-called Poulis factors, including the extent of the party's responsibility for the failure properly to litigate; prejudice to the adverse party; any history of dilatoriness by the recalcitrant party; the willfulness of the offending conduct; the adequacy of any other sanctions; and, the merit of the underlying

1999 U.S. Dist. LEXIS 15977, *

claims. Not all of the Poulis factors need be satisfied to warrant such a sanction.

*Civil Procedure > Sanctions > Discovery Misconduct*
[HN5] The inability during the allotted discovery period to obtain even basic information from a plaintiff regarding his claim is clearly prejudicial to a defendant in his attempt to defend against and obtain a prompt resolution of a lawsuit.

*Civil Procedure > Sanctions > Discovery Misconduct*
[HN6] In the absence of a satisfactory explanation, the persistent failure to honor discovery obligations and court orders must be viewed as a willful effort to evade and frustrate discovery.

*Civil Procedure > Sanctions > Discovery Misconduct*
[HN7] A monetary sanction should be commensurate with and likely to deter the type of violation at issue.

*Civil Procedure > Sanctions > Discovery Misconduct*
*Civil Procedure > Sanctions > Baseless Filings*
[HN8] The meritoriousness of a claim must be determined from the face of the pleadings.

**COUNSEL:** For AGENOR V. MONDESIR, PLAINTIFF: ALEX H. PIERRE, PICARD LOSIER AND ASSOCIATES, PHILA, PA USA.

AGENOR V. MONDESIR, PLAINTIFF, Pro se, PHILADELPHIA, PA.

For TRANS UNION, DEFENDANT: BRUCE S. LUCKMAN, MARION, SATZBERG, TRICHON & KOGAN, P.C., CHRISTOPHER N. JONES, MARION, SATZBERG, TRICHON, KOGAN & WERTHEIMER, P.C., TIMOTHY P. CREECH, MARION, SATZBERG, TRICHON, KOGAN & WERTHEIMER, PHILAELPHIA, PA USA.

**JUDGES:** JAY C. WALDMAN, J.

**OPINIONBY:** JAY C. WALDMAN

**OPINION: MEMORANDUM ORDER**

Plaintiff commenced this action in the Philadelphia Municipal Court on October 6, 1998, alleging that defendant issued a "bad credit report" which prevented him from obtaining a loan. Defendant Removed the action to this court.

Presently before the court is defendants' Motion for Sanctions seeking dismissal as a sanction for plaintiff's failure to engage in discovery and to allow the case fairly to proceed to resolution.

Despite two court orders directing plaintiff to do so, he has failed without explanation to respond to various discovery requests served by defendant over ten months ago. By order of August 27, 1999, the court denied an earlier motion of defendant for dismissal as a sanction without prejudice to renew if plaintiff failed within twenty days to respond to the outstanding discovery requests or otherwise to show good cause why appropriate sanctions including dismissal should not be imposed. It has now been 48 days and plaintiff has still failed to provide discovery or to offer any justification therefor. He has filed no response [*2] to the instant motion seeking dismissal.

[HN1] A court may dismiss an action as a sanction against a party who fails to obey an order to provide discovery. See *Fed. R. Civ. P. 37(b)(2)(C)*. [HN2] A court may dismiss an action as a sanction against a party who fails to comply with the Federal Rules of Civil Procedure, including discovery rules, or any order of the court. See *Fed. R. Civ. P. 41(b)*. [HN3] A court also has the inherent power to dismiss a case that cannot be disposed of expeditiously because of the willful inaction or dilatoriousness of a party. See *Chambers v. NASCO, Inc., 501 U.S. 32, 34, 115 L. Ed. 2d 27, 111 S. Ct. 2123 (1991); Link v. Wabash R.R. Co., 370 U.S. 626, 630-32, 8 L. Ed. 2d 734, 82 S. Ct. 1386 (1962)*. See also [HN4] *Hewlett v. Davis, 844 F.2d 109, 114 (3d Cir. 1988)*.

In assessing a motion to dismiss as a sanction, a court generally considers the so-called Poulis factors. See *Harris v. Philadelphia, 47 F.3d 1311, 1330 n.18 (3d Cir. 1995); Anchorage Assoc. v. V.I. Bd. of Tax Review, 922 F.2d 168, 177 (3d Cir. 1990); Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988);* [*3] *Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1987).* n1 Not all of the Poulis factors need be satisfied to warrant such a sanction. See *Hicks, 850 F.2d at 156.*

n1 These factors include the extent of the party's responsibility for the failure properly to litigate; prejudice to the adverse party; any history of dilatoriness by the recalcitrant party; the willfulness of the offending conduct; the adequacy of any other sanctions; and, the merit of the underlying claims.

There is evidence that plaintiff, who was proceeding pro se when the discovery requests were served and defendant's first motion to compel was filed, has been aware of the discovery requests and his obligation to provide responses. He thus bears or shares responsibility for the failure properly to litigate this action.

[HN5] The inability during the allotted discovery period to obtain even basic information from a plaintiff regarding his claim is clearly prejudicial to a defendant in his attempt [*4] to defend against and obtain a prompt resolution of a lawsuit. See *Adams v. Trustees, N.J. Brewery Trust Fund, 29 F.3d 863, 874 (3d Cir. 1994)* (prejudice encompasses deprivation of information from non-cooperation with discovery as well as the need to expend resources to compel discovery).

Defendant is not complaining about an isolated breach. Plaintiff has been totally recalcitrant in honoring his discovery obligations and court orders directing him to do so. [HN6] In the absence of a satisfactory explanation, the persistent failure to honor discovery obligations and court orders must be viewed as "a willful effort to evade and frustrate discovery." *Morton v. Harris, 628 F.2d 438, 440 (5th Cir. 1980)* (Rule 37(b)(2)(C) dismissal warranted for continuing failure to comply with court ordered discovery). See also *Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991)* (Rule 41(b) dismissal warranted where plaintiff fails to engage in discovery); *McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir. 1988)* (Rule 37(b)(2)(C) dismissal warranted for failure to comply with court discovery order); *Williams v. Kane, 107 F.R.D. 632, 634 (E.D.N.Y. 1985)* [*5] (plaintiff's claim dismissed pursuant to Rules 37(b)(2)(C) & 41(b) for failure to provide court ordered discovery); [HN7] *Booker v. Anderson, 83 F.R.D. 284, 289 (N.D. Miss. 1979).*

A monetary sanction should be commensurate with and likely to deter the type of violation at issue. See *National Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643, 49 L. Ed. 2d 747, 96 S. Ct. 2778 (1976).* Plaintiff appears to be a person of limited means. Any meaningful monetary sanction, even one relatively modest to an individual of means, would, if collectible, likely rival dismissal in palatability.

[HN8] The meritoriousness of a claim must be determined from the face of the pleadings. See *C.T. Bedwell Sons v. International Fidelity Ins. Co., 843 F.2d 683, 696 (3d Cir. 1988); Poulis, 747 F.2d at 870.* This factor is thus of limited practical utility in assessing dismissal under Rule 37 or 41. If a claim as alleged lacks merit, it would generally be subject to dismissal under Rule 12(b)(6) without the need to weigh other factors. In any event, it is difficult conscientiously to characterize a claim as meritorious when the claimant refuses [*6] to subject it to scrutiny through the normal discovery process. n2

> n2  The court notes that defendant's representation that at a conference before the late Judge Gawthrop "plaintiff effectively conceded that the derogatory information on his Trans Union report was accurate" is uncontroverted.

Plaintiff's violation of the federal rules and court orders has been persistent and flagrant. It has resulted in a significant delay and diversion of resources. There is an absence of any justification. Plaintiff invoked the judicial process and then effectively thwarted discovery, making impossible the proper and efficient litigation of this action.

The pertinent factors weigh significantly in favor of dismissal.

**ACCORDINGLY,** this 15th day of October, 1999, upon consideration of defendants' Motion For Sanctions (Doc. # 14) and in the absence of any response from plaintiff, **IT IS HEREBY ORDERED** that said Motion is **GRANTED** and the above action is **DISMISSED.**

**BY THE COURT:**

**JAY C. WALDMAN,** [*7]  **J.**

# **EXHIBIT 2**

LEXSEE 2004 U.S. DIST. LEXIS 12783

**DIGENE CORPORATION, Plaintiff, v. VENTANA MEDICAL SYSTEMS and BECKMAN COULTER INC., Defendants.**

**Civil Action No. 01-752 KAJ**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE**

*2004 U.S. Dist. LEXIS 12783*

**July 6, 2004, Decided**

**PRIOR HISTORY:** *Digene Corp. v. Ventana Med. Sys., 316 F. Supp. 2d 174, 2004 U.S. Dist. LEXIS 8070 (D. Del., 2004)*

**DISPOSITION:** [*1] Plaintiff's motion for partial reconsideration of May 7, 2004 order denied.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff patent holder filed a case alleging direct patent infringement by defendant medical systems. The holder amended its complaint and named defendant corporation as an additional defendant. The corporation moved to compel arbitration and to stay the proceedings. The court directed the parties to arbitrate the claims against the corporation and stayed the case pending the outcome of arbitration. The holder moved for partial reconsideration.

**OVERVIEW:** The holder suggested that the court alter the order to stay the arbitration pending the outcome of the litigation against the medical services so as to prevent inconsistent rulings and unnecessary duplication of efforts by the parties. The holder had not directed the court to any authority to support its contention that re-sequencing the proceedings served the interests of judicial economy. The medical services pointed out that the Federal Arbitration Act required the underlying litigation to be stayed if there was any issue referable to arbitration, and that an arbitration agreement must have been enforced notwithstanding the presence of other persons who were parties to the underlying dispute but not to the arbitration agreement. When a party requested a stay of the proceeding as part of its motion to compel arbitration, the district court was obligated under *9*

*U.S.C.S. § 3* to grant the stay once it decided to order arbitration. The court found that the law was clear that, because the corporation's motion was granted, the remainder of the case had to be stayed pending the outcome of the arbitration between the holder and the corporation.

**OUTCOME:** The motion for partial reconsideration of the court's order was denied.

**LexisNexis(R) Headnotes**

*Civil Procedure > Relief From Judgment > Motions to Alter & Amend*
[HN1] The United States District Court for the District of Delaware, through published case law, has developed rules that govern motions for reargument under U.S. Dist. Ct., D. Del., R. 7.1.5. These governing principles are simply stated: (1) reargument should be granted only when the merits clearly warrant and should never be afforded a litigant if reargument would not result in an amendment of an order; (2) the purpose of reargument is to permit the court to correct error without unduly sacrificing finality; (3) grant of the reargument motion can only occur in one of three circumstances: (a) where the court has patently misunderstood a party, (b) where the court has made a decision outside the adversarial issues presented to the court by the parties, or (c) where the court has made an error not of reasoning but of apprehension; and (4) a motion for reargument may not be used by the losing litigant as a vehicle to supplement or enlarge the record provided to the court and upon which the merits decision was made unless new factual matters not previously obtainable have been discovered since the issue was submitted to the court.

2004 U.S. Dist. LEXIS 12783, *

*Civil Procedure > Relief From Judgment > Motions to Alter & Amend*
[HN2] A motion for reargument under U.S. Dist. Ct., D. Del., R. 7.1.5 is the functional equivalent of a motion to alter or amend judgment under Fed. R. Civ. P. 59(e).

*Civil Procedure > Alternative Dispute Resolution > Federal Arbitration Act*
[HN3] The Federal Arbitration Act requires the underlying litigation to be stayed if there is any issue referable to arbitration, *9 U.S.C.S. § 3.*

*Contracts Law > Contract Conditions & Provisions > Arbitration Clauses*
[HN4] An arbitration agreement must be enforced notwithstanding the presence of other persons who are parties to the underlying dispute but not to the arbitration agreement.

*Contracts Law > Contract Conditions & Provisions > Arbitration Clauses*
*Civil Procedure > Alternative Dispute Resolution > Validity of ADR Methods*
[HN5] Federal law requires piecemeal resolution when necessary to give effect to an arbitration agreement.

*Civil Procedure > Entry of Judgments > Stay of Proceedings & Supersedeas*
*Civil Procedure > Alternative Dispute Resolution > Federal Arbitration Act*
[HN6] The plain language of the Federal Arbitration Act clearly states, without exception, that whenever suit is brought on an arbitrable claim, the court "shall" upon application stay the litigation until arbitration has been concluded. When a party requests a stay as part of its motion to compel arbitration, the district court is obligated under *9 U.S.C.S. § 3* to grant the stay once it decides to order arbitration.

**COUNSEL:** For DIGENE CORPORATION, plaintiff: Richard D. Kirk, Morris, James, Hitchens & Williams, Wilmington, DE.

For VENTANA MEDICAL SYSTEMS, INC., defendant: Richard H. Morse, Young, Conaway, Stargatt & Taylor, Wilmington, DE.

For BECKMAN COULTER INC., defendant: Allen M. Terrell, Jr., Richards, Layton & Finger, Wilmington, DE.

**JUDGES:** Kent A. Jordan, UNITED STATES DISTRICT JUDGE.

**OPINIONBY:** Kent A. Jordan

**OPINION:**

**MEMORANDUM ORDER**

Presently before me is the plaintiff's Motion for Partial Reconsideration of the Court's May 7, 2004 Order. (Docket Item ["D.I."] 265; the "Motion".) For the reasons that follow, the Motion will be denied.
I. BACKGROUND

The plaintiff, Digene Corporation ("Digene"), filed this case on November 21, 2001, alleging patent infringement by defendant Ventana Medical Systems ("Ventana"). (D. I 1) Digene subsequently amended its complaint and named Beckman Coulter, Inc. ("Beckman") as an additional defendant. (D.I. 119.) Beckman filed a Motion to Compel Arbitration and to Stay Proceedings on December 27, 2002. (D.I. 128; [*2] "Beckman's motion".) I held a bench trial on Beckman's motion and, on May 7, 2004, I issued Post- Trial Findings of Fact and Conclusions of Law (D.I. 263) and an Order (D.I. 264; the "Order"). The Order directs the parties to arbitrate Digene's claims against Beckman that arise out of Beckman's rights under a Cross License Agreement and it stays this case pending the outcome of arbitration.

Digene filed its Motion on May 21, 2004, asking me to reconsider what it characterizes as "a procedural aspect of the Order." (D.I. 265 at 2.) Essentially, Digene requests that I modify the Order to allow Digene's case against Ventana to go forward prior to the arbitration with Beckman. (*Id.* at 3.) In this case, Digene has accused Beckman of indirect infringement and Ventana of direct infringement. (*See* D.I. 119.) Digene argues that, if the arbitrator determines that Beckman is liable for indirect infringement, the arbitrator will also have found that direct infringement occurred by Ventana, since a finding of indirect infringement is predicated upon a finding of direct infringement. (*Id.* at 2-3 (citing *Epcon Gas Sys., Inc. v. Bauer Compressors, Inc., 279 F.3d 1022, 1033 (Fed. Cir. 2002))*.) [*3] Thus, Digene proposes proceeding with its claims against Ventana prior to arbitration with Beckman, in order to "reduce or eliminate the issues to be arbitrated with Beckman." (*Id.* at 3.)

Beckman opposes Digene's Motion, arguing that it is not in the interest of justice for Digene to first proceed with its litigation against Ventana. (D.I. 266 at 1.) Beckman states that it pursued arbitration in order to promptly resolve Digene's claims against it, and now that I have ordered arbitration to proceed, Beckman should not be forced to wait for the outcome of the Digene-Ventana case. (*Id.* at 1-2.) Ventana also opposes Digene's Motion, arguing that Digene's claims of furthering judicial

economy are illusory, in that "there are no efficiency gains to be had by staying arbitration in favor of litigation." (D.I. 267 at 2.) Ventana also argues that proceeding to arbitration may resolve contractual issues between Digene and Beckman, which, in turn, may narrow any remaining issues to be litigated. (*Id.* at 2-3.)

## II. STANDARD OF REVIEW

The standard that applies to motions for reargument has been summarized as follows:

[HN1] The District of Delaware, through published case [*4] law, has developed rules that govern motions for reargument under Local Rule 7.1.5. n1 These governing principles are simply stated: 1) reargument should be granted only when the merits clearly warrant and should never be afforded a litigant if reargument would not result in an amendment of an order, *see StairMaster Sports/Medical Prods. v. Groupe Procycle, 25 F. Supp. 2d 270, 292 (D. Del. 1998)*; 2) the purpose of reargument is to permit the Court to correct error without unduly sacrificing finality; 3) grant of the reargument motion can only occur in one of three circumstances: a) "where the Court has patently misunderstood a party," b) "[where the Court] has made a decision outside the adversarial issues presented to the Court by the parties," or c) "[where the Court] has made an error not of reasoning but of apprehension," *see Brambles USA, Inc. v. Blocker, 735 F. Supp. 1239, 1241 (D. Del. 1990)*; and 4) a motion for reargument may not be used by the losing litigant as a vehicle to supplement or enlarge the record provided to the Court and upon which the merits decision was made unless "new factual matters not previously obtainable have [*5] been discovered since the issue was submitted to the Court," *id. Schering Corp. v. Amgen, Inc., 25 F. Supp. 2d 293, 295 (D. Del. 1998)*. III. DISCUSSION

> n1 [HN2] A motion for reargument under Local Rule 7.1.5 is the "functional equivalent of a motion to alter or amend judgment under *Federal Rule of Civil Procedure 59(e). Kavanagh v. Keiper Recaro Seating, Inc., 2003 U.S. Dist. LEXIS 23931 at *4 n. 2 (D. Del. July 24, 2003)* (citing *New Castle County v. Hartford Accident and Indem. Co., 933 F 2d 1162, 1176-77 (3d Cir. 1991))*.

In this case, Digene has not argued that my Order contained an error of law or fact, or that I misunderstood a party, or made a decision outside of the issues presented to me. Digene suggests that I alter the Order to

stay the arbitration pending the outcome of the litigation so as to prevent "inconsistent rulings and unnecessary duplication of efforts" by the parties. (D.I. 265 at 2.) Digene has not directed me to any authority [*6] to support its contention that "re-sequencing" (*see* D.I. 265 at 3) the proceedings serves the interests of judicial economy. Ventana points out that [HN3] the *Federal Arbitration Act* ("FAA") requires the underlying litigation to be stayed if there is "any issue referable to arbitration," *see 9 U.S.C. § 3*, and that [HN4] "an arbitration agreement must be enforced notwithstanding the presence of other persons who are parties to the underlying dispute but not to the arbitration agreement," *see Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 20, 74 L. Ed. 2d 765, 103 S. Ct. 927 (1983)* [HN5] ("federal law *requires* piecemeal resolution when necessary to give effect to an arbitration agreement") (emphasis in original).

I am also guided by the Third Circuit's recent decision in *Lloyd v. Hovensa, LLC et al., 369 F.3d 263 (3d Cir. 2004)*. In that case, the plaintiff, Lloyd, worked as a boilermaker and pipefitter for various contractors at the HOVENSA, LLC ("HOVENSA") refinery. *Lloyd, 369 F.3d at 266*. After HOVENSA awarded a contract to co-defendant Wyatt, V. I., Inc. ("Wyatt"), Lloyd applied for employment with Wyatt. *Id.* [*7] As a condition of having their applications considered, Wyatt required all applicants to sign a Dispute Resolution Agreement ("DRA"), which contained an arbitration clause. *Id.* Lloyd signed the DRA and was not hired. *Id.* Thereafter, Lloyd brought various claims of employment discrimination against HOVENSA and Wyatt. *Id. at 266-67*.

Wyatt filed a motion to compel arbitration, pursuant to the DRA, in which HOVENSA joined. *Id. at 267*. After holding an evidentiary hearing on the motion, the district court granted the motion to compel arbitration and dismissed Lloyd's complaint with prejudice, rather than staying the proceedings pending arbitration. *Id.* The district court dismissed the action because it found all of Lloyd's claims to be arbitrable, thus leaving no claims for adjudication by the district court. *Id.*

The Third Circuit held that the district court erred when it dismissed the action with prejudice, rather than entering a stay. *Id. at 271*. Focusing on the plain language of the FAA, the Third Circuit noted that [HN6] it "clearly states, without exception, that whenever suit is brought on an arbitrable claim, [*8] the Court 'shall' upon application stay the litigation until arbitration has been concluded." *Id. at 269* (quoting *9 U.S.C. § 3*). The court went on to hold that, when a party requests a stay of the proceeding as part of its motion to compel

2004 U.S. Dist. LEXIS 12783, *

arbitration, "the District Court [is] obligated under *9 U.S.C. § 3* to grant the stay once it decided to order arbitration." *Id.*

Though *Lloyd* arises in a different procedural context than the instant case, the Third Circuit's reasoning is compelling, and its analysis and interpretation of the FAA are applicable here. *See id. at 269-71.* Thus, in light of the plain language of the FAA, previous Supreme Court precedent, and the Third Circuit's recent decision in *Lloyd,* the law is clear that, since Beckman's Motion was granted, the remainder of this case must be stayed pending the outcome of the arbitration between Digene and Beckman. n2

> n2 Even if I believed I had the discretion to do as Digene suggests, I would not be inclined to do it since I am unpersuaded that staying arbitration pending litigation would serve the interests of justice and economy any more than Digene and

Beckman proceeding to arbitration at this time, particularly given the Supreme Court's statement that "federal law *requires* piecemeal resolution when necessary to give effect to an arbitration agreement." *Moses H. Cone, 460 U.S. at 20* (emphasis in original).

[*9]

IV. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Digene's Motion (D.I. 265) is DENIED.

Kent A. Jordan

UNITED STATES DISTRICT JUDGE

Wilmington, Delaware
July 6, 2004

# **EXHIBIT 3**

LEXSEE 2005 U.S. DIST. LEXIS 785

eSPEED, INC.; CANTOR FITZGERALD, L.P.; and CFPH, L.L.C., Plaintiffs, v.
BROKERTEC USA, L.L.C.; BROKERTEC GLOBAL, L.L.C.; GARBAN, LLC;
ICAP PLC; OM AB; and OM TECHNOLOGY (U.S.), INC., Defendants.

Civil Action No. 03-612-KAJ

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

*2005 U.S. Dist. LEXIS 785*

January 11, 2005, Decided

**PRIOR HISTORY:** *eSpeed, Inc. v. BrokerTec USA, L.L.C., 342 F. Supp. 2d 244, 2004 U.S. Dist. LEXIS 21857 (D. Del., 2004)*

**DISPOSITION:** Motions for reconsideration were denied.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiffs, a corporation, a limited partnership, and a limited liability company, filed a motion for reconsideration of the court's judgment, which held that prosecution history estoppel barred plaintiffs from asserting the doctrine of equivalents in a patent case. Defendants, two limited liability companies and two technology companies, moved for reconsideration of the court's denial of their motion for summary judgment of non-infringement.

**OVERVIEW:** Plaintiffs argued that the court misapprehended key facts and a key point of law. The court held that reconsideration was not warranted as to the legal argument because plaintiffs were simply asking the court to reverse its interpretation of the law and the court found that its prior interpretation was not in error. Plaintiff's contentions that the court misunderstood the effect of filing a preliminary amendment did not warrant reconsideration because the issue was whether the inventor had narrowed his claims. The court had concluded that the inventor had narrowed his claims by filing amendments to the original claim that restricted the scope of the claim at issue. As to plaintiffs' contention that the court was not aware of the procedure for numbering claims upon issuance of a patent, the court

held that it did not rely on the coincidental identical numbering of two claims but instead included the numbers as a means to reference the claims. The court would not reconsider its denial of defendants' summary judgment motion because the arguments raised in the reconsideration motion for granting summary judgment were not raised in the summary judgment motion.

**OUTCOME:** The court denied the motions for reconsideration.

**LexisNexis(R) Headnotes**

*Civil Procedure > Relief From Judgment > Motions to Alter & Amend*
[HN1] Motions for reconsideration should be granted only sparingly.

*Civil Procedure > Relief From Judgment > Motions to Alter & Amend*
[HN2] In the District of Delaware, motions for reconsideration are granted only if it appears that the court has patently misunderstood a party, has made a decision outside the adversarial issues presented by the parties, or has made an error not of reasoning, but of apprehension.

*Civil Procedure > Relief From Judgment > Motions to Alter & Amend*
[HN3] Courts should be particularly vigilant that motions for reargument or reconsideration are not used as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided.

2005 U.S. Dist. LEXIS 785, *

*Civil Procedure > Relief From Judgment > Motions to Alter & Amend*

[HN4] A district court should grant a motion for reconsideration which alters, amends, or offers relief from a judgment only when: (1) there has been an intervening change in the controlling law; (2) there is newly discovered evidence which was not available to the moving party at the time of judgment; or (3) there is a need to correct a legal or factual error which has resulted in a manifest injustice.

*Civil Procedure > Relief From Judgment > Motions to Alter & Amend*

[HN5] Reconsideration is reserved for clear errors of law.

**COUNSEL:** [*1] For ESPEED INC., CANTOR FITZGERALD LP, CFPH LLC, Plaintiffs: Jack B. Blumenfeld, Morris, Nichols, Arsht & Tunnell, Wilmington, DE.

For BROKERTEC USA LLC, BROKERTEC GLOBAL LLC, GARBAN LLC, ICAP PLC, OM AB, OM TECHNOLOGY US INC, OM TECHNOLOGY AB, Defendants: Richard L. Horwitz, Potter Anderson & Corroon, LLP, Wilmington, DE.

For THE UNITED STATES DEPARTMENT OF THE TREASURY, Movant: Patricia C. Hannigan, U.S. Attorney's Office, Wilmington, DE.

For BROKERTEC USA LLC, BROKERTEC GLOBAL LLC, GARBAN LLC, OM TECHNOLOGY US INC, Counter-Claimants: Richard L. Horwitz, Potter Anderson & Corroon, LLP, Wilmington, DE.

For ESPEED INC., CANTOR FITZGERALD LP, CFPH LLC, Counter-Defendants: Jack B. Blumenfeld, Morris, Nichols, Arsht & Tunnell, Wilmington, DE.

For OM TECHNOLOGY AB, Counter-Claimant: Richard L. Horwitz, Potter Anderson & Corroon, LLP, Wilmington, DE.

For ESPEED INC., CANTOR FITZGERALD LP, CFPH LLC, Counter-Defendants: Jack B. Blumenfeld, Morris, Nichols, Arsht & Tunnell, Wilmington, DE.

For BROKERTEC USA LLC, GARBAN LLC, OM TECHNOLOGY US INC, Counter-Claimants: Richard L. Horwitz, Potter Anderson & Corroon, LLP, Wilmington, DE.

For [*2] ESPEED INC., CANTOR FITZGERALD LP, CFPH LLC, Counter-Defendants: Jack B. Blumenfeld, Morris, Nichols, Arsht & Tunnell, Wilmington, DE.

**JUDGES:** Kent A. Jordan, UNITED STATES DISTRICT JUDGE.

**OPINIONBY:** Kent A. Jordan

**OPINION:**

**MEMORANDUM ORDER**

**I. Introduction**

Presently before me is a motion (Docket Item ["D.I."] 530) filed by eSpeed, Inc., Cantor Fitzgerald, L.P., and CFPH, L.L.C. (collectively "eSpeed") seeking reconsideration of the October 25, 2004 Memorandum Opinion and Order in which I ruled that prosecution history estoppel barred eSpeed from asserting the doctrine of equivalents in this case (D.I. 527, 528 at 9-12). Also before me is a motion (D.I. 531) filed by BrokerTec USA, L.L.C., Garban, L.L.C., ICAP Technology AB, and OM Technology (US), Inc. (collectively "BrokerTec") seeking reconsideration of the same Opinion and Order to the extent that I denied their motion for Summary Judgment of Non-Infringement (D.I. 527, 528). I have jurisdiction over this case pursuant to *28 U.S.C. § 1331*. For the reasons that follow, the motions will be denied.

**II. Background**

Because the factual and procedural history of this case has been previously [*3] set forth (*see* D.I. 527), it will not be repeated here.

**III. Standard of Review**

[HN1] Motions for reconsideration should be granted only "sparingly." *Karr v. Castle, 768 F. Supp. 1087, 1090 (D. Del. 1991)*. [HN2] In this district, motions for reconsideration are granted only if it appears that the court has patently misunderstood a party, has made a decision outside the adversarial issues presented by the parties, or has made an error not of reasoning, but of apprehension. *Brambles USA, Inc. v. Blocker, 735 F. Supp. 1239, 1240 (D. Del. 1990)* (citing *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)*). [HN3] "Courts should be particularly vigilant that motions for reargument or reconsideration are not used as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Id.*

Further, [HN4] a district court should grant a motion for reconsideration which alters, amends, or offers relief

from a judgment only when: (1) there has been an intervening change in the controlling law; (2) there is newly discovered evidence which was not available to the [*4] moving party at the time of judgment; or (3) there is a need to correct a legal or factual error which has resulted in a manifest injustice. *See Max's Seafood Cafe by Lou Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)* (citation omitted).

## IV. Discussion

### A. eSpeed's Motion for Reconsideration

eSpeed argues that I should reconsider and vacate the October 25, 2004 Memorandum Opinion and Order because I "misapprehended key facts about patent prosecution practice." (D.I. 530 at 2.) Specifically, eSpeed argues that I misunderstood that the common policy used when filing a divisional application is to submit the original claims of a parent application and then cancel those claims by preliminary amendment. (*Id.*) eSpeed also argues that I "misapprehended a key point of law" related to rebutting the presumption that a narrowing amendment surrendered a particular equivalent. (*Id.*) Taking the last argument first, it simply asks that I reverse my interpretation of the law. Since I do not believe my legal conclusions or analysis were in error, I decline to reverse them. No further discussion of this point is necessary. *See Max's Seafood Cafe, 176 F.3d at 677* [*5] (holding that [HN5] reconsideration is reserved for clear errors of law).

With respect to eSpeed's argument about the effect of filing a preliminary amendment, eSpeed asserts that a preliminary amendment is made before any substantive action is taken by the Patent and Trademark Office. (*Id.*) eSpeed cites *37 C.F.R. § 1.53(b)* to show that it is proper to submit the original claims of a parent application when filing a divisional application. (*Id.* at 4.) They then go on to say that, because a continuing application ignores the prosecution history of the parent, it is necessary to add any earlier prosecution through the use of a preliminary amendment, if one wishes to retain such prosecution in the new file. (*Id.* at 5.) These assertions, however, are simply beside the point. The question is whether the inventor narrowed his claims. In this case, I have concluded that the answer to that question is yes because the inventor filed amendments to his original claim that restricted the scope of the claim in question.

eSpeed also asserts that I am not aware of the procedure for numbering claims upon issuance of a patent. (*Id.*) Consequently, they argue I compared two

"wholly unrelated [*6] claims simply because they had the same number at different times." (*Id.*) It is true that the two claims I compared for the purpose of determining if prosecution history applied coincidentally are numbered identically and that before the patent issued they were not. Nowhere in my opinion, however, is this numbering coincidence relied on as a basis for my decision. Rather, the numbers are included to aid the parties in referencing the claims. What I did not rest my opinion on was the fact that claim 20, as issued, contained the limitations at issue and the original claims did not contain such limitations. Accordingly, eSpeed's motion seeking reconsideration of the October 25, 2004 Memorandum Opinion and Order is denied.

### B. BrokerTec's Motion for Reconsideration

BrokerTec argues that reconsideration of the May 18, 2004 Memorandum Order should be granted because I misapprehended the workings of the BrokerTec ETN and the Garban ETC/ETN and their relationship to each other. (D.I. 531 at 1-3.) BrokerTec makes several arguments for why I should have granted Summary Judgment as to certain aspects of the case. The most direct answer to those assertions is that BrokerTec did not file [*7] a summary judgment motion fairly calling those aspects of the case into question.

As to BrokerTec's specific assertion that "there was no operative 'intertwining' whatsoever between the BrokerTec ETN and Garban ETC/GTN systems ... prior to September 15, 2003 (D.I. 531 at 7), that may be true, but it does not address the question of infringement after that date. The proposed temporal limitation was never argued. Also, the issue of limiting the summary judgment motion to a particular system was only raised in BrokerTec's reply (D.I. 510 at 11), and eSpeed was not properly put on notice of BrokerTec's. Consequently, BrokerTec's motion for reconsideration is also denied.

### V. Conclusion

Accordingly, IT IS HEREBY ORDERED that both eSpeed's and BrokerTec's motions for reconsideration (D.I. 531, 530) are DENIED.

Kent A. Jordan

UNITED STATES DISTRICT JUDGE

January 11, 2005
Wilmington, Delaware

# **EXHIBIT 4**

LEXSEE

**EUGENE FLOYD v. BLACK SWAN SHIPPING CO., LTD. and NOBIS SHIPPING GMBH**

**CIVIL ACTION NO. 98-4207**

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

*2002 U.S. Dist. LEXIS 13385*

**July 18, 2002, Filed**

**DISPOSITION:** Plaintiff's Motion for Sanctions in the Form of a Default Judgment GRANTED.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff longshoreman sued for injuries sustained while working aboard a vessel that he alleged was controlled by defendant German shipper. The longshoreman moved for sanctions in the form of a default judgment pursuant to *Fed. R. Civ. P. 37* for the shipper's failure to provide discovery as ordered by the court concerning its motion to dismiss for lack of personal jurisdiction and its denial of liability.

**OVERVIEW:** The shipper filed its initial motion and answer, but thereafter failed to comply with the court's orders for discovery or cooperate with its counsel. It failed to respond to the motion for sanctions and had not otherwise offered any explanation for its continuing failure to comply. The persistent failure to honor discovery obligations constituted a willful effort to evade and frustrate discovery that had clearly prejudiced the longshoreman. Since monetary sanctions were unlikely to be effective against the shipper, the court granted the default judgment as requested.

**OUTCOME:** Default judgment was entered as a sanction. Damages would be determined after subsequent proceedings.

**LexisNexis(R) Headnotes**

*Civil Procedure > Sanctions > Discovery Misconduct*

[HN1] A court may render a judgment by default as a sanction against a party who fails to obey an order to provide discovery or fails to appear for deposition. *Fed. R. Civ. P. 37(b)(2)(C)*, (d).

*Civil Procedure > Early Pretrial Judgments > Default > Entry of Default & Default Judgment*
*Civil Procedure > Sanctions > Discovery Misconduct*
[HN2] A failure to provide discovery or to comply with a court order to do so may fairly be viewed as a failure to defend which justifies an entry of a default judgment under *Fed. R. Civ. P. 55(b)(2)*.

*Civil Procedure > Sanctions > Discovery Misconduct*
[HN3] In assessing a request for a sanction under *Fed. R. Civ. P. 37*, a court considers the extent of each party's responsibility for the failure properly to litigate; prejudice to the adverse party; any history of how dilatory the recalcitrant party had been; the willfulness of the offending conduct; the adequacy of other sanctions; and, the merit of the claim or defense.

*Civil Procedure > Sanctions > Discovery Misconduct*
[HN4] A court has the inherent power to resolve through appropriate sanctions a case that cannot otherwise be disposed of expeditiously because of the willful inaction of a party.

*Civil Procedure > Sanctions > Baseless Filings*
[HN5] The meritoriousness of a claim or defense is to be determined from the face of the pleadings.

**COUNSEL:** [*1] For EUGENE FLOYD, PLAINTIFF: MARVIN I. BARISH, LAW OFFICES OF MARVIN I. BARISH, P.C., PHILA, PA USA.

EUGENE FLOYD, PLAINTIFF, Pro se, TOBY FARMS, PA.

For PALMER BIEZUP & HENDERSON, MOVANT: KEVIN G. O'DONOVAN, PALMER BIEZUP & HENDERSON LLP, PHILADELPHIA, PA USA.

For NOBIS SHIPPING GMBH, DEFENDANT: RICHARD Q. WHELAN, PALMER, BIEZUP AND HENDERSON, PHILA, PA USA. KEVIN G. O'DONOVAN, PALMER, BIEZUP, & HENDERSON, PHILA, PA USA.

JUDGES: JAY C. WALDMAN, J.

OPINIONBY: JAY C. WALDMAN

OPINION:

### MEMORANDUM ORDER

This is an action by a longshoreman for injuries sustained while working aboard the M/V Torben in Philadelphia which he alleges was controlled by defendants. n1 The court permitted counsel for Nobis Shipping to withdraw after their repeated attempts to maintain contact with Nobis and to pursue discovery ordered by the court failed.

n1 It appears that Black Swan Shipping is now defunct and that it was never effectively served with process. It has never appeared in this action.

Presently before the court [*2] is plaintiff's Motion for Sanctions in the Form of a Default Judgment for defendant's failure to provide discovery as ordered by the court on March 28, 2002 and to appear through counsel as ordered by the court on May 3, 2002.

[HN1] A court may render a judgment by default as a sanction against a party who fails to obey an order to provide discovery or fails to appear for deposition. See Fed. R. Civ. P. 37(b)(2)(C) & 37(d). n2 [HN2] A failure to provide discovery or to comply with a court order to do so may also fairly be viewed as a failure to defend which justifies an entry of a default judgment under Fed. R. Civ. P. 55(b)(2). See Bryant v. City of Marianna, Fla., 532 F. Supp. 133, 137 (N.D. Fla. 1982) (such conduct "denies plaintiffs' right to a determination of their claims as well as the court's duty to dispose of cases before it"). See also National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642-43, 49 L. Ed. 2d 747, 96 S. Ct. 2778 (1976); Philips v. Medical Systems Intern., V.B. v. Bruetman, 982 F.2d 211, 214 (7th Cir. 1992) (default judgment against defendants for refusal to provide discovery); Hoxworth v. Blinder Robinson & Co., Inc., 980 F.2d 912, 918-19 (3d Cir. 1992) [*3] (failure of corporate defendant to appear through counsel warrants default judgment); Eagle Assocs. v. Bank of Montreal, 926 F.2d 1305, 1310 (2d Cir. 1991) (default judgment against corporate party failing to comply with court order to obtain counsel); U.S. v. De Frantz, 708 F.2d 310, 312 (7th Cir. 1983); (default judgment for failure to appear for deposition with dubious excuse); Jordan Int'l Co. of Del. v. M.V. Cyclades, 782 F. Supp. 25, 27 (S.D.N.Y. 1992) (default judgment against defendant for failure to comply with discovery order); U.S. v. Dimucci, 110 F.R.D. 263, 267 (N.D. Ill. 1986) (default judgment against defendants who failed to appear for deposition). n3

n2 [HN3] In assessing a request for such a sanction, the court considers the extent of each party's responsibility for the failure properly to litigate; prejudice to the adverse party; any history of dilatoriness by the recalcitrant party; the willfulness of the offending conduct; the adequacy of other sanctions; and, the merit of the claim or defense. See Harris v. Philadelphia, 47 F.3d 1311, 1330 n.18 (3d Cir. 1995); Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988). [*4]

n3 [HN4] A court also has the inherent power to resolve through appropriate sanctions a case that cannot otherwise be disposed of expeditiously because of the willful inaction or dilatoriousness of a party. See Chambers v. NASCO, Inc., 501 U.S. 32, 34, 115 L. Ed. 2d 27, 111 S. Ct. 2123 (1991); Link v. Wabash R.R. Co., 370 U.S. 626, 630-32, 8 L. Ed. 2d 734, 82 S. Ct. 1386 (1962); Hewlett v. Davis, 844 F.2d 109, 114 (3d Cir. 1988).

In view of former counsel's unsuccessful efforts to maintain contact with Nobis and facilitate discovery, Nobis itself clearly bears sole responsibility for the failure to provide discovery and to appear through new counsel as ordered.

The inability during the discovery period to obtain information from a defendant regarding pertinent issues is obviously prejudicial to a plaintiff in his attempt to prosecute his claim and obtain a resolution of his lawsuit. See Adams v. Trustees, N.J. Brewery Trust Fund, 29 F.3d 863, 874 (3d Cir. 1994) (prejudice encompasses

deprivation of information from non-cooperation [*5] with discovery). Defendant's failure to secure counsel and cooperate in providing discovery has clearly prejudiced plaintiff in his ability to resolve his claim.

Defendant has been recalcitrant. Nobis ceased to cooperate with former counsel and has failed to secure the entry of appearance of new counsel by June 14, 2002 as ordered. Nobis has not responded to the instant motion and has not otherwise offered any explanation for its continuing failure to comply with the court orders. A persistent failure to honor discovery obligations and related court orders must be viewed as "a willful effort to evade and frustrate discovery." *Morton v. Harris, 628 F.2d 438, 440 (5th Cir. 1980).* See also *Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991).*

Given the complete recalcitrance of Nobis and the difficulty in enforcing an order awarding monetary sanctions against a party in Germany, such an alternative would be extremely unlikely to achieve compliance.

Plaintiff is clearly being prejudiced by his inability to adjudicate his claim. A court cannot allow a defendant to obstruct the orderly conduct of litigation, effectively avoid any prospective liability [*6]   and deprive a plaintiff of any right to redress by not cooperating with counsel and refusing to obtain new counsel after its frustrated prior counsel withdraws.

[HN5] The meritoriousness of a claim or defense is to be determined from the face of the pleadings. See *C.T. Bedwell Sons v. International Fidelity Ins. Co., 843 F.2d 683, 696 (3d Cir. 1988); Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 870 (3d Cir. 1984).* Nobis filed an answer denying liability and a motion asserting lack of personal jurisdiction. It is difficult conscientiously to characterize any defense as meritorious when the defendant refuses to subject it to scrutiny through the discovery process. Moreover, as the court apprised Nobis in the order of May 3, 2002, a refusal to provide court ordered jurisdictional discovery after appearing and contesting personal jurisdiction may be treated as a waiver of that challenge, with a resulting presumption of jurisdiction. See *Insurance Corp. of Ireland v. Compagnie des Bauxites, 456 U.S. 694, 706, 72 L. Ed. 2d 492, 102 S. Ct. 2099 (1982).*

The pertinent factors weigh significantly in favor of granting the default judgment [*7]   requested by plaintiff.

**ACCORDINGLY,** this    day of July, 2002, upon consideration of plaintiff's Motion for Sanctions in the Form of a Default Judgment (Doc. # 34) and in the absence of any response thereto, **IT IS HEREBY ORDERED** that said Motion is **GRANTED** and judgment will be entered against defendant Nobis after the conclusion of appropriate proceedings to determine damages.

**BY THE COURT:**

   **JAY C. WALDMAN, J.**