# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| BRAC GROUP, INC. (f/k/a BUDGET ) | |
| GROUP, INC., *et al.*, ) | Case No. 02-12152 (CGC) |
| ) | Jointly Administered |
| Debtors. ) | |
| ) | |
| BRAC GROUP, INC. (f/k/a BUDGET ) | |
| GROUP, INC., *et al.*, ) | |
| ) | |
| Plaintiffs and Counterclaim Defendants, ) | |
| ) | Adversary No. 03-54271 (CGC) |
| v. ) | |
| ) | related # 78 |
| JAEBAN (U.K.) LIMITED, *et al.*, ) | |
| ) | |
| Defendant and Counterclaim Plaintiff. ) | |

## MEMORANDUM DECISION AND ORDER

| | |
|---|---|
| Robert S. Brady | Brian A. Sullivan |
| Edmon L. Morton | Amy D. Brown |
| Joseph A. Malfitano | Werb & Sullivan |
| Matthew B. Lunn | 300 Delaware Ave., 10th Floor |
| Young Conaway Stargatt & Taylor, LLP | Wilmington, DE 19801 |
| The Brandywine Building | |
| 1000 West Street, 17th Floor | Attorneys for Ibrahiem Jaeban, Assignee |
| P.O. Box 391 | of Defendant Jaeban (U.K.) Limited |
| Wilmington, DE 19899 | |

- and -

Larry J. Nyhan
Kenneth E. Wile
Sidley Austin Brown & Wood LLP
Bank One Plaza
10 South Dearborn Street
Chicago, IL 60603

Attorneys for Debtors and Debtors-in-Possession

March 4, 2005

BA25

**CASE, J.**

Before the Court is Defendant Ibrahiem Jaeban's motion to reconsider, and related pleadings, this Court's January 13, 2005, Order, which was entered in accordance with the Court's December 14, 2004, Memorandum Opinion addressing several discovery related motions brought by both Debtor, BRAC Rent-A-Car International, Inc. ("BRACII") and Defendant Ibrahiem Jaeban ("Defendant" and/or "Mr. Jaeban"):

1. Defendant/Counterclaim Plaintiff Ibrahiem Jaeban's Motion to Extend Deadlines in Revised Pre-Trial Scheduling Order and Memorandum in Support;

2. BRACII's Motion for Further Sanctions and Other Relief Due to Mr. Jaeban's Multiple Failures to Comply with the Court's May 25, 2004 Order; and

3. Defendant/Counterplaintiff Ibrahiem Jaeban's Motion for Order Reopening Limited Discovery.

Pursuant to the January, 2005, Order, the Court sanctioned Mr. Jaeban by dismissing with prejudice all counterclaims asserted by Jaeban UK and Mr. Jaeban against BRACII in adversary 03-54271, approving the sale of assets of BRAC Rent-A-Car Corporation and BRACII to Avis Europe plc, transferring all funds formerly segregated and held pending resolution of various objections to the sale by Jaeban UK and Mr. Jaeban to BRACII, and authorizing BRACII to take all necessary steps to obtain use of the funds in accordance with the Order. The Order further ruled moot Mr. Jaeban's motion to extend and motion to reopen discovery. These sanctions stemmed from Mr. Jaeban's failure to comply with an earlier Memorandum Decision issued in May of 2004.

According to Mr. Jaeban, this Court "misinterpreted the facts on which it based the order" and the evidence did not support such extreme sanctions. Reconsideration may be justified

2

where movant can show "1. an intervening change in controlling law; 2. the availability of new evidence; or 3. the need to correct clear error [of law] or prevent manifest injustice." *See North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). Mr. Jaeban satisfies none of these points.

In its May 25, 2004, Memorandum Decision, this Court extended the discovery cutoff date from January 30, 2004, to June 18, 2004, and ordered Mr. Jaeban to respond to Plaintiff BRACII's Second Request for Production of Documents (served on November 26, 2003) and to respond to concerns raised by Plaintiffs in a letter dated December 12, 2003, regarding gaps in Mr. Jaeban's November production of documents. Further, the Decision stated that "[f]ailure to meet this deadline will result in an order prohibiting Mr. Jaeban from introducing into evidence (or using in any other way) any documents not so produced and prohibiting testimony from any witnesses not produced for deposition. This is without prejudice to BRACII seeking other sanctions that may be appropriate under the circumstances after the discovery period has lapsed." Subsequently, the parties agreed to a revised pretrial scheduling order extending, *inter alia*, the date to complete depositions to August 23, 2004. As of the date the Court issued its December, 2004, Memorandum Decision, the depositions had not been completed and discovery remained outstanding.

As a result, BRACII sought sanctions for Mr. Jaeban's failure to respond by the June 18, 2004, deadline and to explain various gaps in his November responses to BRACII's document request. Further, according to BRACII, after the June 18 deadline and the August depositions in England, Mr. Jaeban disclosed two large document collections that BRACII considered highly relevant to the issues in this case and that now necessitated further "third-party discovery that

3

should have occurred months ago." BRACII complained that these belatedly produced documents contain important information that should have been produced back in November, 2003, pursuant to BRACII's first request for production.

After consideration of all the pleadings before the Court and the arguments at hearing, the Court agreed with BRACII and issued further sanctions in its December, 2004, Memorandum Opinion and January, 2005, Order from which Mr. Jaeban now seeks reconsideration.

Several arguments Mr. Jaeban raises are simply a regurgitation of what he already presented to the Court in his response to BRACII's motion for sanctions. For example, this Court already considered and rejected Mr. Jaeban's argument that BRACII's Second Joint Request for Production of Documents related solely to documents within the possession of the Receiver and, therefore, beyond his reach. The Court expressly found Mr. Jaeban's cooperation lacking, as well as his "record of what actions he took with respect to the Receiver and when." Similarly, the fact that Jaeban UK had in fact filed an objection to the Second Joint Request for Production of Documents was raised by Mr. Jaeban and known to this Court at the time of its December, 2004, Memorandum Decision. Further, any confusion or uncertainty on Mr. Jaeban's part as to whether the Court's Order was overruling the objections or not was something Mr. Jaeban should have sought clarification on if needed. When under the microscope as he was, there is no explanation for why he chose to rely on the pending objections of Jaeban UK and not either respond to the discovery as ordered by the Court or seek clarification from the Court.

Mr. Jaeban also complains throughout his motion to reconsider that he could not control the Receiver or Jaeban UK at various points in time and, as such, should essentially be excused for not only failing to comply with this Court's Order, but also in not keeping this Court or

BRACII advised of what he was doing in attempting to comply. A fair reading of this Court's December, 2004, Memorandum Decision clearly indicates that the sanctions against Mr. Jaeban were not simply for one or two failures to comply or produce certain information, which he characterizes as events beyond his control. The sanctions were imposed for Mr. Jaeban's overall carelessness in not only complying with this Court's instructions but also in failing to keep BRACII and this Court apprised of what he was in fact doing in a good faith attempt to comply. The record reflects that Mr. Jaeban failed to take seriously this Court's earlier warnings and elected, instead, to perhaps do as little as possible and blame his lack of diligence on Jaeban UK or the Receiver's representatives.

Further, the fact remains that Mr. Jaeban and Mr. Wilcox did not seem to seriously attempt contact with the Receiver until after the Court's June 18th discovery response deadline. Serious effort should have been done before the deadline. And, once it was done, documents were in fact turned over, a fact that significantly diminishes Mr. Jaeban's argument that he had no control over getting some of these documents. Apparently, all it took was an email. Moreover, the documents ultimately disclosed, according to BRACII, were highly relevant and necessitated additional discovery that should have occurred months earlier. Whether this conclusion by BRACII is ultimately true is irrelevant where Mr. Jaeban has not challenged the relevancy or responsiveness of the documents to BRACII's request for production.

As to Mr. Jaeban's argument that this Court's Order "deprives him of all rights to discovery on [BRACII's] personal guaranty claim against him," the Court clarifies that this is not the case. All of the proceedings to date in this matter have related to Mr. Jaeban's position as assignee of Jaeban UK's counterclaims against BRACII, and not to BRACII's personal guaranty

claims against Mr. Jaeban. Therefore, the sanctions imposed in the January 13 Order, and reaffirmed herein, are against Mr. Jaeban only to the extent he is the assignee of Jaeban UK. The Court's sanction Order was only directed at the counterclaims. It was not directed at the liability of Jaeban UK under its primary liability, except to the extent of the Court's other prior Order granting BRACII partial summary judgment against Jaeban UK and requiring turnover of the £327,944.09. Further, the Order did not, and the Court did not intend the Order to, deal with BRACII's claims against Mr. Jaeban on the personal guaranty. Mr. Jaeban has whatever defenses he believes he has to the guaranty claim and those are unaffected by the Court's January 13, 2005, Order or this Order. If BRACII elects to continue pursuing the personal guaranty claim, the parties are ordered to meet and confer regarding a discovery schedule on the claim and request the Court set a Rule 16(b) Scheduling Conference.[1]

Last, the Court agrees with BRACII that Mr. Jaeban's attempt to bolster his earlier arguments with new affidavits is not permitted on reconsideration. Motions for reconsideration are not meant to allow the disappointed party a second bite at the apple.

For the foregoing reasons, Mr. Jaeban's motion for reconsideration is denied and the Court finds a hearing unnecessary.

Charles G. Case II
United States Bankruptcy Judge

---

[1] Such scheduling conference shall not take place before this Judge, as this Judge's tenure as a visiting judge with the Delaware Court has expired.

BA30