## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| BRAC GROUP, INC. (f/k/a Budget Group, Inc.), et al., | Case No. 02-12152 (CGC) |
| Debtors. | (Jointly Administered) |
| BRAC GROUP, INC. (f/k/a Budget Group, Inc.), et al., | |
| Plaintiffs, | 03-A-54271 |
| v. | |
| Jaeban (U.K.) Limited, et al., | |
| Defendants. | |

**BRACII'S PARTIAL OPPOSITION TO MR. JAEBAN'S MOTION TO EXTEND DEADLINES IN REVISED PRE-TRIAL SCHEDULING ORDER**

Plaintiff Budget Rent-A-Car International, Inc ("BRACII"), by its undersigned counsel, agrees with Mr. Jaeban that the deadlines for completion of depositions and for briefing any dispositive motions should be extended for sixty days from the dates provided in the Revised Pre-Trial Scheduling Order. Any further scheduling will depend, however, on the Court's determination of BRACII's Motion for Further Sanctions and Other Relief Due to Mr. Jaeban's Multiple Failures to Comply with the Court's May 25, 2004 Order, filed by BRACII on August 27, 2004 and on Mr. Jaeban's Motion for Order Reopening Limited Discovery.[1]

---

[1] The title of Mr. Jaeban's motion is confusing, but if it means that he is seeking limited discovery, it is a misnomer. He seeks leave to serve 25 new, broad document requests on BRACII covering the entire case and possibly to serve third-party discovery. For the reasons in BRACII's Motion for Further Sanctions and its (forthcoming) opposition to Mr. Jaeban's Motion, this discovery is untimely and inappropriate. If his motion is granted, however, the schedule proposed by the parties is almost certainly unworkable.

BRACII therefore respectfully requests that the Court enter only the first paragraph of Mr. Jaeban's proposed Order in the form attached to this Motion (which specifies the relevant dates for the conclusion of depositions and for briefing any dispositive motions). While BRACII will continue to discuss certain discovery issues with Mr. Jaeban in the hope of avoiding additional motion practice, it may be more appropriate for the Court to direct the parties to agree on a revised schedule within seven days after the Court rules on the relief sought in BRACII's Motion for Further Sanctions.

WHEREFORE, BRACII respectfully requests that the Court extend the dates set forth in the August 2, 2004 Revised Pre-Trial Scheduling Order by entering the Order attached hereto and defer any further relief until BRACII's Motion for Further Sanctions is decided.

Dated: September 3, 2004

Respectfully submitted,

| **SIDLEY AUSTIN BROWN & WOOD** LLP | **YOUNG CONAWAY STARGATT & TAYLOR, LLP** |
|---|---|
| Kenneth E. Wile<br>Bank One Plaza<br>10 South Dearborn Street<br>Chicago, Illinois 60603<br>(312) 853-7000 | Robert S. Brady (Bar No. 2847)<br>Edmon L. Morton (No. 3856)<br>The Brandywine Building, 17th Floor<br>1000 West Street, P.O. Box 391<br>Wilmington, Delaware 19899-0391<br>(302) 571-6600 |

Counsel for Debtors and Debtors-in-Possession BRAC Group, Inc., et al.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| BRAC GROUP, INC. (f/k/a Budget Group, Inc.), et al., | Case No. 02-12152 (CGC) |
| Debtors. | (Jointly Administered) |
| BRAC GROUP, INC. (f/k/a Budget Group, Inc.), et al., | |
| Plaintiffs, | 03-A-54271 |
| v. | |
| Jaeban (U.K.) Limited, | |
| Defendant. | |

### SEPTEMBER 2004 REVISED PRE-TRIAL SCHEDULING ORDER

Due notice having been given and all parties having appeared and been heard, IT IS ORDERED AS FOLLOWS:

1. All depositions in this adversary proceeding shall be completed by October 22, 2004.

2. Motions for summary judgment shall be filed by November 16, 2004.

3. Memoranda in opposition to summary judgment shall be filed by November 30, 2004.

4. Reply memoranda in support of summary judgment shall be filed by December 7, 2004.

3

BA286

5. The entry of this Order shall have no effect on any deadline that expired prior to August 22, 2004.

**SO ORDERED:**

_____
United States Bankruptcy Judge

Date:_____

BA287

**PAGES BA288-BA373 INTENTIONALLY OMITTED**