IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>BRAC GROUP, INC. (f/k/a Budget Group, Inc.), et. al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 02-12152 (JLP)<br><br>(Jointly Administered) |
| BRAC GROUP, INC. (f/k/a Budget Group, Inc.), et al,<br><br>Plaintiffs,<br><br>v.<br><br>Jaeban (U.K.) Limited, et al,<br><br>Defendants. | 03-A-54271 (CGC) |

## ORDER

Upon consideration of (a) Defendant/Counterclaim Plaintiff Ibrahiem Jaeban's Motion to Extend Deadlines in Revised Pre-Trial Scheduling Order (Docket No. 47); (b) Motion for Further Sanctions and Other Relief Due to Mr. Jaeban's Multiple Failures to Comply with the Court's May 25, 2004 Order of Plaintiff-Counterclaim Defendant Budget Rent-A-Car International, Inc. ("BRACII") (Docket No. 50); and (c) Defendant/Counterclaim Plaintiff Ibrahiem Jaeban's Motion for Order Reopening Limited Discovery (Docket No. 51); (d) all memoranda and exhibits filed in connection with the foregoing motions; and (e) oral argument made by the parties' counsel on September 21, 2004; it is hereby ORDERED:

JA1

1. For the reasons set forth in its December 14, 2004 Memorandum Opinion (Docket No. 73), the Court hereby grants BRACII's Motion for Further Sanctions and Other Relief. As sanctions, the Court:

   (a) Dismisses with prejudice all counterclaims asserted by Jaeban UK or Mr. Jaeban against BRACII in this adversary proceeding;

   (b) Pursuant to Paragraph 13 of the Court's February 24, 2003 Order in Case No. 02-12152 (JLP) (Docket No. 2633) approving the sale of assets of BRAC Rent-A-Car Corporation and BRACII to Avis Europe plc, overrules Jaeban UK's Unresolved Cure Objection;[1]

   (c) Directs that all funds held in Cure Account No. 194-461-0 at Harris Trust and Savings Bank in Chicago, Illinois or otherwise segregated at any financial institution on account of Jaeban UK's Unresolved Cure Objection against Debtors or of any other claims asserted by Jaeban UK or Mr. Jaeban against any or all of the Debtors in Case No. 02-12152, be transferred or otherwise made available to BRACII forthwith;

   (d) Authorizes BRACII to take all steps necessary to obtain use of such funds in accordance with the terms of this Order.

2. For the reasons set forth in its December 14, 2004 Memorandum Opinion, the Court hereby denies as moot (i) Defendant/Counterclaim Plaintiff Ibrahiem Jaeban's Motion to Extend Deadlines in Revised Pre-Trial Scheduling Order and (ii) Defendant/Counterclaim Plaintiff Ibrahiem Jaeban's Motion for Order Reopening Limited Discovery.

---

[1] Jaeban UK's Unresolved Cure Objection (as defined in the Court's February 24, 2003 Order) is set forth in a faxed Objection dated February 13, 2003 and restated in Jaeban UK's Counterclaims and Mr. Jaeban's Amended Counterclaims.

3. The Court hereby stays the effective date of this Order until the expiration of ten days after this Order is entered on the Docket or such further time, if any, as may be agreed by Mr. Jaeban and BRACII or granted by further Order of this Court. In the event that Mr. Jaeban files a motion to reconsider, alter, or amend this Order before the expiration of the stay granted in the preceding sentence, the effective date of this Order shall be further stayed until 4:00 p.m. Eastern Time on the second business day after the date on which the Court enters an Order on the Docket resolving such motion.

Dated: January 12, 2005

CHARLES G. CASE, II
UNITED STATES BANKRUPTCY JUDGE



UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

DEC 1 4 2004

UNITED STATES
BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

In re: )
)   Chapter 11
BRAC GROUP, INC. (f/k/a BUDGET )
GROUP, INC., et al., )   Case No. 02-12152 (CGC)
) Jointly Administered
Debtors. )
)
BRAC GROUP, INC. (f/k/a BUDGET )
GROUP, INC., et al., )
)
Plaintiffs and Counterclaim Defendants, )
)   Adversary No. 03-54271 (CGC)
v. )
)
JAEBAN (U.K.) LIMITED, )
)
Defendant and Counterclaim Plaintiff. )
)

## MEMORANDUM OPINION

Robert S. Brady
Edmon L. Morton
Joseph A. Malfitano
Matthew B. Lunn
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899

- and -

Larry J. Nyhan
Kenneth E. Wile
Sidley Austin Brown & Wood LLP
Bank One Plaza
10 South Dearborn Street
Chicago, IL 60603

Attorneys for Debtors and Debtors-in-Possession

December 14, 2004

Brian A. Sullivan
Amy D. Brown
Werb & Sullivan
300 Delaware Ave., 10th Floor
Wilmington, DE 19801

Attorneys for Ibrahiem Jaeban, Assignee
of Defendant Jaeban (U.K.) Limited

CASE, J.

## I. INTRODUCTION

Before the Court are several discovery related motions brought by both Debtor, BRAC Rent-A-Car International, Inc. ("BRACII") and Defendant Ibrahiem Jaeban ("Defendant" and/or "Mr. Jaeban"):[1]

1. Defendant/Counterclaim Plaintiff Ibrahiem Jaeban's Motion to Extend Deadlines in Revised Pre-Trial Scheduling Order and Memorandum in Support;

2. BRACII's Motion for Further Sanctions and Other Relief Due to Mr. Jaeban's Multiple Failures to Comply with the Court's May 25, 2004 Order; and

3. Defendant/Counterplaintiff Ibrahiem Jaeban's Motion for Order Reopening Limited Discovery.

The Court took these matters under advisement after the presentation of oral argument on September 21, 2004.

## II. ANALYSIS

In its May 25, 2004, Memorandum Decision, this Court extended the discovery cutoff date from January 30, 2004, to June 18, 2004, and ordered Mr. Jaeban to respond to Plaintiff BRACII's Second Request for Production of Documents (served on November 26, 2003) and to respond to concerns raised by Plaintiffs in a letter dated December 12, 2003, regarding gaps in Mr. Jaeban's November production of documents. Further, the Decision stated that "[f]ailure to meet this deadline will result in an order prohibiting Mr. Jaeban from introducing into evidence (or using in any other way) any documents not so produced and prohibiting testimony from any

---

[1] In the interests of brevity, the Court refers to its May 25, 2004, Memorandum Decision for a somewhat detailed summary of the dispute between the parties and the prior proceedings in this case.

2

witnesses not produced for deposition. This is without prejudice to BRACII seeking other sanctions that may be appropriate under the circumstances after the discovery period has lapsed." Subsequently, the parties agreed to a revised pretrial scheduling order extending, *inter alia*, the date to complete depositions to August 23, 2004. To date, the depositions have not been completed and discovery remains outstanding.

For his part, Mr. Jaeban now seeks an extension of August 23, 2004, deposition deadline and the dispositive motion deadlines, stating summarily that a variety of "unanticipated discovery and logistical issues" have arisen preventing compliance with the pretrial scheduling order. BRACII does not object to a sixty day continuance to complete the depositions and to brief any dispositive motions. However, BRACII requests the Court not adopt paragraph 2 of Mr. Jaeban's form of order directing the parties to confer within twenty days of the order for the purpose of submitting a proposed revised scheduling order. Instead, BRACII believes the Court should first consider BRACII's motion for sanctions against Mr. Jaeban and Mr. Jaeban's motion to reopen limited discovery, as resolution of those motions may have a bearing on any potential revised scheduling order.

BRACII's renewed motion for sanctions stems from Mr. Jaeban's failure to comply with the Court's May 25, 2004, Memorandum Opinion ("May 25th Order"), quoted *supra*, requiring Mr. Jaeban to respond by June 18, 2004, to BRACII's second document request and explain various gaps in his November responses to BRACII's document request. According to BRACII, after the June 18 deadline and the August depositions in England, Mr. Jaeban disclosed "two large document collections – one at the offices of the Receivers of Jaeban (U.K.) Limited ('Jaeban UK') and the other at his former business headquarters, 'Welcome House' in Oldbury,

3

England." These documents were not then actually produced until late August to BRACII. BRACII represents that some of the documents received are highly relevant to the issues in this case and now necessitate further "third-party discovery that should have occurred months ago." BRACII complains that additional documents produced belatedly the night before Mr. Jaeban's deposition contain important information that should have been produced in November, 2003, pursuant to BRACII's first request for production.

Mr. Jaeban contends he did comply with the May 25th Order, producing what he had and could get by the June 18th deadline. In nearly the same breath, however, he acknowledges turning over previously undisclosed documents well past the deadline, explaining simply that he did not believe the documents were in fact responsive to the requests but that he felt compelled to do so to avoid further discovery disputes.[2] He further argues that with respect to some of the documents, the receiver was in control and refused to turn over the documents despite Mr. Jaeban's requests.

It is important to put this matter in context. The Defendant here faced the guillotine once previously for failing to follow Court orders on a number of issues. At that time, the Court considered whether the drastic sanction of dismissal requested by BRACII was appropriate under the Third Circuit's standards in *Poulis v. State Farm Fire & Cas. Co*, 747 F.2d 863 (3d Cir. 1984). Concluding in the negative, the Court then set out sanctions in the form of new deadlines

---

[2]This argument then raises the question, if Mr. Jaeban was truly acting with an abundance of caution by turning these materials over, why did he not also turn them over within the Court-ordered time line to avoid *any* potential discovery related dispute with respect to them? His argument seems hollow at best. The fact that some of the documents were in fact deemed relevant by BRACII, a contention not disputed by Mr. Jaeban, further undermines Mr. Jaeban's argument that they were not responsive or relevant.

4

and requirements and specifically advised Mr. Jaeban that failure to comply would lead to certain explicit sanctions with the possibility of other sanctions in the appropriate circumstances.

The essence of BRACII's sanction's motion is enough is enough. The Court finds merit in this position, especially in light of the prior sanction proceedings leading up the May 25th Order. The June 18th deadline was established, for lack of a better term, as a "second chance" for Mr. Jaeban to comply with BRACII's discovery requests, actively participate in the case and respond to BRACII's motion for sanctions against Mr. Jaeban for "failing to obtain Delaware counsel, comply with the Court's scheduling order, or advance" the proceeding. The sanction BRACII sought in its original motion was dismissal of Mr. Jaeban's answer, affirmative defenses, and counterclaims. The Court declined to impose such a drastic sanction in light of its conclusion that Mr. Jaeban's failure to participate in the case up to that point, respond to discovery and comply with the Court's orders was a result of the Administrative Receiver in England, over which Mr. Jaeban and Jaeban UK had no control.

The failure to comply with the June 18th deadline, however, cannot now be similarly shrugged off on the receiver. Mr. Jaeban must take responsibility for his own actions, or lack of action as the case may be, to comply with the May 25th Order or, at minimum, properly inform BRACII and this Court of what he was doing in an attempt to comply with the Order. This is especially true in light of the fact that Mr. Jaeban was, post-May 25th Order, warned that his failure to comply with the deadline would result in sanctions and that he was therefore, so to speak, under the microscope. The Court also finds lacking Mr. Jaeban's record of what actions he took with respect to the Receiver and when. It appears, from the record Mr. Jaeban has provided, that he and his counsel did not contact the Receiver until after the June 18th deadline

5

had already passed. Paragraph 4 of Mr. Wilcox's affidavit indicates that he and Mr. Jaeban did not contact the receiver until August 4. And, once this contact was made, Mr. Jaeban had the documents produced nearly a week later to BRACII on August 12.

Further, the fact that the subsequently stipulated revised pre-trial scheduling order did not alter the June 18th discovery response deadline highlights Mr. Jaeban's failure to keep everyone, including the Court and BRACII, abreast of the alleged problems he was having. If Mr. Jaeban were having trouble getting responses to BRACII's discovery by the June 18th deadline, why was an extension of that deadline not included in the revised pre-trial scheduling order or, at a minimum, at least discussed while agreeing to the new schedule?

For sanctions, BRACII requests either the dismissal of Mr. Jaeban's counterclaims or termination of the escrow, either of which spell the death knell for Mr. Jaeban's case. BRACII also seeks a full, written explanation by Mr. Jaeban as to whether Price Waterhouse Coopers attempted to comply with BRACII's document requests and whether Mr. Jaeban can account for all of the documents that were available to, but not produced by, Price Waterhouse Coopers or Wragge & Co. to BRACII in November, 2003. Further, it seeks an order from this Court finding Mr. Jaeban's recent documents requests untimely. Last, BRACII seeks its fees in sending U.S. counsel to England in August to pursue the deposition schedule and for filing this motion.

To determine if dismissal is appropriate, the *Poulis* factors need to be re-examined in light of current facts..

1. "Extent of a party's personal responsibility." Mr. Jaeban argues that the delays are the fault of the receiver. That does not wash; in particular, the failure to take

6

any action prior to the deadline lies directly at Mr. Jaeban's feet. This factor is now clearly in BRACII's favor.

2. "Prejudice to BRACII." BRACII is a post-confirmation debtor seeking to wind up its affairs. Delay is necessarily undesirable. This issue has now been pending a year. While it is true that the sanctions awarded in the last Order were intended to ameliorate any prejudice to BRACII and that, perhaps, a new set of sanctions could be tailored to do the same in the current context, there is no basis to believe that Mr. Jaeban will abide by those rules any more than he has abided by the previous ones. Thus, this issue tilts in BRACII's favor.

3. "History of dilatoriness." While there previously was no such history, now there clearly is. This factor is in BRACII's favor.

4. "Whether the conduct of the party or the attorney was willful or in bad faith." The Court cannot conclude on this record that Mr. Jaeban's conduct was in bad faith but it is fair to conclude that it was willful. No reasonable explanation has been given why the Court-ordered deadlines were ignored, particularly in light of the prior motion. Mr. Jaeban clearly had knowledge of the consequences and failed to act. This factor is in BRACII's favor.

5. "The effectiveness of sanctions other than dismissal." Alternative sanctions have already been assessed, apparently without effect. There is little basis to conclude that the result would be different this time around. This factor is in BRACII's favor.

7

6.  "The meritoriousness of the claim or defense." There was no record prior to entry of the previous Order on this issue. Now, the record contains letters from English counsel questioning the underpinnings of Mr. Jaeban's claims. However, the Court has not looked in detail at the merits of either's side contentions. Therefore, this factor is at best neutral for Mr. Jaeban and at worst slightly in favor of BRACII.

In sum, the record now supports dismissal of the counterclaim and release of the escrow as appropriate sanctions for non-compliance. First Jaeban UK and now Mr. Jaeban, as assignee of this claim, have been given a more than adequate opportunity to pursue it vigorously and consistent with the Court's directive and failed to do so. Therefore, sanctions of dismissal of the counterclaim and release of the escrow shall be imposed.

As a result of this ruling, the other pending motions are moot. A form of order is to be submitted under certification of counsel.

_____
Charles G. Case II
United States Bankruptcy Judge

8

Scan312, December 14, 2004.max

JA11

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| BRAC GROUP, INC. (f/k/a BUDGET ) | |
| GROUP, INC., *et al.*, ) | Case No. 02-12152 (CGC) |
| ) | Jointly Administered |
| Debtors. ) | |
| ) | |
| BRAC GROUP, INC. (f/k/a BUDGET ) | |
| GROUP, INC., *et al.*, ) | |
| ) | |
| Plaintiffs and Counterclaim Defendants, ) | |
| ) | Adversary No. 03-54271 (CGC) |
| v. ) | |
| ) | related #78 |
| JAEBAN (U.K.) LIMITED, *et al.*, ) | |
| ) | |
| Defendant and Counterclaim Plaintiff. ) | |

## MEMORANDUM DECISION AND ORDER

Robert S. Brady  
Edmon L. Morton  
Joseph A. Malfitano  
Matthew B. Lunn  
Young Conaway Stargatt & Taylor, LLP  
The Brandywine Building  
1000 West Street, 17th Floor  
P.O. Box 391  
Wilmington, DE 19899

- and -

Larry J. Nyhan  
Kenneth E. Wile  
Sidley Austin Brown & Wood LLP  
Bank One Plaza  
10 South Dearborn Street  
Chicago, IL 60603

Attorneys for Debtors and Debtors-in-Possession

March 4, 2005

Brian A. Sullivan  
Amy D. Brown  
Werb & Sullivan  
300 Delaware Ave., 10th Floor  
Wilmington, DE 19801

Attorneys for Ibrahiem Jaeban, Assignee  
of Defendant Jaeban (U.K.) Limited

**CASE, J.**

Before the Court is Defendant Ibrahiem Jaeban's motion to reconsider, and related pleadings, this Court's January 13, 2005, Order, which was entered in accordance with the Court's December 14, 2004, Memorandum Opinion addressing several discovery related motions brought by both Debtor, BRAC Rent-A-Car International, Inc. ("BRACII") and Defendant Ibrahiem Jaeban ("Defendant" and/or "Mr. Jaeban"):

1. Defendant/Counterclaim Plaintiff Ibrahiem Jaeban's Motion to Extend Deadlines in Revised Pre-Trial Scheduling Order and Memorandum in Support;

2. BRACII's Motion for Further Sanctions and Other Relief Due to Mr. Jaeban's Multiple Failures to Comply with the Court's May 25, 2004 Order; and

3. Defendant/Counterplaintiff Ibrahiem Jaeban's Motion for Order Reopening Limited Discovery.

Pursuant to the January, 2005, Order, the Court sanctioned Mr. Jaeban by dismissing with prejudice all counterclaims asserted by Jaeban UK and Mr. Jaeban against BRACII in adversary 03-54271, approving the sale of assets of BRAC Rent-A-Car Corporation and BRACII to Avis Europe plc, transferring all funds formerly segregated and held pending resolution of various objections to the sale by Jaeban UK and Mr. Jaeban to BRACII, and authorizing BRACII to take all necessary steps to obtain use of the funds in accordance with the Order. The Order further ruled moot Mr. Jaeban's motion to extend and motion to reopen discovery. These sanctions stemmed from Mr. Jaeban's failure to comply with an earlier Memorandum Decision issued in May of 2004.

According to Mr. Jaeban, this Court "misinterpreted the facts on which it based the order" and the evidence did not support such extreme sanctions. Reconsideration may be justified

2

where movant can show "1. an intervening change in controlling law; 2. the availability of new evidence; or 3. the need to correct clear error [of law] or prevent manifest injustice." *See North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). Mr. Jaeban satisfies none of these points.

In its May 25, 2004, Memorandum Decision, this Court extended the discovery cutoff date from January 30, 2004, to June 18, 2004, and ordered Mr. Jaeban to respond to Plaintiff BRACII's Second Request for Production of Documents (served on November 26, 2003) and to respond to concerns raised by Plaintiffs in a letter dated December 12, 2003, regarding gaps in Mr. Jaeban's November production of documents. Further, the Decision stated that "[f]ailure to meet this deadline will result in an order prohibiting Mr. Jaeban from introducing into evidence (or using in any other way) any documents not so produced and prohibiting testimony from any witnesses not produced for deposition. This is without prejudice to BRACII seeking other sanctions that may be appropriate under the circumstances after the discovery period has lapsed." Subsequently, the parties agreed to a revised pretrial scheduling order extending, *inter alia*, the date to complete depositions to August 23, 2004. As of the date the Court issued its December, 2004, Memorandum Decision, the depositions had not been completed and discovery remained outstanding.

As a result, BRACII sought sanctions for Mr. Jaeban's failure to respond by the June 18, 2004, deadline and to explain various gaps in his November responses to BRACII's document request. Further, according to BRACII, after the June 18 deadline and the August depositions in England, Mr. Jaeban disclosed two large document collections that BRACII considered highly relevant to the issues in this case and that now necessitated further "third-party discovery that

3

should have occurred months ago." BRACII complained that these belatedly produced documents contain important information that should have been produced back in November, 2003, pursuant to BRACII's first request for production.

After consideration of all the pleadings before the Court and the arguments at hearing, the Court agreed with BRACII and issued further sanctions in its December, 2004, Memorandum Opinion and January, 2005, Order from which Mr. Jaeban now seeks reconsideration.

Several arguments Mr. Jaeban raises are simply a regurgitation of what he already presented to the Court in his response to BRACII's motion for sanctions. For example, this Court already considered and rejected Mr. Jaeban's argument that BRACII's Second Joint Request for Production of Documents related solely to documents within the possession of the Receiver and, therefore, beyond his reach. The Court expressly found Mr. Jaeban's cooperation lacking, as well as his "record of what actions he took with respect to the Receiver and when." Similarly, the fact that Jaeban UK had in fact filed an objection to the Second Joint Request for Production of Documents was raised by Mr. Jaeban and known to this Court at the time of its December, 2004, Memorandum Decision. Further, any confusion or uncertainty on Mr. Jaeban's part as to whether the Court's Order was overruling the objections or not was something Mr. Jaeban should have sought clarification on if needed. When under the microscope as he was, there is no explanation for why he chose to rely on the pending objections of Jaeban UK and not either respond to the discovery as ordered by the Court or seek clarification from the Court.

Mr. Jaeban also complains throughout his motion to reconsider that he could not control the Receiver or Jaeban UK at various points in time and, as such, should essentially be excused for not only failing to comply with this Court's Order, but also in not keeping this Court or

4

BRACII advised of what he was doing in attempting to comply. A fair reading of this Court's December, 2004, Memorandum Decision clearly indicates that the sanctions against Mr. Jaeban were not simply for one or two failures to comply or produce certain information, which he characterizes as events beyond his control. The sanctions were imposed for Mr. Jaeban's overall carelessness in not only complying with this Court's instructions but also in failing to keep BRACII and this Court apprised of what he was in fact doing in a good faith attempt to comply. The record reflects that Mr. Jaeban failed to take seriously this Court's earlier warnings and elected, instead, to perhaps do as little as possible and blame his lack of diligence on Jaeban UK or the Receiver's representatives.

Further, the fact remains that Mr. Jaeban and Mr. Wilcox did not seem to seriously attempt contact with the Receiver until after the Court's June 18th discovery response deadline. Serious effort should have been done before the deadline. And, once it was done, documents were in fact turned over, a fact that significantly diminishes Mr. Jaeban's argument that he had no control over getting some of these documents. Apparently, all it took was an email. Moreover, the documents ultimately disclosed, according to BRACII, were highly relevant and necessitated additional discovery that should have occurred months earlier. Whether this conclusion by BRACII is ultimately true is irrelevant where Mr. Jaeban has not challenged the relevancy or responsiveness of the documents to BRACII's request for production.

As to Mr. Jaeban's argument that this Court's Order "deprives him of all rights to discovery on [BRACII's] personal guaranty claim against him," the Court clarifies that this is not the case. All of the proceedings to date in this matter have related to Mr. Jaeban's position as assignee of Jaeban UK's counterclaims against BRACII, and not to BRACII's personal guaranty

5

claims against Mr. Jaeban. Therefore, the sanctions imposed in the January 13 Order, and reaffirmed herein, are against Mr. Jaeban only to the extent he is the assignee of Jaeban UK. The Court's sanction Order was only directed at the counterclaims. It was not directed at the liability of Jaeban UK under its primary liability, except to the extent of the Court's other prior Order granting BRACII partial summary judgment against Jaeban UK and requiring turnover of the £327,944.09. Further, the Order did not, and the Court did not intend the Order to, deal with BRACII's claims against Mr. Jaeban on the personal guaranty. Mr. Jaeban has whatever defenses he believes he has to the guaranty claim and those are unaffected by the Court's January 13, 2005, Order or this Order. If BRACII elects to continue pursuing the personal guaranty claim, the parties are ordered to meet and confer regarding a discovery schedule on the claim and request the Court set a Rule 16(b) Scheduling Conference.[1]

Last, the Court agrees with BRACII that Mr. Jaeban's attempt to bolster his earlier arguments with new affidavits is not permitted on reconsideration. Motions for reconsideration are not meant to allow the disappointed party a second bite at the apple.

For the foregoing reasons, Mr. Jaeban's motion for reconsideration is denied and the Court finds a hearing unnecessary.

*[signature]*

Charles G. Case II
United States Bankruptcy Judge

---

[1] Such scheduling conference shall not take place before this Judge, as this Judge's tenure as a visiting judge with the Delaware Court has expired.