IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| BRAC GROUP, INC. (f/k/a Budget Group, Inc.), et al.[1], | Case No. 02-12152 (MFW) |
| Debtors. | (Jointly Administered) |
| BRAC GROUP, INC. (f/k/a Budget Group, Inc.), et al., | |
| Plaintiffs, | 03-A-54271 |
| v. | |
| Jaeban (U.K.) Limited, | |
| Defendants. | |

**DEBTORS' ANSWER AND AFFIRMATIVE DEFENSES TO
THE AMENDED COUNTERCLAIMS OF DEFENDANT IBRAHIEM JAEBAN**

Plaintiffs and Counterclaim Defendants, the debtors and debtors-in-possession

(collectively, the "Debtors") in the above-captioned action, by their undersigned attorneys,

hereby answer the amended counterclaims set forth in the Answer and Affirmative Defenses to

---

[1] The Debtors are the following entities: BRAC Group, Inc., Auto Rental Systems, Inc., BGI Airport Parking, Inc., BGI Shared Services, Inc., BGI Shared Services, LLC, BRAC Credit Corporation, BRAC Car Sales, Inc., BRAC Fleet Finance Corporation, BRAC Rent A Car Asia-Pacific, Inc., BRAC Rent A Car Caribe Corporation, BRAC Rent A Car Corporation, BRAC Rent-A-Car International, Inc., BRAC Rent A Car of Japan, Inc., BRAC Rent-A-Car of St. Louis, Inc., BRAC Rent-A-Car of the Midwest, Inc., BRAC Rent-A-Car Systems, Inc., BRAC Sales Corporation, BRAC Storage Corporation, BRAT Move Management, Inc., BRAT Relocation Services, Inc., BRAT TRS, Inc., BVM, Inc., Carson Chrysler Plymouth Dodge Jeep Eagle, Inc., Control Risk Corporation, Dayton Auto Lease Company, Inc., Directors Row Management Company, LLC, IN Motors VI, LLC, Mastering The Move Realty, Inc., Mosiant Car Sales, Inc., NYRAC Inc., Paul West Ford, Inc., Philips Jacobs Insurance Agency, Inc., Premier Car Rental LLC, Reservation Services, Inc., TCS Properties, LLC, Team Car Sales of Charlotte, Inc., Team Car Sales of Dayton, Inc., Team Car Sales of Philadelphia, Inc., Team Car Sales of Richmond, Inc., Team Car Sales of San Diego, Inc., Team Car Sales of Southern California, Inc., Team Fleet Services Corporation, Team Holdings Corp., Team Realty Services, Inc., The Move Shop, Inc., Transportation and Storage Associates, ValCar Rental Car Sales, Inc., Vehicle Rental Access Company, LLC, and Warren Wooten Ford, Inc.

JA1374

Amended Complaint and Amended Counterclaims (the "Counterclaim") of Defendant Ibrahiem

Jaeban. Any allegation set forth in the Counterclaim not specifically admitted herein is denied.

Debtors further deny that Mr. Jaeban has standing to answer the Amended Complaint or assert

affirmative defenses to the Amended Complaint, as Mr. Jaeban does not purport to be an

assignee of the liabilities of Jaeban (U.K.) Limited. In the alternative, and assuming *arguendo*

only that the affirmative defenses are properly alleged, Debtors deny Mr. Jaeban's purported

affirmative defenses. Debtors also deny that Mr. Jaeban has standing to sue Budget Rent-a-Car

International, Inc. ("BRACII") or is otherwise a party to a valid assignment of the rights and

counterclaims of Jaeban U.K. against BRACII.

      Subject to and without waiving any of the foregoing points, Debtors state as

follows:

## PARTIES

    42.    Counterclaim Plaintiff Mr. Jaeban is a resident of [the] United Kingdom.
Mr. Jaeban is the assignee of Jaeban U.K.

    **ANSWER:**   Debtors admit that Mr. Jaeban is a resident of the United Kingdom,

deny the remaining allegations in Paragraph 42, and aver that the purported assignment to Mr.

Jaeban is invalid under English law.

    43.    Jaeban UK has a place of business for self-drive, contract hire and direct
auto sales services located at Welcome House, 999 Wolverhampton Road, Oldbury, West
Midlands, United Kingdom, B69 4RJ.

    **ANSWER:**   Debtors lack knowledge and information sufficient to form a belief

as to the truth of the allegations in paragraph 43 of the Counterclaim, and on that basis deny

them.

    44.    On information and belief, counterclaim defendant BRAC is a Delaware
corporation with a place of business at Hemel Hempstead, England.

WP3:1025622 1

59519.1021

**JA1375**

**ANSWER:**     Debtors admit that BRACII and other debtors are Delaware

corporations and deny the remaining allegations in paragraph 44.

## JURISDICTION AND VENUE

45.     This Court has jurisdiction over this proceeding pursuant to 28 U.S.C.
§ 1334.  Venue is proper in this court pursuant to 28 U.S.C. § 1409.  This is a core proceeding
pursuant to 28 U.S.C. § 157(b)(2).

**ANSWER:**     Admitted.

## BACKGROUND

46.     On or about March 5, 2001, BRAC and Jaeban U.K. entered into an
International Prime License Agreement (the "ILPA") and an Umbrella Agreement.  A true and
correct copy of the ILPA is attached hereto as Exhibit A.

**ANSWER:**     Debtors admit that BRACII and Jaeban entered into the

International Prime License Agreement (the "IPLA" as used by Debtors in this pleading) and an

Umbrella Agreement on or about March 5, 2001.  Debtors deny the remaining allegations of

paragraph 46 and aver that the IPLA is an exhibit to the Umbrella Agreement.

47.     Pursuant to the ILPA, BRAC licensed the Budget trademark to Jaeban
U.K.

**ANSWER:**     Debtors admit, that pursuant to and on the terms set out in the

IPLA and the Umbrella Agreement, BRACII licensed the Budget trademark to Jaeban and deny

the remaining allegations in paragraph 47.

48.     Jaeban U.K. has performed or substantially performed its obligations
under the ILPA and all conditions precedent to BRAC's obligations, if any, have been satisfied.

**ANSWER:**     Denied.

49.     BRAC has breached the ILPA by failing to adequately market the Budget
brand pursuant to the ILPA, failing to adequately provide certain administrative functions
required by the ILPA, and/or failing to provide integrated service across critical territories as
required by the ILPA.

3

**ANSWER:**   Denied.

50.   In consideration of Jaeban U.K. entering into the ILPA, BRAC provided a written guaranty to Jaeban U.K., whereby BRAC guaranteed as the primary obligor the obligation of BRAC's subsidiary, BTI (UK) pk ("BTI") for the leasing of vehicles.

**ANSWER:**   Denied.

51.   Jaeban U.K. leased vehicles to BTI pursuant to various agreements between Jaeban and BTI.

**ANSWER:**   Denied.  Debtors aver that BTI, from time to time, entered into

sub-rental agreements with Jaeban U.K. and refer to those agreements for their contents.

52.   BTI owes Mr. Jaeban, as assignee of Jaeban U.K., an amount of not less than £351,180.82 for various charges associated with the leasing of vehicles to BTI, including for charges related to damage to the vehicles and mileage.

**ANSWER:**   Denied.

53.   In August, 2002, Jaeban U.K. requested that BTI return certain vehicles in its possession that it had leased from Jaeban U.K..  To date, BTI has failed to return those vehicles.  As a result of BTI's failure to return those vehicles, Jaeban U.K. has been damaged in an amount not less than £70,000.

**ANSWER:**   Denied.

54.   Additionally, during the course of 2002, certain customers of Jaeban U.K. mistakenly paid certain sums, owed by them to Jaeban U.K., to BRAC.  BRAC has failed to remit payment of those monies to Jaeban U.K.  As a result, Jaeban U.K. has been damaged in the amount of £49,724.47.

**ANSWER:**   Denied.

55.   Furthermore, BRAC is indebted and owes to Jaeban U.K. the sum of £1,231,678.76.  This amount is the result of reconciling the Accounts Payable and the Accounts Receivable between the parties, including amounts customers paid to BRAC for services provided by Jaeban U.K.  BRAC has acknowledged in correspondence that these sums are due and owing to Jaeban U.K., but has failed to remit these monies to Jaeban U.K. or to Mr. Jaeban. As a result, Jaeban U.K. has been damaged in an amount not less than £1,231,678.76.

**ANSWER:**   Debtors admit that neither BRACII nor any other debtor has paid

£1,231,678.76 to Jaeban U.K. or Mr. Jaeban and aver that no amount is due and owing by

4

BRACII or any debtor to Jaeban U.K. or Mr. Jaeban. Debtors deny the remaining allegations in paragraph 55.

## COUNT I
## BREACH OF CONTRACT/DEBT

56.   Mr. Jaeban repeats and realleges the allegations contained in paragraphs 42 through 55 as if fully set forth herein.

**ANSWER:**   Debtors adopt and incorporate by reference their answers to paragraphs 42 through 55 of the Amended Counterclaim.

57.   BRAC has breached the ILPA by failing to adequately market the Budget brand as required by the ILPA, failing to adequately provide certain administrative functions required by the ILPA, and/or failing to provide integrated service across critical territories as required by the ILPA. Such failures constituted material breaches of the ILPA.

**ANSWER:**   Denied.

58.   Jaeban U.K. has suffered consequential and incidental damages and lost profits as a result of such breaches by BRAC in an amount to be determined at trial.

**ANSWER:**   Denied.

59.   Mr. Jaeban, as assignee of Jaeban U.K., is entitled to recover the damages Jaeban U.K. suffered as a result of breaches by BRAC.

**ANSWER:**   Denied.

## COUNT II
## CONVERSION OF MONIES OWED TO JAEBAN

60.   Mr. Jaeban repeats and realleges the allegations contained in paragraphs 42 through 59 as if fully set forth herein.

**ANSWER:**   Debtors adopt and incorporate by reference their answers to paragraphs 42 through 59 of the Amended Counterclaim.

61.   Jaeban U.K. has a property interest in the monies mistakenly paid by Jaeban's customers to BRAC.

**ANSWER:**   Denied.

WP3:1025622 1                                          59519 1021

JA1378

62.     Jaeban U.K. has a right to possession and use of these monies.

**ANSWER**:  Denied.

63.     BRAC has improperly and unlawfully exercised dominion and control over these monies, and has wrongly converted these monies to its own use, and has failed to remit payment of these monies to Jaeban U.K. or Mr. Jaeban.

**ANSWER**:     Denied.

64.     As a result of BRAC's wrongful conversion of these monies, Jaeban U.K. has suffered damage in the amount of £49,724.47.

**ANSWER**:     Denied.

65.     Mr. Jaeban, as assignee of Jaeban U.K., is entitled to recover the damages Jaeban U.K. suffered as a result of such conversion by BRAC.

**ANSWER**:     Denied.

## COUNT III
## BREACH OF CONTRACT/GUARANTY

66.     Mr. Jaeban repeats and realleges the allegations contained in paragraphs 42 through 65 as if fully set forth herein.

**ANSWER**:     Debtors adopt and incorporate by reference their answers to

paragraphs 42 through 65 of the Amended Counterclaim.

67.     There exists a valid and enforceable agreement between Jaeban U.K. and BRAC whereby BRAC, absolutely and unconditionally, guaranteed as the primary obligor the obligations of BTI to Jaeban U.K. for the leasing of vehicles.

**ANSWER**:     Denied.

68.     Jaeban U.K. has performed or substantially performed its obligations under the agreements with BTI and all conditions precedent to BTI's and, hence, BRAC's obligations have been satisfied.

**ANSWER**:     Denied.

69.     BTI owes Jaeban U.K. an amount of not less than £351,180.82 for various charges associated with its leasing of vehicles from Jaeban.

6

JA1379

**ANSWER:**    Denied.

70.    BTI owes Jaeban U.K. an amount of not less than £70,000 for its failure to return to Jaeban certain vehicles that it had leased from Jaeban U.K.

**ANSWER:**    Denied.

71.    As the primary obligor and or guarantor of BTI's obligations to Jaeban U.K., BRAC is absolutely and unconditionally obligated to pay to Jaeban U.K. those sums owed to Jaeban U.K. by BTI.

**ANSWER:**    Denied.

72.    BRAC has breached its guaranty to Jaeban U.K. by failing to remit payment to Jaeban of amounts owed by BTI to Jaeban U.K.

**ANSWER:**    Denied.

73.    Jaeban U.K. has suffered damages as a result of such breaches in an amount of not less than £421,180.82.

**ANSWER:**    Denied.

74.    Mr. Jaeban, as assignee of Jaeban U.K., is entitled to recover the damages Jaeban U.K. suffered as a result of such breaches by BRAC.

**ANSWER:**    Denied.

## COUNT IV
## BREACH OF CONTRACT/DEBT

75.    Mr. Jaeban repeats and realleges the allegations contained in paragraphs 42 through 74 as if fully set forth herein.

**ANSWER:**    Debtors adopt and incorporate by reference their answers to

paragraphs 42 through 75 of the Amended Counterclaim.

76.    BRAC has breached the ILPA by failing to remit and pay to Jaeban U.K. all sums and amounts owed by BRAC to Jaeban U.K. pursuant to the provisions of the ILPA, including, but not limited to amounts customers paid to BRAC for services actually provided by Jaeban U.K.

**ANSWER:**    Denied.

7

WP3:1025622.1                                                                59519 1021

77.    Jaeban U.K. is owed an amount of not less than £1,231,678.66 as its Accounts Receivable from BRAC for amounts due Jaeban U.K. pursuant to the provisions of the ILPA.

ANSWER:    Denied.

78.    As a result of BRAC's breach of in failing to pay Jaeban [U.K.] the amounts owed, Jaeban U.K. has suffered damages in an amount of not less than £1,231,678.66.

ANSWER:    Denied.

79.    Mr. Jaeban, as assignee of Jaeban U.K., is entitled to recover the damages Jaeban U.K. suffered as a result of such breaches by BRAC.

ANSWER:    Denied.


## AFFIRMATIVE DEFENSES

1.    Mr. Jaeban has failed to state a claim upon which relief can be granted.

2.    Mr. Jaeban lacks standing and otherwise lacks capacity to assert the claims set forth in the Counterclaim or Amended Counterclaim because any assignment of rights by Jaeban U.K. (and/or its receivers) to Mr. Jaeban is invalid and the purported transfer of rights to Mr. Jaeban is void ab initio.

3.    Mr. Jaeban lacks standing and otherwise lacks capacity to assert the claims set forth in the Counterclaim or the Amended Counterclaim because he has failed to assume the liabilities of Jaeban U.K.

4.    Mr. Jaeban's claims are barred by the doctrines of ratification and waiver.

5.    Mr. Jaeban's claims are barred by the doctrine of equitable estoppel.

6.    Mr. Jaeban's claims are barred, in whole or in part, due to the failure of Jaeban U.K. to defend against the claims brought by Debtors in the Complaint and/or the Amended Complaint. Upon entry of a judgment against Jaeban U.K. in favor of BRACII, Mr. Jaeban's claims will be barred by the doctrines of collateral estoppel and res judicata.

8

JA1381

7.    Mr. Jaeban may not recover on the claims asserted in his Amended Counterclaim to the extent that Jaeban U.K. has ratified the conduct of Debtors.

8.    Mr. Jaeban and Jaeban U.K. failed to obtain permission from the Administrator of Budget Rent-A-Car International, Inc. ("BRACII") in the United Kingdom to proceed with the claims set forth in its Counterclaims against BRACII. As a matter of comity and of applicable law, Mr. Jaeban is therefore barred from proceeding with some or all of Jaeban U.K.'s claims against BRACII.

9.    Mr. Jaeban may not recover on the claims asserted in his Amended Counterclaim because Debtors' rights of setoff exceed the full amount of Jaeban U.K.'s (and, thus, Mr. Jaeban's purported) claims.

10.    By no later than 2002, Jaeban U.K. repudiated the Umbrella Agreement and the IPLA by, among other acts, seeking to operate independently of BRACII and promote the Jaeban trade name and brand at the expense of the Budget trade name and brand.

11.    Mr. Jaeban may not recover on the claims asserted in his Amended Counterclaim because Debtors' rights to recoupment exceed the full amount of Jaeban U.K.'s (and, thus, Mr. Jaeban's) claims.

12.    Mr. Jaeban may not recover on the claims asserted in his Amended Counterclaim because any otherwise valid claims have been paid or satisfied by Debtors.

9

JA1382

13.     Mr. Jaeban may not recover on the claims asserted in his Amended

Counterclaim to the extent that Debtors were required to cover Jaeban U.K.'s breaches of

contracts to which Jaeban and any of the Debtors were parties.

Dated:  July 30, 2004

**SIDLEY AUSTIN BROWN & WOOD** LLP

Larry J. Nyhan
Kenneth E. Wile
Bank One Plaza
10 South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000


Counsel for Debtors and Debtors-in-Possession
BRAC Group, Inc., *et al.*

**YOUNG CONAWAY STARGATT &
TAYLOR, LLP**

Robert S. Brady (Bar No. 2847)
Edmon L. Morton (No. 3856)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware  19899-0391
(302) 571-6600

WP3:1025622 1

59519 1021

JA1383

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BRAC GROUP, INC., et al.,[1] | ) | Case No. 02-12152 (CGC) |
| (f/k/a Budget Group, Inc.) | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

## AFFIDAVIT OF SERVICE

| | |
|---|---|
| STATE OF DELAWARE | ) |
| | ) SS |
| NEW CASTLE COUNTY | ) |

Thomas J. Hartzell, being duly sworn according to law, deposes and says
that he is employed by the law firm of Young Conaway Stargatt & Taylor, LLP,
attorneys for BRACII, and that on the 30th day of July 2004, he caused a copy of
the attached pleading to be served, as indicated, to those parties on the attached
service list.

Thomas J. Hartzell

SWORN TO AND SUBSCRIBED before me this 30th day of July 2004.

Notary Public
KIMBERLY A. BECK
NOTARY PUBLIC
STATE OF DELAWARE
My commission expires Oct. 1, 2006

---

[1] The Debtors are the following entities: BRAC Group, Inc., Auto Rental Systems, Inc., BGI Airport Parking, Inc., BGI Shared Services, LLC, BRAC Credit Corporation, BRAC Car Sales, Inc., BRAC Fleet Finance Corporation, BRAC Rent A Car Asia-Pacific, Inc., BRAC Rent A Car Caribe Corporation, BRAC Rent A Car Corporation, BRAC Rent-A-Car International, Inc., BRAC Rent A Car of Japan, Inc., BRAC Rent-A-Car of St. Louis, Inc., BRAC Rent-A-Car of the Midwest, Inc., BRAC Rent-A-Car Systems, Inc., BRAC Sales Corporation, BRAC Storage Corporation, BRAT Move Management, Inc., BRAT Relocation Services, Inc., BRAT TRS, Inc., BVM, Inc , Carson Chrysler Plymouth Dodge Jeep Eagle, Inc., Control Risk Corporation, Dayton Auto Lease Company, Inc., Directors Row Management Company, LLC, IN Motors VI, LLC, Mastering The Move Realty, Inc., Mosiant Car Sales, Inc , NYRAC Inc., Paul West Ford, Inc., Philips Jacobs Insurance Agency, Inc , Premier Car Rental LLC, Reservation Services, Inc , TCS Properties, LLC, Team Car Sales of Charlotte, Inc , Team Car Sales of Dayton, Inc., Team Car Sales of Philadelphia, Inc., Team Car Sales of Richmond, Inc., Team Car Sales of San Diego, Inc., Team Car Sales of Southern California, Inc., Team Fleet Services Corporation, Team Holdings Corp , Team Realty Services, Inc., The Move Shop, Inc., Transportation and Storage Associates, ValCar Rental Car Sales, Inc., Vehicle Rental Access Company, LLC, and Warren Wooten Ford, Inc.

**SERVICE LIST**
**BRACII**
**7/30/2004**

Messrs. John Whitfield & Gerald Clifford Smith
Administrative Receivers of Jaeban (UK) Limited
c/o RSM Robson Rhodes LLP
7 Hill Street, Centre City Tower
Birmingham, B5 4UU UK
*Federal Express (International)*

Mark D. Collins, Esq.
Rebecca Booth, Esq.
Richards Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
*Counsel for Joint Administrators of BRAC
Rent-A-Car International, Inc.*
*Hand Delivery*

Larry J. Nyhan, Esq.
Kenneth Wile, Esq.
Sidley Austin Brown & Wood
10 South Dearborn Street, BankOne Plaza
Chicago, IL 60603
(Co-counsel for BRACII)
*First Class Mail*

Brian A. Sullivan, Esq.
Robert D. Wilcox, Esq.
Werb & Sullivan
300 Delaware Avenue, 10th Floor
P.O. Box 25046
Wilmington, DE 19899
(Counsel for Ibrahiem Jaeban)
*Hand Delivery*

Ian Weatherall, Esq.
Wragge & Co. LLP
55 Colmore Row
Birmingham B3 2AS, England
(Counsel for Ibrahien Jaeban)
*First Class Mail (International)*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE:   BRAC GROUP, INC. (F/K/A BUDGET GROUP, INC., ET AL.), | ) ) ) | Chapter 11 |
| Debtors. | ) ) | Case No. 02-12152 (CJC) |
| IN RE:   BRAC GROUP, INC. (F/K/A BUDGET GROUP, INC., ET AL.), | ) ) ) | (Jointly Administered) |
| Plaintiffs and Counterclaim Defendants, | ) ) ) | |
| v. | ) ) | Adversary No. A-03-54271 |
| JAEBAN (U.K.) LIMITED, and IBRAHIEM JAEBAN | ) ) ) ) | Response Deadline: 4:00 PM on September 3, 2004 |
| Defendants and Counterclaim Plaintiffs. | ) ) | |

## DEFENDANT/COUNTERCLAIM PLAINTIFF IBRAHIEM JAEBAN'S MOTION TO EXTEND DEADLINES IN REVISED PRE-TRIAL SCHEDULING ORDER AND MEMORANDUM IN SUPPORT

Comes Now Ibrahiem Jaeban, by and through his undersigned counsel, with this his Motion To Extend Deadlines In Revised Pre-trial Order, and in support thereof states as follows:

### Relief Requested

Because of the circumstances described below, Mr. Jaeban requests that the Court extend the deadlines in the Revised Pre-Trial Order until the parties can meet, confer, and attempt to submit to the Court an agreed-upon Second Revised Pretrial Scheduling Order.

### Memorandum

The relief requested is appropriate under the factual circumstances. In an effort to comply with the agreed-upon scheduling order submitted by the parties and entered by the court on

1

August 3, 2004, respective counsel for Mr. Jaeban and for BRACII traveled to England with the intention of taking approximately ten depositions of fact witnesses who reside in England. Most of those fact witnesses are expected to be unavailable to testify at trial. The depositions were scheduled to begin on August 4, 2004 and were scheduled to conclude on or before the August 23, 2004 deadline for taking depositions pursuant to the courts Revised Pretrial Scheduling Order (the "Deposition Deadline").

Because of unanticipated discovery and logistical issues, the parties were unable to complete the depositions, and currently anticipate that an additional trip to England to take the depositions will be necessary. Due to those issues, Mr. Jaeban and BRACII are unable to complete the depositions by the current Deposition Deadline. Because of the schedule of counsel, including Mr. Jaeban's trial counsel, it is unlikely that those depositions can be scheduled before October.

Mr. Jaeban requests that this Court enter an order in the form attached as Exhibit "1" extending the Deposition Deadline and the dates for filing and briefing summary judgment motions by sixty days and requiring the parties to confer in an attempt to submit a proposed joint scheduling order. The grant of this motion would facilitate the presentation of the case on its merits, as it is a practical impossibility to conduct a meaningful trial of this proceeding without the testimony of the witnesses located in England. The entry of the order attached as Exhibit "1" would allow counsel for the parties to confer and, it is hoped, submit a schedule for the remaining depositions and briefing in an efficient but realistic manner.

The relief requested in this motion is not being sought for the purpose of delay or any other improper purpose, and Mr. Jaeban submits that no party will be prejudiced by the granting of the relief requested.

2

JA1387

Wherefore, based on the foregoing, Mr. Jaeban requests that this Court enter the order attached hereto as Exhibit "1" and grant such other and further relief as it deems appropriate.

August 23, 2004

Werb & Sullivan

/s/ **Robert Wilcox**
Brian A. Sullivan (#2098)
Robert Wilcox (#4321)
Amy D. Brown (#4077)
300 Delaware Ave., 13th Floor
Wilmington, DE 19801
(302) 652-1100

*Attorneys for Ibrahiem Jaeban*

3

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:    BRAC GROUP, INC. (F/K/A    )<br>BUDGET GROUP, INC., ET AL.),    )<br>    )<br>Debtors.    )<br>    ) | Chapter 11<br><br>Case No. 02-12152 (CJC) |
| IN RE:    BRAC GROUP, INC. (F/K/A    )<br>BUDGET GROUP, INC., ET AL.),    )<br>    )<br>Plaintiffs and Counterclaim Defendants,    )<br>    )<br>v.    )<br>    )<br>JAEBAN (U.K.) LIMITED,    )<br>    and    )<br>IBRAHIEM JAEBAN    )<br>    )<br>Defendants and Counterclaim Plaintiffs    ) | (Jointly Administered)<br><br>Adversary No. A-03-54271 |

**ORDER GRANTING DEFENDANT/COUNTERCLAIM PLAINTIFF
IBRAHIEM JAEBAN'S MOTION TO EXTEND DEADLINES
IN REVISED PRE-TRIAL SCHEDULING ORDER**

This matter having come before the Court upon Defendant/Counterplaintiff Ibrahiem Jaeban's Motion To Extend Deadlines In Revised Pre-trial Order, and the Court having consider any response filed thereto, it is hereby

**ORDERED:**

1.    Each of the deadlines identified in this Court's Revised Pre-trial Order is extended by sixty days from the date identified in the Revised Pre-trial Order.

2.    Counsel for Ibrahiem Jaeban and for the Plaintiffs are directed to confer within twenty days of the date of this order, for the purposes of submitting a proposed revised scheduling order.    The parties shall either submit that proposed revised scheduling order within

1

JA1389

thirty days from the date of this order, or, in the alternative, shall report back to the Court within that period that they are unable to reach agreement on a proposed revised scheduling order and shall each submit a proposed revised scheduling order.

3.      The entry of this order shall have no effect on any deadline that expired prior to August 22, 2004.


This ___ day of August 2004.


_____
Charles G. Case, II
United States Bankruptcy Judge


2

JA1390

## CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2004 I caused one copy of Defendant/Counterclaim Plaintiff Ibrahiem Jaeban's Motion To Extend Deadlines In Revised Pre-Trial Scheduling Order And Memorandum In Support to be served upon the persons listed below in the manner indicated:

**VIA FIRST CLASS MAIL:**

Kenneth E. Wile, Esq.
Sidley, Austin, Brown, &
  Wood, LLP
10 South Dearborn Street
Chicago, IL  60603
Facsimile:  (312) 853-7036

**VIA HAND DELIVERY:**

Edmon L. Morton, Esq.
Joseph A. Malfitano, Esq.
Matthew B. Lunn, Esq.
Young, Conaway, Stargatt & Taylor,  LLP
The Brandwyine Building, 17th Floor
1000 West Street, P. O. Box 391
Wilmington, DE  19899-0391

/s/ Robert Wilcox
Robert D. Wilcox (No.4321)

JA1391

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:  BRAC GROUP, INC. (F/K/A ) | Chapter 11 |
| BUDGET GROUP, INC., ET AL.), ) | |
| ) | |
| Debtors. ) | Case No. 02-12152 (CJC) |
| ) | |
| IN RE:  BRAC GROUP, INC. (F/K/A ) | (Jointly Administered) |
| BUDGET GROUP, INC., ET AL.), ) | |
| ) | |
| Plaintiffs and Counterclaim Defendants, ) | |
| ) | |
| v.  ) | Adversary No. A-03-54271 |
| ) | |
| JAEBAN (U.K.) LIMITED, ) | Response Deadline: |
| and ) | 4:00 PM on September 7, 2004 |
| IBRAHIEM JAEBAN ) | |
| ) | |
| Defendants and Counterclaim Plaintiffs. ) | |

## DEFENDANT/COUNTERPLAINTIFF IBRAHIEM JAEBAN'S
## MOTION FOR ORDER REOPENING LIMITED DISCOVERY

COMES NOW Defendant and Counterplaintiff Ibrahiem Jaeban ("Mr. Jaeban"),

by and through his undersigned counsel, with this his Motion For Order Reopening

Limited Discovery and in support thereof states as follows:

### Relief Requested

In this Motion, Mr. Jaeban requests that this Court reopen the period for taking

discovery to enable the parties to serve additional document requests on one another and

on third parties.

### Relevant Factual Background

The Plaintiffs (hereinafter "BRAC") filed this adversary proceeding on July 9,

2003, in connection with a dispute regarding cure amounts due as part of the assumption

1

and assignment of contracts between certain Plaintiffs and Jaeban U.K. Limited (hereinafter "Jaeban U.K.") and a sales transaction between certain Plaintiffs and Avis Europe plc[1].

BRAC submitted its First Request for Production of Documents to Jaeban U.K. on September 23, 2003. Prior to responding to that Document Request, Jaeban U.K. was placed in Administrative Receivership on October 20, 2003. Messrs. J.N. Whitfield and G.C. Smith of the Birmingham, England firm of Robson Rhodes were appointed Joint Administrative Receivers (the "Receiver"). Jaeban U.K., in the hands of the Receiver, did not object to the document request and produced 2,500 pages of documents in ten lever arch files on November 17, 2003. BRAC has objected to the sufficiency of that response.

BRAC served its Joint Second Request for Production of Documents on Jaeban U.K. on November 26, 2003. Jaeban U.K., under the control of the Receiver, filed a written response including objections on December 30, 2003. Jaeban U.K. did not produce additional documents.

On January 2, 2004, Jaeban U.K. served its First Request For Production of Documents to BRAC, to which BRAC served a written response on January 21, 2003. In its written Response, BRAC asserted general objections and specific objections to each of the twenty-five individual document requests, but agreed to produce certain responsive documents despite the objections.[2] That production consisted of only three lever arch files of documents. Despite the pending objections and the minimal level of BRAC's

---

[1] Zodiac Rent-A-Car Limited, a subsidiary of Avis Europe plc, was also a party to the sale and is included in the references to Avis Europe plc in this Motion.

[2] Copies of Jaeban U.K.'s First Request For Production of Documents and BRAC'S Response thereto are attached as Exhibits 1 and 2, respectively.

2

disclosures, it appears upon information and belief that Jaeban U.K.'s attorneys never addressed BRAC's objections by convening a Discovery Meeting or in any other manner. Although BRAC has three lever arch files of additional documents on two occasions, the production remains very limited. Such limited production may reflect the fact that, as a result of various sales transactions in this Chapter 11 case, many of the responsive documents that BRAC once had are no longer in its possession or control.[2] Jaeban U.K's counsel apparently never addressed this issue with BRAC, nor did such counsel seek documents from any third parties to the litigation, such as Avis Europe plc.

By February 20, 2004, the date on which Mr. Jaeban took over the claims of Jaeban U.K. pursuant to a Deed of Assignment, the discovery period had expired.[3] Such fundamental documents as computer records relating to the charges sought by BRAC against Jaeban U.K. and Mr. Jaeban have not been made available. Especially noticeable in the existing BRAC production is the almost total lack of electronic mail correspondence relating to the claims BRAC asserts, including claims relating to the accuracy and functionality of BRAC's computer system itself. As a result, Mr. Jaeban has been prejudiced by the lack of documents available to him.

## Why the Requested Reopening of Limited Discovery is Appropriate

Mr. Jaeban submits that the following factors militate in favor of the requested relief.

---

[3] Mr. Jaeban's concerns regarding BRAC's Discovery Responses are well documented in correspondence among counsel. Mr. Jaeban notes that certain basic documents, including Agreements between Jaeban U.K. and BRAC, were not included in BRAC's original production, although at least some have since been produced. As of the date of this Motion, BRAC has still not produced computer records underlying the charges listed on Exhibit "C" to BRAC's Amended Complaint against Jaeban U.K. and Mr. Jaeban. It remains unclear whether BRAC has access to documents in the hands of (a) the Insolvency Administrator of BTI, a subsidiary of Budget Rent-A-Car International, Inc ("BRACII"), against which Mr. Jaeban asserts claims imputable to BRACII under a disputed guarantee; (b) Avis Europe plc, to which BRAC sold, inter alia, its U.K. operations; or (c) Cendant Corporation, to which BRAC sold its American and certain international operations. The grant of this Motion will solve most, if not all, of these uncertainties as Jaeban could serve those parties directly with appropriate document requests.

3

1. The Reopening of Limited Discovery Will Not Cause Undue Delay

Mr. Jaeban seeks only a short reopening of the discovery period, and only long enough to allow him to serve a proper document request on BRAC, and to serve related requests on certain third parties. While the length of any such period is within the sound discretion of the Court, Mr. Jaeban suggests that it is appropriate to reopen the discovery period for sixty days, and notes that the effective period will be substantially shorter given the procedural hurdles involved in serving document requests on third parties located outside the United States.

Further, and unfortunately, as a practical matter this proceeding is already off the schedule previously agreed to by the parties and entered by the Court. Both BRAC and Mr. Jaeban were unable to complete the depositions of crucial witnesses prior to the deposition deadline of August 23, 2004. Mr. Jaeban submits that it would be impossible to conduct a fair trial of this proceeding without the deposition testimony of those witnesses, almost all of whom reside outside the United States, are outside the control of the parties, and are very unlikely to appear at trial. BRAC has agreed not to assert the deposition deadline in response to Mr. Jaeban's attempts to reschedule and conduct the depositions.[4] The granting of this Motion is unlikely to cause any further delay in these proceedings.

---

[4] On August 23, 2004 Mr. Jaeban filed a Motion to Extend Deadlines in Revised Pretrial Order, seeking, inter alia, a sixty day extension of the deposition cutoff, during which period the parties would confer to attempt to reach agreement on a realistic and efficient schedule which the Court could endorse. That Motion stands on its own merits, separate and apart from the relief requested herein. However it is clear that the deadlines for document requests and depositions should at least not be in conflict with each other. That Motion was made necessary because of the mutual inability of counsel for Mr. Jaeban and BRAC to conclude the recent Depositions in England as planned. During that trip, and in an effort to placate BRAC as to the adequacy of document disclosure BRAC had requested from Jaeban U.K., Mr. Jaeban boxed and shipped to BRAC's counsel in London approximately 79 boxes of documents and related items. In order to make those documents available to BRAC's counsel in an expedited manner, Mr. Jaeban's counsel produced the boxes without first reviewing them to determine if they contained documents which were

4

2.  The Reopening of Limited Discovery Will Facilitate the Presentation of the
    Proceeding on Its Merits

The reopening of discovery will facilitate the fair trial of this proceeding by
allowing the parties to obtain information not currently or otherwise available to them.
As stated above, for Mr. Jaeban such currently unavailable information relates to central
issues in this matter and includes documentation regarding the claims asserted by BRAC,
its internal and external correspondence, and documents relating to the counterclaims Mr.
Jaeban asserts.

3.  BRAC will Not be Prejudiced if this Motion is Granted

BRAC will not suffer prejudice if discovery is reopened.  It is well established
that having to defend a case on its merits is not "prejudice" that BRAC could assert in
this context.  See, Choice Hotels Int'l, Inc. v. Pennave Assoc., Inc., 192 F.R.D. 171 (E.D.
Pa. Feb. 4, 2000).    Moreover, counsel for BRAC has informally informed the
undersigned counsel that BRAC intends to seek documents from certain third parties, just
as Mr. Jaeban would like to do[5].   Finally, the depositions scheduled in England in
accordance with this Court's Revised Pre-trial Order have been continued but not yet
rescheduled. With every day that passes it appears increasingly unlikely that those
depositions can be reconvened and completed within the next sixty days. Mr. Jaeban
suggests that it is appropriate for this Court to allow the parties to use that period of time

_____

responsive to a specific document request BRAC had served on Jaeban U.K. Therefore, it would not be
accurate to say that all the documents were responsive to a specific request. This unusual step was
undertaken to facilitate Discovery and in a vain attempt to preserve the existing deposition schedule.
[5] As of the date of this filing, BRAC has not served such a subpoena or document request.

5

productively, by exchanging relevant documents to the extent not previously produced[6] and obtaining documents relevant to the depositions from third parties.

4.   <u>Mr. Jaeban will Suffer Severe Prejudice if this Motion is Denied</u>

As stated above, Mr. Jaeban has inherited the results of the Jaeban U.K. Receiver's litigation efforts, and the record before this Court is very clear that those efforts were constrained by a lack of available funds.  While Mr. Jaeban, as Assignee, "steps into the shoes" of Jaeban U.K.  with regard to the merits, it does not follow that Mr. Jaeban should be prejudiced in his presentation of those merits by the financial and logistical difficulties encountered by the Jaeban U.K. Receiver.  More specifically, the Jaeban U.K. Receiver was unable to, or unwilling to expend the funds to, continue the ordinary document discovery process as it relates to his document request, much to the pending detriment of Mr. Jaeban. In addition, the Jaeban Receiver apparently never addressed the real issues relating to the availability of documents from BTI, Avis Europe plc, and Cendant Corporation. The only way for Mr. Jaeban to remedy this situation is to seek the reopening of discovery and to obtain necessary documents from BRAC, the BRACII Administrator, the BTI Administrator, Avis Europe plc, and Cendant Corporation.

5.   <u>The Grant of this Motion is Consistent with the Federal Rules and within the Discretion of the Court</u>

It is without question that the Court has the plenary power to control its docket and all scheduling matters. Mr. Jaeban asks that this Court exercise that control in a manner consist with Rule 1 of the Federal Rules of Civil Procedure, which provides that

---

[6] Within the last week, Mr. Jaeban has served his own First Request For Production of Documents on BRAC, and he acknowledges that such Request would be subject to objection as being untimely if this Motion is denied.

6

the Rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action". Fed. R. Civ. P. 1.

WHEREFORE, based upon the foregoing, Defendant/Counterplaintiff Ibrahiem Jaeban requests that this Court enter an Order:

a)  Reopening discovery for the limited purpose of document requests for sixty days; and

b)  For such other and further relief as this Court may deem just and proper.

Date: August 27, 2004

/s/ Robert Wilcox
Brian A. Sullivan (DE No. 2098)
Robert D. Wilcox (DE No. 4321)
Amy D. Brown (DE No. 4077)
13th Floor
300 Delaware Avenue
Wilmington, Delaware 19801
Telephone: (302) 652-1100
Facsimile: (302) 652-1111


## Statement of Compliance with District Court Rule 7.1

The undersigned hereby certifies that he has complied with District Court Rule 7.1, in that he has made a reasonable attempt to reach agreement with BRAC's attorneys regarding the matters set forth in this Motion.

/s/ Robert Wilcox
Robert D. Wilcox (DE No. 4321)

7

**EXHIBIT 1**

JA1399

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:   BRAC GROUP, INC. (F/K/A BUDGET GROUP, INC., ET AL.), | Chapter 11 |
| Debtors. | Case No. 02-12152 (MFW) |
| IN RE:   BRAC GROUP, INC. (F/K/A BUDGET GROUP, INC., ET AL.), | (Jointly Administered) |
| Plaintiffs, | |
| v. | Adversary No. A-03-54271 |
| JAEBAN (U.K.) LIMITED, | |
| Defendant. | |

## DEFENDANT/COUNTERCLAIM PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO PLAINTIFFS/COUNTERCLAIM DEFENDANTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure made applicable to this proceeding by Rule 7034 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), defendant/counterclaim plaintiff Jaeban (U.K.) Limited hereby requests that plaintiffs/counterclaim defendants BRAC Group, Inc. (f/k/a Budget Group, Inc), et al. produce for inspection and copying the documents described below at the offices of Morris, Nichols, Arsht and Tunnell, 1201 North Market Street, Suite 1800, Wilmington, DE 19801 within twenty (20) days of the date of service hereof.

## DEFINITIONS

1.     "Debtors," "you" or "yours" shall mean the debtors and debtors in possession in the above-captioned action and their predecessors, successors, parents, past or

JA1400

present subsidiaries, affiliates and each of their officers, directors, employees, agents, consultants, accountants, attorneys and anyone else acting on their behalf or otherwise subject to their control.

       2.    "Defendant" or "Jaeban" shall mean defendant Jaeban (U.K.) Limited and its predecessors, successors, parents, past or present subsidiaries, affiliates and each of its officers, directors, employees, agents, consultants, accountants, attorneys and anyone else acting on its behalf or otherwise subject to its control.

       3.    "Complaint" shall mean the Complaint filed on or about July 9, 2003 in this adversary proceeding.

       4.    "Answer" shall mean the Answer, Affirmative Defenses and Counterclaims filed on or about August 22, 2003 in this adversary proceeding.

       5.    "Petition Date" shall mean July 29, 2002.

       6.    "BTI" shall mean BTI (UK) plc, a wholly-owned subsidiary of Budget Rent A Car International, Inc.

       7.    "IPLA" shall mean the International Prime License Agreement among Budget Rent A Car International, Inc. and Jaeban, dated March 5, 2001.

       8.    "Document" or "documents" shall have the meaning set forth in Rule 34(a) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7034 of the Federal Rules of Bankruptcy Procedure Court, and shall include, without limitation, any writing, recording, photograph, computer data base, data bank or other item containing information of any kind or nature, however produced or reproduced, whatever its origin or location, and regardless of the form in which such information exists or is maintained.

JA1401

9.     "Communication" shall mean any transmission of information, the information transmitted, and any process by which information is transmitted, including both oral and written communications.

10.     The phrase "refer or relate to" shall mean directly or indirectly reflecting, containing, pertaining, indicating, showing, concerning, constituting, evidencing, describing, discussing or mentioning.

11.     The terms "and" or "or" shall mean and include both the conjunctive and the disjunctive.

## INSTRUCTIONS

1.     This request for production of documents shall be deemed to be a request for all such documents, whether prepared by or for Debtors or by any other party or any other person, which documents are in Debtors' possession, or in the possession, custody or control of Debtors' attorneys, accountants, consultants, receivers, employees, agents, or anyone acting on behalf of Debtors.

2.     Each document is to be produced with all non-identical copies and drafts thereof, in its entirety, without abbreviations or redactions.

3.     Documents shall be produced as kept in the ordinary course of business, or segregated by document request to which they respond.

4.     If any responsive document is to be withheld or redacted under a claim of attorney-client privilege, work product immunity or any other privilege or immunity, each such document must be identified on a privilege log, which shall be produced contemporaneously with the non-privileged documents called for by these requests, and which shall include: (a) the document number; (b) the document date; (c) the document type; (d) the author(s) of the

3

document; (e) the recipient(s) of the document; (f) a specific description of the subject matter of the document; and (g) a designation of the privilege claim.

5.   If a document called for by a request is known to have existed but cannot be located now, identify the document and state: (a) whether the missing document has been in your possession, custody or control; (b) where the missing document was last known to be and the date when the document was last known to be in such location; (c) in whose possession, custody or control the document may be found; or (d) where applicable whether and when the document was destroyed.

6.   This request for documents shall be deemed continuing so as to require prompt supplemental responses in accordance with Federal Rule of Civil Procedure 26(e) made applicable to this proceeding by Rule 7026 of the Federal Rules of Bankruptcy Procedure.

## DOCUMENTS TO BE PRODUCED

REQUEST NO. 1    All documents that refer or relate to Debtors' accounts concerning Manchester City, Manchester Airport, Manchester Whythenshawe, Birmingham City, Birmingham Solihull and Birmingham Airport, including, but not limited to, Debtors' year end accounts for the period immediately prior to March 2001, management or quarterly accounts for the three years prior to March 2003 and any budget forecast and/or year end accounts for the three years prior to March 2003.

REQUEST NO. 2    All documents relating to communications between Trevor Sutherland, Paul Mitchell and Jack Fraze concerning the recommended sale of any London airport sites during the year 2001.

REQUEST NO. 3    All documents relating to any communications between Debtors and Defendant during the three years prior to the Petition Date.

4

<u>REQUEST NO. 4</u>    All documents that refer or relate to any payments made by Debtors to Defendant during the three years prior to the Petition Date, including, without limitation, all books of general ledger, general journal, accounts payable ledger, statements of account, cancelled checks, wire transfer information and remittance advices.

<u>REQUEST NO. 5</u>    All documents that refer or relate to any payments made by Defendant to Debtors during the three years prior to the Petition Date, including, without limitation, all books of general ledger, general journal, accounts receivable ledger, statements of account, cancelled checks, wire transfer information and remittance advices.

<u>REQUEST NO. 6</u>    All documents that refer or relate to the US Reservation Charges identified in Exhibit C to the Complaint, including, but not limited to, any invoices, general ledger, general journal, accounts payable or receivable ledger, statements of account, cancelled checks, wire transfer information and remittance advices.

<u>REQUEST NO. 7</u>    All documents that refer or relate to the Travel Agents Referral Programme identified in Exhibit C to the Complaint, including but not limited to, invoices, general ledger, general journal, accounts payable or receivable ledger, statements of account, cancelled checks, wire transfer information and remittance advices.

<u>REQUEST NO. 8</u>    All documents that refer or relate to communications between Debtors and Defendant concerning the Travel Agents Referral Programme identified in Exhibit C to the Complaint, including, but not limited to, communications concerning any change in procedures for completing and returning forms.

<u>REQUEST NO. 9</u>    All documents that refer or relate to the Frequent Flyer & International Programmes, etc. identified in Exhibit C to the Complaint, including, but not

5

imited to, invoices, general ledger, general journal, accounts payable or receivable ledger, statements of account, cancelled checks, wire transfer information and remittance advices.

REQUEST NO. 10    All documents that refer or relate to the Inter Office Charges identified in Exhibit C to the Complaint, including, but not limited to, any invoices, general ledger, general journal, accounts payable or receivable ledger, statements of account, cancelled checks, wire transfer information and remittance advices, sent by Debtors to Jaeban and any communications between Debtors and Defendant concerning the Inter Office Charges.

REQUEST NO. 11    Copies of any agreements between Debtors and Defendant relating to the BMS Reservations and/or BMS Charges identified in Exhibit C to the Complaint.

REQUEST NO. 12    All documents that refer or relate to the BMS Reservations and/or BMS Charges identified in Exhibit C to the Complaint, including, but not limited to, invoices, general ledger, general journal, accounts payable or receivable ledger, statements of account, cancelled checks, wire transfer information and remittance advices.

REQUEST NO. 13    All documents relating to communications between Debtors and any customers of Debtors or Defendant concerning any payments by Debtors to Defendant or any payments by those customers to Debtors on account of services provided by Defendant to those customers, and all documents that refer or relate to any such payments.

REQUEST NO. 14    All documents that refer or relate to any of the 2001 concessions or Airport Concessions identified in Exhibit C to the Complaint, including, but not limited to, invoices, general ledger, general journal, accounts payable or receivable ledger, statements of account, cancelled checks, wire transfer information and remittance advices.

REQUEST NO. 15    All documents that refer or relate to any amended agreement concerning the Edinburgh and/or Glasgow Airport concessions.

6

JA1405

REQUEST NO. 16    All documents that refer or relate to the Other Location Rent Charges identified in Exhibit C to the Complaint, including, but not limited to, invoices, general ledger, general journal, accounts payable or receivable ledger, statements of account, cancelled checks, wire transfer information and remittance advices.

REQUEST NO. 17    All documents refer or relate to the Miscellaneous Utilities Charges identified in Exhibit C to the Complaint, including, but not limited to, invoices, general ledger, general journal, accounts payable or receivable ledger, statements of account, cancelled checks, wire transfer information and remittance advices.

REQUEST NO. 18    All documents that refer or relate to the Telephone Charges identified in Exhibit C to the Complaint, including, but not limited to, invoices, general ledger, general journal, accounts payable or receivable ledger, statements of account, cancelled checks, wire transfer information and remittance advices.

REQUEST NO. 19    Copies of any agreements between Debtors and Defendant concerning the Telephone Charges identified in Exhibit C to the Complaint.

REQUEST NO. 20    All documents that refer or relate to the Royalty Fees identified in Exhibit C to the Complaint, including, but not limited to, invoices, general ledger, general journal, accounts payable or receivable ledger, statements of account, cancelled checks, wire transfer information, remittance advices and any analyses, memoranda or schedules related to the Royalty Fees.

REQUEST NO. 21    All documents that refer or relate to the Yellow Pages charges identified in Exhibit C to the Complaint, including, but not limited to, invoices, general ledger, general journal, accounts payable or receivable ledger, statements of account, cancelled checks, wire transfer information and remittance advices.

JA1406

REQUEST NO. 22   All documents that refer or relate to the leasing of vehicles by BTI from Defendant, including, but not limited to, invoices, general ledger, general journal, accounts payable or receivable ledger, statements of account, cancelled checks, wire transfer information and remittance advices.

REQUEST NO. 23   All documents that refer or relate to efforts by Debtors to market the Budget brand pursuant to the IPLA.

REQUEST NO. 24   All documents that you intend to introduce into evidence at any evidentiary hearing or trial of this action.

REQUEST NO. 25   To the extent not previously produced, all documents that refer or relate to the allegations of the Complaint.

MORRIS, NICHOLS, ARSHT & TUNNELL

R. Judson Scaggs, Jr. (#2676)
Thomas W. Briggs, Jr. (#4076)
1201 N. Market Street
P. O. Box 1347
Wilmington, DE 19899
(302) 658-9200
   Attorneys for Jaeban (U.K.) Limited

January 2, 2004
373447

8

## CERTIFICATE OF SERVICE

I, Thomas W. Briggs, Jr., Esquire, hereby certify that copies of the foregoing DEFENDANT/COUNTERCLAIM PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO PLAINTIFFS/COUNTERCLAIM DEFENDANTS were caused to be served on January 2, 2004 upon the following counsel in the manner indicated:

### BY HAND

Edmon Morton, Esquire
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899-0391

William P. Bowden, Esquire
Ashby & Geddes
222 Delaware Avenue, 17th Floor
Wilmington, Delaware 19899

### BY FACSIMILE AND FIRST-CLASS MAIL

Kenneth E. Wile, Esquire
Sidley Austin Brown & Wood
Bank One Plaza
10 South Dearborn Street
Chicago, Illinois 60603

Thomas W. Briggs, Jr.

**EXHIBIT 2**

JAN. 26. 2004   7.41PM                                    NO. 7236   P. 3

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| BRAC GROUP, INC. (f/k/a Budget Group, Inc.), et al., | Case No. 02-12152 (MFW) |
| Debtors. | (Jointly Administered) |
| BRAC GROUP, INC. (f/k/a Budget Group, Inc.), et al., | |
| Plaintiffs and Counterclaim Defendants, | 03-A-54271 |
| v. | |
| Jaeban (U.K.) Limited, | |
| Defendant and Counterclaim Plaintiff. | |

PLAINTIFFS' OBJECTIONS AND RESPONSES TO
DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiffs in this adversary proceeding, including Budget Rent A Car

International, Inc. ("BRACII"), by their undersigned attorneys, hereby object and respond to the

requests set forth in Defendant's First Request for Production of Documents as follows:

GENERAL OBJECTIONS

1.    Plaintiffs object to these requests as untimely, unreasonably burdensome

and oppressive on the ground that they were served with insufficient time remaining in the fact

discovery period which, by Order of the Court, is due to expire on January 30, 2004.

2.    Plaintiffs object to these requests on the ground that, to a substantial

degree, they call for the production of documents that are not within the possession, custody, or

control of the Plaintiffs. Plaintiffs reserve the right to amend their objections and responses to

−101−

these requests to the extent that further investigation discloses that Plaintiffs no longer possess documents sought by these requests.

3.    Plaintiffs object to these requests to the extent that they may be construed as calling for the production of documents subject to a claim of privilege or immunity, including, without limitation, the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or statutory or regulatory prohibition against disclosure. The inadvertent production of any document disclosing any information subject to such privileges or protections is not intended to relinquish any privilege or protection and shall not be deemed to constitute a waiver of any applicable privilege or protection.

### SPECIFIC OBJECTIONS AND RESPONSES

Subject to and waiving the foregoing general objections, Plaintiffs hereby respond as follows:

**REQUEST NO. 1**    All documents that refer or relate to Debtors' accounts concerning Manchester City, Manchester Airport, Manchester Whythenshawe, Birmingham City, Birmingham Solihull and Birmingham Airport, including, but not limited to, Debtors' year end accounts for the period immediately prior to March 2001, management or quarterly accounts for the three years prior to March 2003 and any budget forecast and/or year end accounts for the three years prior to March 2003.

**RESPONSE:**    Plaintiffs object to this request on the grounds that it is overbroad, unreasonably burdensome, and oppressive. Subject to and without waiving these objections and Debtors' general objections, Debtors respond that they will produce BRACII's year-end accounts for the years 2001 and 2002 for the Manchester and Birmingham airports identified in Defendant's request.

JA1411

REQUEST NO. 2    All documents relating to communications between Trevor Sutherland, Paul Mitchell and Jack Fraze[sic] concerning the recommended sale of any London airport sites during the year 2001.

RESPONSE:    Plaintiffs object to this request on the ground that it seeks documents that are neither relevant to this action nor reasonably calculated to lead to the discovery of evidence admissible in this action. Plaintiffs also object to this request on the grounds that it is overbroad, unreasonably burdensome, and oppressive.

REQUEST NO. 3    All documents relating to any communication between Debtors and Defendant during the three years prior to the Petition Date

RESPONSE:    Plaintiffs object to this request on the grounds that it is overbroad, unreasonably burdensome, and oppressive. Subject to and without waiving these objections and Debtors' general objections, Debtors respond that they will produce documents that constitute communications between BRACH and Defendant during the three years prior to the Petition Date.

REQUEST NO. 4    All documents that refer or relate to any payments made by Debtors to Defendant during the three years prior to the Petition Date, including, without limitation, all books of general ledger, general journal, accounts payable ledger, statements of account, cancelled checks, wire transfer information and remittance advices.

RESPONSE:    Plaintiffs object to this request on the grounds that it is overbroad, unreasonably burdensome, and oppressive. Subject to and without waiving these objections and Plaintiffs' general objections, Plaintiffs respond that they will produce any documents in their possession from which Defendant can determine payments made by Debtors to Defendant for the three years prior to the Petition Date.

3

−103−

**REQUEST NO. 5**    All documents that refer or relate to any payments made by Defendant to Debtors during the three years prior to the Petition Date, including, without limitation, all books of general ledger, general journal, accounts receivable ledger, statements of account, cancelled checks, wire transfer information and remittance advices.

**RESPONSE:**    Plaintiffs object to this request on the grounds that it is overbroad, unreasonably burdensome, and oppressive. Subject to and without waiving these objections and Plaintiffs' general objections, Plaintiffs respond that they will produce any documents in their possession from which Defendant can determine payments made by Defendant to Debtors for the three years prior to the Petition Date.

**REQUEST NO. 6**    All documents that refer or relate to the US Reservation Charges identified in Exhibit C to the Complaint, including, but not limited to, any invoices, general ledger, general journal, accounts payable or receivable ledger, statements of account, cancelled checks, wire transfer information and remittance advices.

**RESPONSE:**    Plaintiffs object to this request on the grounds that it is overbroad, unreasonably burdensome, and oppressive, especially since the time for Defendant to challenge these charges has expired. Subject to and without waiving these objections and Plaintiffs' general objections, Plaintiffs respond that they will produce any BRACH books and records in their possession sufficient to establish the amount of these charges during the relevant time period.

**REQUEST NO. 7**    All documents that refer or relate to the Travel Agents Referral Programme identified in Exhibit C to the Complaint, including but not limited to, invoices, general ledger, general journal, accounts payable or receivable ledger, statements of account, cancelled checks, wire transfer information and remittance advices.

4

JA1413

**RESPONSE:**      Plaintiffs object to this request on the grounds that it is overbroad, unreasonably burdensome, and oppressive, especially since the time for Defendant to challenge these charges has expired.  Subject to and without waiving these objections and Plaintiffs' general objections, Plaintiffs respond that they will produce any BRACII books and records in their possession sufficient to establish the amount of these charges during the relevant time period.

**REQUEST NO. 8**    All documents that refer or relate to communications between Debtors and Defendant concerning the Travel Agents Referral Programme identified in Exhibit C to the Complaint, including, but not limited to, communications concerning any change in procedures for completing and returning forms.

**RESPONSE:**      Plaintiffs object to this request on the grounds that it is overbroad, unreasonably burdensome, and oppressive.  Subject to and without waiving these objections and Plaintiffs' general objections, Plaintiffs respond that they will produce documents, if any, in their possession that constitute communications between Defendant and Debtors regarding these charges.

**REQUEST NO. 9**    All documents that refer or relate to the Frequent Flyer & International Programmes, etc. identified in Exhibit C to the Complaint, including, but not limited to, invoices, general ledger, general journal, accounts payable or receivable ledger, statements of account, cancelled checks, wire transfer information and remittance advices.

**RESPONSE:**      Plaintiffs object to this request on the grounds that it is overbroad, unreasonably burdensome, and oppressive, especially since the time for Defendant to challenge these charges has expired.  Subject to and without waiving these objections and Plaintiffs' general objections, Debtors respond that they will produce any BRACII books and

5

JA1414

records in their possession sufficient to establish the amount of these charges during the relevant time period.

     REQUEST NO. 10   All documents that refer or relate to the Inter Office Charges identified in Exhibit C to the Complaint, including, but not limited to, any invoices, general ledger, general journal, accounts payable or receivable ledger, statements of account, cancelled checks, wire transfer information and remittance advices, sent by Debtors to Jaeban and any communications between Debtors and Defendant concerning the Inter Office Charges.

     RESPONSE:       Plaintiffs object to this request on the grounds that it is overbroad, unreasonably burdensome, and oppressive, especially since the time for Defendant to challenge these charges has expired.  Subject to and without waiving these objections and Plaintiffs' general objections, Plaintiffs respond that they will produce any BRACII books and records in their possession sufficient to establish the amount of these charges during the relevant time period.

     REQUEST NO. 11   Copies of any agreements between Debtors and Defendant relating to the BMS Reservations and/or BMS Charges identified in Exhibit C to the Complaint.

     RESPONSE:       Plaintiffs object to this request on the grounds that it is overbroad, unreasonably burdensome, and oppressive.  Subject to and without waiving these objections and Plaintiffs' general objections, Plaintiffs will produce a copy of each agreement in BRACII's possession that is responsive to this request.

     REQUEST NO. 12   All documents that refer or relate to the BMS reservations and/or BMS Charges identified in Exhibit C to the Complaint, including, but not limited to, invoices, general ledger, general journal, accounts payable or receivable ledger, statements of account, cancelled checks, wire transfer information and remittance advices.

6

JA1415

**RESPONSE:**        Plaintiffs object to this request on the grounds that it is overbroad, unreasonably burdensome, and oppressive, especially since the time for Defendant to challenge these charges has expired and since it is partly repeats the previous request.  Subject to and without waiving these objections and Plaintiffs' general objections, Plaintiffs respond that they will produce any BRACH books and records in their possession sufficient to establish the amount of these charges during the relevant time period.

**REQUEST NO. 13**   All documents relating to communications between Debtors and any customer of Debtors or Defendant concerning any payments by Debtors to Defendant or any payments by those customers to Debtors on account of services provided by Defendant to those customers, and all documents that refer or relate to any such payments.

**RESPONSE:**        Plaintiffs object to this request on the grounds that it is overbroad, unreasonably burdensome, and oppressive, especially since the time for Defendant to challenge these charges has expired.  Subject to and without waiving these objections and Plaintiffs' general objections, Plaintiffs respond that they will produce any documents in their possession that constitute or refer to payments by customers of Defendant to BRACH.

**REQUEST NO. 14**   All documents that refer or relate to any of the 2001 concessions or Airport Concessions identified in Exhibit C to the Complaint, including, but not limited to, invoices, general ledger, general journal, accounts payable or receivable ledger, statements of account, cancelled checks, wire transfer information and remittance advices.

**RESPONSE:**        Plaintiffs object to this request on the grounds that it is overbroad, unreasonably burdensome, and oppressive, especially since the time for Defendant to challenge these charges has expired and since the request is not limited to matters in dispute in this adversary proceeding.  Subject to and without waiving these objections and Plaintiffs'

7

−107−

JA1416

general objections, Plaintiffs respond that they will produce any BRACII books and records in their possession sufficient to establish the amount of these charges during the relevant time period.

REQUEST NO. 15    All documents that refer or relate to any amended agreement concerning the Edinburgh and/or Glasgow Airport concessions.

RESPONSE:        Plaintiffs object to this request on the grounds that it is overbroad, unreasonably burdensome, and oppressive, especially since the time for Defendant to challenge these charges has expired.  Subject to and without waiving these objections and Plaintiffs' general objections, Plaintiffs respond that they will produce any documents in their possession during the relevant time period that refer to an amended agreement concerning the Edinburgh or Glasgow airport concessions.

REQUEST NO. 16    All documents that refer or relate to Other Locations Rent Charges identified in Exhibit C to the Complaint, including, but not limited to, invoices, general ledger, general journal, accounts payable or receivable ledger, statements of account, cancelled checks, wire transfer information and remittance advices.

RESPONSE:        Plaintiffs object to this request on the grounds that it is overbroad, unreasonably burdensome, and oppressive, especially since the time for Defendant to challenge these charges has expired.  Subject to and without waiving these objections and Plaintiffs' general objections, Plaintiffs respond that they will produce any BRACII books and records in their possession sufficient to establish the amount of these charges during the relevant time period.

REQUEST NO. 17    All documents that refer or relate to the Miscellaneous Utilities Charges identified in Exhibit C to the Complaint, including, but not limited to, invoices,

8

JA1417

general ledger, general journal, accounts payable or receivable ledger, statements of account, cancelled checks, wire transfer information and remittance sheets advices.

RESPONSE:        Plaintiffs object to this request on the grounds that it is overbroad, unreasonably burdensome, and oppressive, especially since the time for Defendant to challenge these charges has expired.  Subject to and without waiving these objections and Plaintiffs' general objections, Plaintiffs respond that they will produce any BRACII books and records in their possession sufficient to establish the amount of these charges during the relevant time period.

REQUEST NO. 18   All documents that refer or relate to the Telephone Charges identified in Exhibit C to the Complaint, including, but not limited to, invoices, general ledger, general journal, accounts payable or receivable ledgers, statements of account, cancelled checks, wire transfer information and remittance advices.

RESPONSE:        Plaintiffs object to this request on the grounds that it is overbroad, unreasonably burdensome, and oppressive, especially since the time for Defendant to challenge these charges has expired.  Subject to and without waiving these objections and Plaintiffs' general objections, Plaintiffs respond that they will produce any BRACII books and records in their possession sufficient to establish the amount of these charges during the relevant time period.

REQUEST NO. 19   Copies of any agreements between Debtors and Defendant concerning the Telephone Charges identified in Exhibit C to the Complaint.

RESPONSE:        Plaintiffs will produce a copy of each agreement in BRACII's possession that is responsive to this request.

REQUEST NO. 20   All documents that refer or relate to the Royalty Fees identified in Exhibit C to the Complaint, including, but not limited to, invoices, general ledger, general journal, accounts payable or receivable ledger, statements of account, cancelled checks, wire transfer information, remittance advices and any analyses, memoranda or schedules related to the Royalty Fees.

RESPONSE:       Plaintiffs object to this request on the grounds that it is overbroad, unreasonably burdensome, and oppressive, especially since the time for Defendant to challenge these charges has expired.  Subject to and without waiving these objections and Plaintiffs' general objections, Plaintiffs respond that they will produce any BRACII books and records in their possession sufficient to establish the amount of these charges during the relevant time period and communications in BRACII's possession that refer or constitute communications between Defendants and BRACII regarding royalty fees.

REQUEST NO. 21   All documents that refer or relate to the Yellow Pages charges identified in Exhibit C to the Complaint, including, but not limited to, invoices, general ledger, general journal, accounts payable or receivable ledger, statements of account, cancelled checks, wire transfer information and remittance advices.

RESPONSE:       Plaintiffs object to this request on the grounds that it is overbroad, unreasonably burdensome, and oppressive, especially since the time for Defendant to challenge these charges has expired.  Subject to and without waiving these objections and Plaintiffs' general objections, Plaintiffs respond that they will produce any BRACII books and records in their possession sufficient to establish the amount of these charges during the relevant time period.

JA1419

REQUEST NO. 22    All documents that refer or relate to the leasing of vehicles by BTI from Defendant, including, but not limited to, invoices, general ledger, general journal, accounts payable or receivable ledger, statements of account, cancelled checks, wire transfer information and remittance advices.

RESPONSE:        Plaintiffs object to this request on the grounds that it is overbroad, unreasonably burdensome, and oppressive, especially since the time for Defendant to challenge these charges has expired.  Subject to and without waiving these objections and Plaintiffs' general objections, Plaintiffs respond that they will produce any BRACII documents in their possession that refer to the leasing of vehicles by BTI from Defendant.

REQUEST NO. 23    All documents that refer or relate to efforts by Debtors to market the Budget brand pursuant to the IPLA.

RESPONSE:        Plaintiffs object to this request on the grounds that it is overbroad, unreasonably burdensome, and oppressive.  Plaintiffs also object to this request on the ground that it is entirely vague and ambiguous.  Plaintiffs further objects to this request to the extent that it misrepresents the contents of the International Prime Licensing Agreement attached as an exhibit to the Umbrella Agreement among, *inter alia*, BRACII and Defendant.  Subject to and without waiving these objections and Plaintiffs' general objections, Plaintiffs invite Defendant  to discuss with Plaintiffs' counsel an appropriate narrowing of this request.

REQUEST NO. 24    All documents that you intend to introduce into evidence at any evidentiary hearing or trial of this action.

RESPONSE:        Plaintiffs object to this request as improper in form.  Plaintiffs also object to this request to the extent that it vitiates the protections afforded by the work product doctrine.  Subject to and without waiving these objections and Plaintiffs' general

11

-111-

JA1420

objections, Plaintiffs have not yet determined which documents they intend to introduce into evidence. Plaintiffs' ability to make this decision has been impaired by Defendant's failure to make prompt and complete disclosure of relevant documents and to produce witnesses necessary to the identification of relevant documents.

        **REQUEST NO. 25**   To the extent not previously produced, all documents that refer or relate to the allegations of the Complaint.

        **RESPONSE:**         Plaintiffs object to this request as improper in form. Plaintiffs also object to this request to the extent that it vitiates the protections afforded by the work product doctrine. Plaintiffs further object to this request on the grounds that it is overbroad, unreasonably burdensome, and oppressive.

Dated: January 20, 2004

SIDLEY AUSTIN BROWN & WOOD

_____
Larry J. Nyhan
Kenneth E. Wile
Bank One Plaza
10 S. Dearborn
Chicago, Illinois  60603
(312) 853-7000

Counsel for Debtors and Debtors-in-Possession
BRAC Group, Inc., et al.

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

Robert S. Brady (Bar No. 2847)
Edmon L. Morton (No. 3856)
Joseph A. Malfitano (No. 4020)
Matthew B. Lunn (No. 4119)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware  19899-0391
(302) 571-6600

JA1421

## CERTIFICATE OF SERVICE

I, Kenneth E. Wile, hereby state that, on this 20th day of January, 2004, in light of

the withdrawal of Defedant's Delaware counsel on January 12, 2004, I served the foregoing on

Defendant's English solicitors by transmitting a copy of the foregoing by facsimile and first-

class mail to:

Ian Weatherall, Esq.
WRAGGE & CO.
55 Colmore Row
Birmingham B3 2AS
United Kingdom

I also served on counsel for Plaintiff, the Official Committee of Unsecured Creditors, by

transmitting a copy by first-class mail to:

Martin S. Siegel, Esq.
BROWN RUDNICK BERLACK ISRAELS LLP
120 West 45th Street
New York, New York 10036

                                        _____
                                        Kenneth E. Wile

JA1422

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: BRAC GROUP, INC. (F/K/A BUDGET GROUP, INC., ET AL.), | ) ) ) | Chapter 11 |
| Debtors. | ) ) | Case No. 02-12152 (CJC) |
| IN RE: BRAC GROUP, INC. (F/K/A BUDGET GROUP, INC., ET AL.), | ) ) ) | (Jointly Administered) |
| Plaintiffs and Counterclaim Defendants, | ) ) | |
| v. | ) ) | Adversary No. A-03-54271 |
| JAEBAN (U.K.) LIMITED, and IBRAHIEM JAEBAN | ) ) ) ) | |
| Defendants and Counterclaim Plaintiffs. | ) | |

## ORDER REOPENING LIMITED DISCOVERY

This matter having come before the Court Defendant and Counterplaintiff Ibrahiem Jaeban's Motion For Order Reopening Limited Discovery, and this Court having considered the Motion and any objection thereto, it is hereby

**ORDERED**

1.  The period for serving discovery requests pursuant to Federal Rule of Civil Procedure, made applicable to this proceeding by the Federal Rules of Bankruptcy Procedure, is hereby reopened for sixty days from the date of the entry of this order on the docket.

August ____, 2004.

_____
Charles G. Case, II
United States Bankruptcy Judge

JA1423

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:  BRAC GROUP, INC. (F/K/A ) <br> BUDGET GROUP, INC., ET AL.), ) <br> ) | Chapter 11 |
| Debtors. ) <br> ) | Case No. 02-12152 (CJC) |
| IN RE:  BRAC GROUP, INC. (F/K/A ) <br> BUDGET GROUP, INC., ET AL.), ) <br> ) | (Jointly Administered) |
| Plaintiffs and Counterclaim Defendants, ) <br> ) | |
| v. ) <br> ) | Adversary No. A-03-54271 |
| JAEBAN (U.K.) LIMITED, ) <br> and ) <br> IBRAHIEM JAEBAN ) <br> ) | Response Deadline: <br> 4:00 PM on September 7, 2004 |
| Defendants and Counterclaim Plaintiffs. ) | |

### CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2004, I caused one copy of the Motion for Order Reopening Limited Discovery to be served upon the persons listed below in the manner indicated:

**VIA ELECTRONIC MAIL
AND PRIORITY MAIL:**

Kenneth E. Wile, Esq.
Sidley, Austin, Brown, &
  Wood, LLP
10 South Dearborn Street
Chicago, IL  60603
Facsimile:  (312) 853-7036

**VIA HAND DELIVERY:**

Edmon L. Morton, Esq.
Joseph A. Malfitano, Esq.
Matthew B. Lunn, Esq.
Young, Conaway, Stargatt & Taylor, LLP
The Brandwyine Building, 17th Floor
1000 West Street, P. O. Box 391
Wilmington, DE  19899-0391


/s/ Brian A. Sullivan
Brian A. Sullivan (DE No. 2098)

JA1424